IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America | ) |
| | ) Civil Action No. 1:05CV02102 (EGS) |
| Plaintiff, | ) |
| | ) |
| v. | ) Filed: November 28, 2005 |
| | ) |
| SBC Communications, Inc. and | ) |
| AT&T Corp., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**AMENDED STIPULATION**

It is hereby stipulated and agreed by and between the undersigned parties that:

I.

DEFINITIONS

As used in this Stipulation:

A.   "SBC" means defendant SBC Communications Inc., a Delaware corporation with its headquarters in San Antonio, Texas, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B.   "AT&T" means defendant AT&T Corp., a New York corporation with its headquarters in Bedminster, New Jersey, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

C. "Acquirer" or "Acquirers" means the entity or entities to whom defendants divest the Divestiture Assets.

D. "Divestiture Assets" means IRUs for Lateral Connections to the locations listed in Appendix A and sufficient transport as described below and all additional rights necessary to enable those assets to be used by the Acquirer to provide telecommunications services. The Divestiture Assets shall include IRUs for transport facilities sufficient to connect the Lateral Connections to locations mutually agreed upon by defendants and the Acquirer, subject to the approval of the United States in its sole judgment. The term "Divestiture Assets" shall be construed broadly to accomplish the complete divestiture of assets and the purposes of this Final Judgment and is subject to the following:

(1) With the approval of the United States, in its sole discretion, in locations listed in Appendix A for which AT&T's interest in the fiber serving the location is an IRU rather than full ownership and if the United States determines that such an alternative disposition will meet the aims of this Final Judgment, defendants may (1) enter into a dark fiber service agreement or other commercial arrangement for the Lateral Connections and associated transport with the Acquirer or (2) relinquish its IRU rights in the greater of (i) eight (8) fiber strands or (ii) one-half of the currently unused fiber strands in AT&T's facilities serving the locations, measured at the time of the filing of the Complaint, back to the owner of the fiber; and

        (2)      With the approval of the United States, in its sole discretion, and at the Acquirer's option, the Divestiture Assets may be modified to exclude assets and rights that are not necessary to meet the aims of this Final Judgment.

    E.    "IRU" means indefeasible right of use, a long-term leasehold interest that gives the holder the right to use specified strands of fiber in a telecommunications facility. An IRU granted by defendants under this Final Judgment shall (1) be for a minimum of 10 years; (2) not require the Acquirer to pay a monthly or other recurring fee to preserve or make use of its rights; (3) include all additional rights and interests necessary to enable the IRU to be used by the Acquirer to provide telecommunications services; and (4) contain other commercially reasonable and customary terms, including terms for payment to the grantor for ancillary services, such as maintenance fees on a per occurrence basis; and (5) not unreasonably limit the right of the Acquirer to use the asset as it wishes (e.g., the Acquirer shall be permitted to splice into the IRU fiber, though such splice points must be mutually agreed upon by defendants and Acquirer).

    F.    "Lateral Connection" means fiber strands from the point of entry of the building to the splice point with fiber used to serve different buildings and shall consist of the greater of (1) eight (8) fiber strands or (2) one-half of the currently unused fiber strands in AT&T's facilities serving the building measured at the time of the filing of the Complaint. The fiber strands may be provided from those owned or controlled by either SBC or AT&T, as mutually agreed by defendants and Acquirer.

II.

## OBJECTIVES

The Final Judgment filed in this case is meant to ensure defendants' prompt divestitures of the Divestiture Assets for the purpose of remedying the effects that the United States alleges would otherwise result from SBC's acquisition of AT&T. This Stipulation ensures, prior to such divestitures, that the Divestiture Assets are maintained as economically viable assets that can replace competition lost as a result of the merger transaction and will not deteriorate during the pendency of the ordered divestitures.

III.

## JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over each of the parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia.

IV.

## COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.  The parties stipulate that a Final Judgment in the form attached hereto as Exhibit A may be filed with and entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act (15 U.S.C. § 16), and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on defendants and by filing that notice with the Court.

B. Defendants shall abide by and comply with the provisions of the proposed Final Judgment, pending the Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation by the parties, comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an order of the Court.

C. Defendants shall not consummate the transaction sought to be enjoined by the Complaint herein before this Stipulation has been filed with the Court.

D. This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

E. In the event (1) the United States has withdrawn its consent, as provided in Section IV(A) above, or (2) the proposed Final Judgment is not entered pursuant to this Stipulation, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

F. Defendants represent that the divestitures ordered in the proposed Final Judgment can and will be made, and that defendants will later raise no claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

V.

## PRIOR TO COMPLETION OF THE DIVESTITURES

Until the divestitures required by the Final Judgment have been accomplished:

A.   Defendants shall preserve and maintain the Divestiture Assets as ongoing, economically viable assets. Within twenty (20) calendar days after the entry of this Stipulation, defendants will inform the United States of the steps defendants have taken to comply with this Stipulation.

B.   Defendants shall not, except as part of a divestiture approved by the United States in accordance with the terms of the proposed Final Judgment, remove, sell, lease, assign, transfer, pledge, or otherwise dispose of any of the Divestiture Assets.

C.   Defendants shall take no action that would jeopardize, delay, or impede the sale of the Divestiture Assets.

D.   Defendants shall take no action that would interfere with the ability of any trustee appointed pursuant to the Final Judgment to complete the divestitures pursuant to the Final Judgment to an Acquirer or Acquirers acceptable to the United States.

E.   This Stipulation shall remain in effect until consummation of the divestitures required by the proposed Final Judgment or until further order of the Court.

Dated: November 23, 2005

                                                  Respectfully submitted,

| FOR PLAINTIFF UNITED STATES | FOR DEFENDANT<br>SBC COMMUNICATIONS, INC. |
|---|---|
| */s/ Laury E. Bobbish*<br>Laury E. Bobbish<br>Assistant Chief, Telecommunications &<br>Media Enforcement Section | */s/ Wm. Randolph Smith*<br>Wm. Randolph Smith (D.C. Bar No. 356402)<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 |
| */s/ Lawrence M. Frankel*<br>Lawrence M. Frankel (D.C. Bar No. 441532)<br>Attorney, Telecommunications & Media<br>Enforcement Section | James D. Ellis<br>Wayne Watts<br>SBC Communications Inc.<br>175 East Houston Street<br>San Antonio, Texas 78205 |
| Antitrust Division<br>U.S. Department of Justice<br>City Center Building<br>1401 H Street, N.W., Suite 8000<br>Washington, D.C. 20530 | Richard L. Rosen (D.C. Bar No. 307231)<br>Arnold & Porter<br>555 Twelfth Street, NW<br>Washington, D.C. 20004-1206 |

FOR DEFENDANT AT&T CORP.

*/s/ David L. Lawson by wrs*
David L. Lawson (D.C. Bar No. 434741)
David W. Carpenter
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005

James W. Cicconi
Lawrence J. Lafaro
AT&T Corp.
One AT&T Way

Ilene Knable Gotts
Wachtell, Lipton Rosen & Katz
51 West 52nd Street
New York, New York 10019