# EXHIBIT C

Download the wpd version

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil No.: 1:99CV00715 |
| ) | Judge: Thomas Penfield Jackson |
| v. ) | |
| ) | Filed: 03/23/99 |
| ) | |
| SBC COMMUNICATIONS INC. and ) | |
| AMERITECH CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

PROPOSED FINAL JUDGMENT

   WHEREAS, plaintiff, United States of America, filed its Complaint on March 23, 1999;

   AND WHEREAS, plaintiff and defendants, by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication on any issue of fact or law;

   AND WHEREAS, entry of this Final Judgment does not constitute any evidence against or an admission by any party with respect to any issue of law or fact;

   AND WHEREAS, defendants have further consented to be bound by the provisions of the Final Judgment pending its approval by the Court;

   AND WHEREAS, plaintiff the United States believes that entry of this Final Judgment is necessary to protect competition in markets for mobile wireless telecommunications services in Illinois, Indiana and Missouri;

Page 2

   AND WHEREAS, the essence of this Final Judgment is prompt and certain divestiture of certain cellular wireless systems that would otherwise be commonly owned and controlled, including their licenses and all relevant assets of the cellular systems, and the imposition of related injunctive relief to ensure that competition is not substantially lessened;

AND WHEREAS, plaintiff the United States requires that defendants make certain divestitures of such licenses and assets for the purpose of ensuring that competition is not substantially lessened in any relevant market for mobile wireless telecommunications services in Illinois, Indiana or Missouri;

AND WHEREAS, defendants have represented to plaintiff that the divestitures ordered herein can and will be made and that defendants will not raise any claims of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained herein below;

THEREFORE, before the taking of any testimony, and without trial or adjudication of any issue of fact or law herein, and upon consent of the parties hereto, it is hereby ORDERED, ADJUDGED and DECREED:

## I
## Jurisdiction

This Court has jurisdiction of the subject matter of this action and of each of the parties consenting to this Final Judgment. The Complaint states a claim upon which relief may be granted against the defendants under Section 7 of the Clayton Act, 15 U.S.C. § 18, as amended.

## II
## Definitions

A. "Ameritech" means Ameritech Corporation, a corporation with its headquarters in Chicago, Illinois, and includes its successors and assigns, its subsidiaries and affiliates, and its directors, officers, managers, agents and employees acting for or on behalf of any of the foregoing entities.

B. "Cellular System Assets" means, for each cellular system to be divested under this Final Judgment, all types of assets, tangible and intangible, used by defendants in the operation of each of the cellular systems to be divested (including the provision of long distance telecommunications services for wireless calls), and with respect to the divested cellular system in the St. Louis Area (defined to mean the St. Louis MO-IL Metropolitan Statistical Area and the Missouri 8, Missouri 12, Missouri 18, and Missouri 19 Rural Service Areas), shall also include those assets acquired, developed, used or intended for use in connection with the provision of local exchange telecommunications services and long distance telecommunications services by such system. "Cellular System Assets" shall be construed broadly to accomplish the complete divestitures of the entire business of one of the two cellular systems in each of the Overlapping Cellular Markets required by this Final Judgment and to ensure that the divested cellular systems remain viable, ongoing businesses. In the Overlapping Cellular Markets in the St. Louis Area, and in the Comcast Overlapping Cellular Markets (defined as the Joliet, IL, Aurora-Elgin, IL, and Kankakee, IL Metropolitan Statistical Areas), the Cellular System Assets to be divested shall

be those currently owned and used by Ameritech. In the remaining Overlapping Cellular Markets, the Cellular System Assets to be divested shall be either those currently owned and used by Ameritech or those currently owned and used by SBC, but not both. These divestitures of the Cellular System Assets as defined in this Section II.B shall be accomplished by: (i) transferring

to the purchaser the complete ownership and/or other rights to the assets (other than those assets used substantially in the operations of either defendant's overall cellular business that must be retained to continue the existing operations of the cellular properties defendants are not required to divest, and that either are not capable of being divided between the divested cellular systems and those that are not divested or are assets that the divesting defendant and the purchaser(s) agree shall not be divided); and (ii) granting to the purchaser an option to obtain a non-exclusive, transferable license from defendants for a reasonable period at the election of the purchaser to use any of the divesting defendant's assets used in the operation of the cellular system being divested, so as to enable the purchaser to continue to operate the divested cellular systems without impairment, where those assets are not subject to complete transfer to the purchaser under (i). The assets acquired, developed, used or intended for use in connection with the provision of local exchange telecommunications services and long distance telecommunications services by the cellular system in the St. Louis Area are all subject to complete transfer of ownership and/or other rights under (i). Assets shall include, without limitation, all types of real and personal property, monies and financial instruments, equipment, inventory, office furniture, fixed assets and furnishings, supplies and materials, contracts, agreements, leases, commitments, spectrum licenses issued by the Federal Communications Commission ("FCC") and all other licenses, permits and authorizations, operational support systems, customer support and billing

Page 5

systems, interfaces with other service providers, business and customer records and information, customer lists, credit records, accounts, and historic and current business plans, as well as any patents, licenses, sub-licenses, trade secrets, know-how, drawings, blueprints, designs, technical and quality specifications and protocols, quality assurance and control procedures, manuals and other technical information defendants supply to their own employees, customers, suppliers, agents, or licensees, and trademarks, trade names and service marks (except for trademarks, trade names and service marks containing "SBC," "Southwestern Bell," "Ameritech," or "Cellular One") or other intellectual property, including all intellectual property rights under third party licenses that are capable of being transferred to a purchaser either in their entirety, for assets described above under (i), or through a license obtained through or from the divesting defendant, for assets described above under (ii). Defendants shall identify in a schedule submitted to plaintiff and filed with the Court, as expeditiously as possible following the filing of the Complaint in this case and in any event prior to any divestitures and before the approval by the Court of this Final Judgment, any intellectual property rights under third party licenses that are used by the cellular systems being divested but that defendants could not transfer to a purchaser entirely or by license without third party consent, and the specific reasons why such consent is necessary and how such consent would be obtained for each asset.

  C. "Overlapping Cellular Markets" means the following Metropolitan Statistical Areas and Rural Service Areas used to define cellular license areas by the FCC, in which Ameritech and SBC each held ownership interests in one of the cellular wireless licenses issued by the FCC as of the date of the filing of the Complaint in this action, or in which Comcast Cellular Corporation (which SBC has entered into an agreement to acquire as of January 19, 1999) and

Page 6

Ameritech each held ownership interests in one of the cellular wireless licenses issued by the FCC as of the date of the filing of the Complaint in this action:

**Metropolitan Statistical Areas Served by SBC and Ameritech**

Chicago, IL
St. Louis, MO-IL
Gary-Hammond-East Chicago, IN
Springfield, IL
Champaign-Urbana-Rantoul, IL
Bloomington-Normal, IL
Decatur, IL

**Rural Service Areas Served by SBC and Ameritech**

Illinois 2 -- Bureau
Illinois 5 -- Mason
Illinois 6 -- Montgomery
Missouri 8 -- Callaway
Missouri 12 -- Maries
Missouri 18 -- Perry
Missouri 19 -- Stoddard

**Metropolitan Statistical Areas Served by Comcast and Ameritech**

Joliet, IL
Aurora-Elgin, IL
Kankakee, IL (Comcast 10.07% interest)

D. "SBC" means SBC Communications Inc., a corporation with its headquarters in San Antonio, Texas, and includes its successors and assigns, its subsidiaries and affiliates, and its directors, officers, managers, agents and employees acting for or on behalf of any of the foregoing entities.

E. "SBC/Ameritech Merger" means the merger of SBC and Ameritech, as detailed in the Agreement and Plan of Merger entered into by SBC and Ameritech on May 10, 1998, for which defendants have filed a notification pursuant to the Hart-Scott-Rodino Antitrust Improvements Act on July 20, 1998.

Page 7

### III
### Applicability and Effect

A. The provisions of this Final Judgment shall be applicable to each of the defendants, its affiliates, subsidiaries, successors, and assigns, and its directors, officers, managers, agents, employees, attorneys, and shall also be applicable to all other persons in active concert or participation with any of them who shall have received actual notice of this Final Judgment by personal service or otherwise.

B. Defendants shall require, as a condition of the sale or other disposition to an Interim Party, which shall be defined to mean any person other than a purchaser approved by the plaintiff pursuant to Section IV.C, of all or substantially all of their assets, or of a lesser business unit containing the Cellular System Assets required to be divested by this Final Judgment, that the Interim Party agrees to be bound by the provisions of this Final Judgment, and shall also require that any purchaser of the Cellular System Assets agree to be bound by Section X of this Final

## IV
## Divestiture of Cellular Interests

   A. Defendants Ameritech and SBC shall divest themselves, at or before the time of consummation of the SBC/Ameritech Merger, of the Cellular System Assets as defined above in each of the Overlapping Cellular Markets, including both any direct or indirect financial

Page 8

ownership interests and any direct or indirect role in management or participation in control, to a purchaser or purchasers acceptable to plaintiff in its sole discretion, or to a trustee designated pursuant to Section V of this Final Judgment. Divestiture of the Cellular System Assets in each of the Overlapping Cellular Markets to a purchaser or purchasers acceptable to plaintiff in its sole discretion, as required in Section IV.C of this Final Judgment, shall occur no later than one hundred eighty (180) calendar days after the earlier of the following events: (i) issuance of all final authorizations by the FCC and state regulatory commissions that are necessary preconditions to the consummation of the SBC/Ameritech Merger, or (ii) the consummation of the SBC/Ameritech Merger; provided, however, that if applications have been filed with the FCC within the one hundred eighty day period seeking approval to assign or transfer licenses to the purchaser(s) of the Cellular System Assets but approval of such applications has not been granted before the end of the one hundred eighty day period, the period shall be extended with respect to the divestiture of those Cellular System Assets for which final FCC approval has not been granted until five (5) days after such approval is received.

   B. Defendants agree to use their best efforts to accomplish the divestitures set forth in this Final Judgment (i) as expeditiously as possible, including obtaining all necessary regulatory approvals, and (ii) to a purchaser or purchasers at or before consummation of the SBC/Ameritech Merger. The divestitures carried out under the terms of this decree shall also be conducted in compliance with the applicable rules of the FCC, including 47 C.F.R. § 20.6 (spectrum aggregation) and 47 C.F.R. § 22.942 (cellular cross-ownership). Authorization by the FCC to conduct divestiture of a cellular system in a particular manner will not modify any of the requirements of this decree.

Page 9

   C. Unless plaintiff otherwise consents in writing, the divestitures pursuant to Section IV, or by trustee appointed pursuant to Section V of the Final Judgment, shall be accomplished by (1) divesting all of the Cellular System Assets in any individual Overlapping Cellular Market entirely to a single purchaser (but Cellular System Assets in different Overlapping Cellular Markets may be divested to different purchasers), and (2) selling or otherwise conveying the Cellular System Assets to the purchaser(s) in such a way as to satisfy plaintiff, in its sole discretion, that each cellular system can and will be used by the purchaser(s) as part of a viable, ongoing business engaged in the provision of cellular mobile telephone service. The divestitures pursuant to this Final Judgment shall be made to a purchaser(s) for whom it is demonstrated to plaintiff's sole satisfaction that (1) the purchaser(s) has the capability and intent of competing effectively in the provision of cellular mobile telephone service using the Cellular System Assets, (2) the purchaser(s) has the managerial, operational and financial capability to compete effectively in the provision of cellular mobile telephone service using the Cellular System Assets, (3) with respect to the purchaser of the Cellular System Assets in the St. Louis Area, if

such Cellular System Assets are divested to the purchaser by Ameritech rather than by the trustee, the purchaser has the capability of competing effectively in the provision of local exchange telecommunications services and long distance telecommunications services in the St. Louis Area, and (4) none of the terms of any agreement between the purchaser(s) and either of the defendants shall give defendants the ability unreasonably (i) to raise the purchaser(s)'s costs, (ii) to lower the purchaser(s)'s efficiency, (iii) to limit any line of business which a purchaser(s) may choose to pursue using the Cellular System Assets (including, but not limited, to entry into local telecommunications services on a resale or facilities basis or long distance

Page 10

telecommunications services on a resale or facilities basis), or otherwise to interfere with the ability of the purchaser(s) to compete effectively.

   D. If they have not already done so, defendants shall make known the availability of the Cellular System Assets in each of the Overlapping Cellular Markets by usual and customary means, sufficiently in advance of the time of consummation of the SBC/Ameritech Merger reasonably to enable the required divestitures to be carried out at or before the consummation of the SBC/Ameritech Merger. Defendants shall inform any person making an inquiry regarding a possible purchase of the Cellular System Assets that the sale is being made pursuant to the requirements of this Final Judgment, as well as the rules of the FCC, and shall provide such person with a copy of the Final Judgment.

   E. Defendants shall offer to furnish to all prospective purchasers, subject to customary confidentiality assurances, access to personnel, the ability to inspect the Cellular System Assets, and all information and any financial, operational, or other documents customarily provided as part of a due diligence process, including all information relevant to the sale and to the areas of business in which the cellular system has been engaged or has considered entering, except documents subject to attorney-client or work product privileges, or third party intellectual property that defendants are precluded by contract from disclosing and that has been identified in a schedule pursuant to Section II.B. Defendants shall make such information available to the plaintiff at the same time that such information is made available to any other person.

   F. Defendants shall not interfere with any negotiations by any purchaser to retain any employees who work or have worked since May 11, 1998 (other than solely on a temporary assignment basis from another part of Ameritech or SBC) with, or whose principal responsibility

Page 11

relates to, the divested Cellular System Assets.

   G. To the extent that the cellular systems to be divested use intellectual property, as required to be identified by Section II.B, that cannot be transferred or assigned without the consent of the licensor or other third parties, defendants shall cooperate with the purchaser(s) and trustee to seek to obtain those consents.

   H. Defendants shall preserve all records of all efforts made to preserve and divest any or all of the Cellular System Assets required to be divested until the termination of this Final Judgment.

            **V**
        **Appointment of Trustee**

A. If, at or before the consummation of the SBC/Ameritech Merger, the defendants have not divested all of the Cellular System Assets required to be divested to a purchaser or purchasers that have been approved by plaintiff pursuant to Section IV.C, then, before defendants consummate the SBC/Ameritech Merger:

1. Defendants shall notify plaintiff in writing whether the remaining Cellular System Assets to be divested in the Overlapping Cellular Markets, other than those in the St. Louis Area (the St. Louis, MO-IL Metropolitan Statistical Area and the Missouri 8, Missouri 12, Missouri 18, and Missouri 19 Rural Service Areas), and the Comcast Overlapping Cellular Markets (the Joliet, IL, Aurora-Elgin, IL, and Kankakee, IL Metropolitan Statistical Areas), shall be those currently owned and used by Ameritech, or those currently owned and used by SBC (in the St. Louis

Page 12

Area and the Comcast Overlapping Cellular Markets, the divested Cellular System Assets must be those owned by Ameritech), and this written notification shall also be provided to the trustee promptly upon his or her appointment by the Court;

2. The Court shall, on application of plaintiff, appoint a trustee selected by the plaintiff, who will be responsible for (a) accomplishing a divestiture of all Cellular System Assets transferred to the trustee from defendants, in accordance with the terms of this Final Judgment, to a purchaser or purchaser(s) approved by the plaintiff under Section IV.C, and (b) exercising the responsibilities of the licensee and controlling and operating the transferred Cellular System Assets, to ensure that the cellular systems remain ongoing, economically viable competitors in the provision of cellular mobile wireless telecommunications services in the Overlapping Cellular Markets, until they are divested to a purchaser or purchasers, and the trustee shall agree to be bound by this Final Judgment;

3. Defendants shall submit a form of trust agreement ("Trust Agreement") to the plaintiff, which must be consistent with the terms of this Final Judgment and which must have received approval by the plaintiff, who shall communicate to defendants within ten (10) business days approval or disapproval of that form; and

4. After obtaining any necessary approvals from the FCC for the transfer of control of the licenses of the remaining cellular systems to the trustee, defendants shall irrevocably divest the remaining Cellular System Assets to the trustee, who will own such assets (or own the stock of the entity owning such assets, if divestiture is to be effected by the creation of such an entity for sale to purchaser(s)) and control such assets, subject to the terms of the approved Trust Agreement.

Page 13

B. After the appointment of a trustee becomes effective, only the trustee shall have the right to sell the cellular system(s) to be divested, which shall be done within the time periods set forth in this Final Judgment. Those assets shall be the Cellular System Assets for the Ameritech cellular operations in the St. Louis Area (the St. Louis MO-IL Metropolitan Statistical Area and the Missouri 8, Missouri 12, Missouri 18, and Missouri 19 Rural Service Areas) and the Comcast Overlapping Cellular Markets (the Joliet, IL, Aurora-Elgin, IL, and Kankakee, IL

Metropolitan Statistical Areas) and the Cellular System Assets as designated by defendants prior to the consummation of the SBC/Ameritech Merger as set forth in Section V.A.1 for the remaining Overlapping Cellular Markets. The trustee shall have the power and authority to accomplish the divestiture at the best price then obtainable upon a reasonable effort by the trustee, subject to the provisions of Sections IV, V, and VI of this Final Judgment. Subject to Section V.C of this Final Judgment, the trustee shall have the power and authority to hire at the cost and expense of defendants any investment bankers, attorneys, or other agents reasonably necessary in the judgment of the trustee to assist in the divestiture and in the management of the Cellular System Assets transferred to the trustee, and such professionals and agents shall be accountable solely to the trustee. The trustee shall have the power and authority to accomplish the divestiture at the earliest possible time to a purchaser acceptable to the plaintiff in its sole discretion, and shall have such other powers as this Court shall deem appropriate. The defendants shall not object to a sale by the trustee on any grounds other than the trustee's malfeasance. Any such objections by the defendants must be conveyed in writing to plaintiff and the trustee within ten (10) days after the trustee has provided the notice required under Section VI of this Final Judgment.

---

Page 14

   C. The trustee shall serve at the cost and expense of the defendants, on such terms and conditions as the Court may prescribe, and shall account for all monies derived from the sale of the cellular system(s) sold by the trustee and all costs and expenses so incurred. After approval by the Court of the trustee's accounting, including fees for its services and those of any professionals and agents retained by the trustee, all remaining money shall be paid to defendants and the trust shall then be terminated. The compensation of such trustee and of professionals and agents retained by the trustee shall be reasonable in light of the value of the divested cellular system(s) and based on a fee arrangement providing the trustee with an incentive based on the price and terms of the divestiture and the speed with which it is accomplished.

   D. The defendants shall use their best efforts to assist the trustee in accomplishing the required divestiture, including their best efforts to effect all necessary regulatory approvals. The trustee and any consultants, accountants, attorneys, and other persons retained by the trustee shall have full and complete access to the personnel, books, records, and facilities of the cellular system(s) to be divested, and the defendants shall develop financial or other information relevant to the business to be divested customarily provided in a due diligence process as the trustee may reasonably request, subject to customary confidentiality assurances. As required and limited by Sections IV.E and F of this Final Judgment, the defendants shall permit prospective purchaser(s) of the cellular system(s) to have reasonable access to personnel and to make such inspection of the Cellular System Assets to be sold and any and all financial, operational, or other documents and other information as may be relevant to the divestiture required by this Final Judgment.

---

Page 15

   E. After being appointed and until the divestiture of the Cellular System Assets is complete, the trustee shall file monthly reports with the parties and the Court setting forth the trustee's efforts to accomplish the divestiture ordered under this Final Judgment; provided, however, that, to the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was

contacted or made an inquiry about acquiring the Cellular System Assets to be sold, and shall describe in detail each contact with any such person during that period. The trustee shall maintain full records of all efforts made to divest the Cellular System Assets.

F. If the trustee has not accomplished the divestiture of all of the Cellular System Assets within the time specified for completion of divestiture to a purchaser or purchasers(s) under Section IV.A of this Final Judgment, the trustee thereupon shall file promptly with this Court a report setting forth: (1) the trustee's efforts to accomplish the required divestiture; (2) the reasons, in the trustee's judgment, why the required divestiture has not been accomplished; and (3) the trustee's recommendations; provided, however, that, to the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court. The trustee shall at the same time furnish such report to the parties, who shall each have the right to be heard and to make additional recommendations consistent with the purpose of the trust. The Court shall enter thereafter such orders as it deems appropriate in order to carry out the purpose of the trust, which may, if necessary, include extending the trust and the term of the trustee's appointment by a period agreed to by the plaintiff.

Page 16

G. After defendants transfer the Cellular System Assets to the trustee, and until those Cellular System Assets have been divested to a purchaser or purchaser(s) approved by plaintiff pursuant to Section IV.C, the trustee shall have sole and complete authority to manage and operate the Cellular System Assets and to exercise the responsibilities of the licensee, and shall not be subject to any control or direction by defendants. Defendants shall not retain any economic interest in the Cellular System Assets transferred to the trustee, apart from the right to receive the proceeds of the sale or other disposition of the Cellular System Assets. The trustee shall operate the cellular system(s) as a separate and independent business entity from SBC or Ameritech, with sole control over operations, marketing and sales. SBC and Ameritech shall not communicate with, or attempt to influence the business decisions of, the trustee concerning the operation and management of the cellular systems, and shall not communicate with the trustee concerning the divestiture of the Cellular System Assets or take any action to influence, interfere with, or impede the trustee's accomplishment of the divestitures required by this Final Judgment, except that defendants may communicate with the trustee to the extent necessary for defendants to comply with this Final Judgment and to provide the trustee, if requested to do so, with whatever resources or cooperation may be required to complete the divestitures of the Cellular System Assets and to carry out the requirements of this Final Judgment. In no event shall defendants provide to, or receive from, the trustee or the cellular systems under the trustee's control any non-public or competitively sensitive marketing, sales, or pricing information relating to their respective cellular mobile wireless telecommunications service businesses.

Page 17

## VI
### Notification

A. Within two (2) business days following execution of a binding agreement to effect, in whole or in part, any proposed divestiture required by this Final Judgment, whichever defendant is divesting the cellular system, or the trustee if the trustee is divesting the cellular system, shall notify plaintiff of the proposed divestiture. If the trustee is responsible for the divestiture, the trustee shall similarly notify the defendants. The notice shall set forth the details of the proposed

transaction and list the name, address, and telephone number of each person not previously identified who theretofore offered to, or expressed an interest in or a desire to, acquire any ownership interest in the Cellular System Assets that are the subject of the binding agreement, together with full details of same.

   B. Within fifteen (15) calendar days of receipt by plaintiff of such notice, plaintiff may request from defendants, the proposed purchaser(s), any other third party, or the trustee (if applicable), additional information concerning the proposed divestiture and the proposed purchaser(s) or any other potential purchasers. Defendants and the trustee shall furnish any such additional information requested within fifteen (15) calendar days of the receipt of the request, unless the parties shall otherwise agree. Within thirty (30) calendar days after receipt of the notice, or within twenty (20) calendar days after plaintiff has been provided the additional information requested from defendants, the proposed purchaser(s), any third party, or the trustee, whichever is later, plaintiff shall provide written notice to defendants and the trustee, if there is one, stating whether or not plaintiff objects to the proposed divestiture. If plaintiff provides written notice to defendants and the trustee, if there is one, that it does not object, then the divestiture may be consummated subject only to defendants' limited right to object to the sale under Section V.B of this Final Judgment. Absent written notice that plaintiff does not object to

Page 18

the proposed purchaser(s) or in the event of an objection by plaintiff, a divestiture shall not be consummated. Upon objection by a defendant under the proviso of Section V.B. a divestiture proposed under Section V shall not be consummated unless approved by the Court.

    VII
    **Affidavits**

   A. Within twenty (20) calendar days of the filing of the Complaint in this matter and every thirty (30) calendar days thereafter until the divestitures have been completed, defendants shall deliver to plaintiff an affidavit as to the fact and manner of defendants' compliance with this Final Judgment. With respect to the period preceding the consummation of the SBC/Ameritech Merger, each such affidavit shall (i) include, *inter alia*, the name, address, and telephone number of each person who, at any time after the period covered by the last such report, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any or all of the Cellular System Assets required to be divested, (ii) describe in detail each contact with any such person during that period, and (iii) include a summary of the efforts that defendants have made to solicit a purchaser(s) for the Cellular System Assets to be divested in the Overlapping Cellular Markets pursuant to this Final Judgment and to provide required information to prospective purchasers.

   B. Within twenty (20) calendar days of the filing of the Complaint in this matter, defendants shall deliver to plaintiff an affidavit which describes in reasonable detail all actions defendants have taken and all steps defendants have implemented on an ongoing basis to preserve the Cellular System Assets to be divested pursuant to this Final Judgment. Defendants

Page 19

shall deliver to plaintiff another affidavit describing any changes to the efforts and actions outlined in defendants' earlier affidavits filed pursuant to Section VII.B of this Final Judgment within fifteen (15) calendar days after the change is implemented.

## VIII
### Financing

Defendants shall not finance all or any part of any purchase by an acquirer made pursuant to Sections IV or V of this Final Judgment.

## IX
### Hold Separate Order

A. Until accomplishment of the divestitures of the Cellular System Assets to purchaser(s) approved by plaintiff pursuant to Section IV.C, each defendant shall take all steps necessary to ensure that each of the cellular systems that it owns or operates in the Overlapping Cellular Markets shall continue to be operated as a separate, independent, ongoing, economically viable and active competitor to the other cellular system and mobile wireless telecommunications providers operating in the same license area; and that except as necessary to comply with this Final Judgment, the operation of said cellular systems (including the performance of decision-making functions relating to marketing and pricing) will be kept separate and apart from, and not influenced by, the operation of the other cellular system, and the books, records, and competitively sensitive sales, marketing, and pricing information associated with said cellular systems will be kept separate and apart from the books, records, and competitively sensitive sales, marketing, and pricing information associated with the other cellular system.

Page 20

B. Until the Cellular System Assets in each Overlapping Cellular Market have been divested to purchaser(s) approved by the plaintiff, or transferred to a trustee pursuant to Section V of this Final Judgment, defendants shall in accordance with past practices, with respect to the Cellular System Assets in the Overlapping Cellular Markets (including the assets of both cellular systems in any Overlapping Cellular Market where the cellular system that will be divested has not yet been decided):

1. Use all reasonable efforts to maintain and increase sales of cellular mobile telephone services, and maintain and increase promotional, advertising, sales, and marketing support for the cellular mobile telephone services sold by the cellular systems;

2. Take all steps necessary to ensure that the Cellular System Assets are fully maintained in operable condition and shall maintain and adhere to normal maintenance schedules;

3. Provide and maintain sufficient lines of sources of credit and working capital to maintain the Cellular System Assets as viable ongoing businesses;

4. Be prohibited from, except as part of a divestiture approved by plaintiff, removing or selling any of the Cellular System Assets, other than sales in the ordinary course of business;

5. Be prohibited from terminating, transferring, or reassigning any employees who work with the Cellular System Assets, except (a) in the ordinary course of business, (b) for transfer bids initiated by employees pursuant to defendants' regular, established job posting policies, or (c) as necessary to promote accomplishment of defendants' obligations under this Final Judgment; and

6. Take no action that would impede in any way or jeopardize the sale of the Cellular System Assets.

C. Following consummation of the SBC/Ameritech Merger, defendants shall take no action that would impede in any way or jeopardize the sale of the Cellular System Assets.

D. Defendants shall, during the period before all Cellular System Assets have been divested to a purchaser(s) or transferred to the trustee pursuant to Section V of this Final Judgment, each appoint a person or persons to oversee the Cellular System Assets owned by that defendant, who will be responsible for defendants' compliance with the requirements of Sections VII and IX of this Final Judgment. Such person(s) shall not be an officer, director, manager, employee, or agent of the other defendant.

## X
## Compliance Inspection

For the purposes of determining or securing compliance of defendants with this Final Judgment, and subject to any legally recognized privilege, from time to time:

A. Duly authorized representatives of the United States Department of Justice, upon written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to the relevant defendant made to its principal office, shall be permitted without restraint or interference from defendants:

1. to have access during office hours of defendants to inspect and copy all books, ledgers, accounts, correspondence, memoranda, and other records and documents in the possession or under the control of defendants, who may have counsel present, relating to any matters contained in this Final Judgment; and

2. to interview, either informally or on the record, and to take sworn testimony from the officers, directors, employees, or agents of defendants, who may have counsel present, relating to any matters contained in this Final Judgment.

B. Upon the written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, made to defendants at their principal offices, defendants shall submit written reports, under oath if requested, relating to any of the matters contained in this Final Judgment.

C. No information or documents obtained by the means provided in this Section X or Sections VI and VII shall be divulged by the plaintiff to any person other than a duly authorized representative of the Executive Branch of the United States, or to the FCC (pursuant to a customary protective order or a waiver of confidentiality by defendants), except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D. If, at the time information or documents are furnished by defendants to plaintiff, defendants represent and identify in writing the material in any such information or documents as to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and mark each pertinent page of such material, "Subject to claim of protection under

Rule 26(c)(7) of the Federal Rules of Civil Procedure," then ten (10) calendar days' notice shall be given by plaintiff to defendants prior to divulging such material in any legal proceeding (other than a grand jury proceeding) to which defendants are not a party.

Page 23

## XI
## Retention of Jurisdiction

Jurisdiction is retained by this Court for the purposes of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders or directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, for the modification of any of the provisions hereof, for the enforcement of compliance herewith, and for the punishment of any violations hereof.

## XII
## Further Provisions and Termination

A. The entry of this judgment is in the public interest.

B. Unless this Court grants an extension, this Final Judgment shall expire on the tenth anniversary of the date of its entry.

_____

United States District Judge