# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 98-1232 (CKK) |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court upon the filing of two motions by the Computer & Communications Industry Association (CCIA). Both motions seek leave to intervene or, in the alternative, to participate in the above-captioned case as amicus curiae. CCIA brings its motions pursuant to 15 U.S.C. § 16(f) and/or Rule 24(b)(1) of the Federal Rules of Civil Procedure. In its initial motion, CCIA sought to intervene for the purpose of responding to the parties' February 8, 2002, joint status report. In its more recent motion, CCIA seeks to intervene in a limited capacity so that it may participate in the judicial proceeding being conducted by this Court pursuant to 15 U.S.C. § 16(e) and (f) (hereinafter referred to as "the Tunney Act proceeding"). The purpose of the Tunney Act proceeding is to assist the Court in determining whether the "Revised Proposed Final Judgment" (RPFJ) submitted by the United States and Microsoft Corporation in the above captioned matter is "in the public interest." 15 U.S.C. § 16(e) and (f). In the alternative, CCIA requests leave to appear as amicus curiae. After reviewing CCIA's motions, United States' and Microsoft's oppositions thereto, and the relevant case law, the Court

shall deny CCIA's motions to intervene. The Court, however, will permit CCIA participate in a limited role as amicus curiae.

CCIA describes itself as "an association of computer, communications, Internet and technology companies that range from small entrepreneurial firms to some of the largest members of the industry." Mot. to Intervene filed on February 8, 2002, at 1. According to CCIA, its members include "equipment manufacturers, software developers, providers of electronic commerce, networking, telecommunications and on-line services, resellers, systems integrators, and third-party vendors." *Id.* at 1-2. CCIA submitted a 93-page comment on the RPFJ to the Department of Justice on January 28, 2002. *Id.* at 2. This comment was accompanied by an "economic analysis of the RPFJ." *Id.* CCIA's comments have since been submitted to this Court with a group of approximately 47 "major" comments. In accordance with 15 U.S.C. § 16(f)(4), the Court will review the comments submitted pursuant to 15 U.S.C. § 16(b) and accord them appropriate weight in conjunction with the public interest determination.

On February 8, 2002, CCIA submitted a motion to intervene (Motion I) which sought intervention or amicus curiae status for the purpose of responding to the February 8, 2002, joint status report filed with the Court by Microsoft and the United States. On February 19, 2002, CCIA submitted a second motion to intervene (Motion II), seeking intervention or status as amicus curiae so that it could participate in the upcoming Tunney Act proceeding. In Motion II, CCIA acknowledged that most of Motion I had been rendered moot by subsequent proceedings. CCIA Mot. II at 2. Accordingly, the Court's ensuing analysis shall focus primarily upon CCIA's more recent motion.

CCIA seeks to intervene, or at least participate as amicus curiae, in the Tunney Act

2

proceeding before this Court to "assist" the Court in its determination regarding whether entry of the RPFJ proposed by the United States and Microsoft is in the public interest. CCIA moves for intervention "to participate in the Tunney Act hearing and all further proceedings aimed at addressing the RPFJ." *Id.* at 3. In this regard, CCIA specifically requests leave to present argument at the Tunney Act hearing to represent industry opposition to the RPFJ. *Id.*

As noted above, CCIA brings its latest motion pursuant to Federal Rule of Civil Procedure 24(b)(1) and 15 U.S.C. § 16(f).[1] *Id.* at 1. In support of this motion, CCIA properly points the Court to the Tunney Act provision which allows a court, in making its determination of the public interest, to

> authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae, intervention as a party pursuant to the Federal Rules of Civil Procedure, . . . or participation in any other manner or extent which serves the public interest as the court may deem appropriate.

15 U.S.C. § 16(f)(3). However, in basing its motion exclusively on Rule 24(b)(1), CCIA ignores this Circuit's precedent which declined to conclude that the Tunney Act confers a "conditional right to intervene" pursuant to Rule 24(b)(1). *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997). In this regard, the Court of Appeals concluded that such a determination "would yield a wholly circular exercise" because "the

---

[1] Since CCIA does not raise either of its motions under Federal Rule of Civil Procedure 24(a), the Court refrains from conducting an analysis under the standard for intervention as of right. However, the Court notes that even if CCIA brought its motions pursuant to Rule 24(a), the analysis would, nonetheless, yield the same result as the determination reached under the permissive prong of Rule 24(b) because there is no absolute right to intervene in Tunney Act proceedings. *See United States v. AT&T*, 552 F. Supp. 131, 218 n.362 (D.D.C. 1982) (text and accompanying footnote), *aff'd without opinion sub nom*, *Maryland v. United States*, 460 U.S. 1001 (1983).

Tunney Act looks entirely to [Rule] 24 to supply the legal standard for intervention." *Id.* As a result, the Court shall consider CCIA's motion to intervene pursuant to Rule 24(b)(2), despite the fact that CCIA brings its motion pursuant to Rule 24(b)(1).

> In pertinent part, Federal Rule of Civil Procedure 24(b) provides that:
>
> [u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). Summarily, a proposed intervenor must show that: 1) it has questions of law and fact in common with the anchoring suit and 2) intervention will not cause undue delay or prejudice for the original parties. *Id.* The Court finds that CCIA has failed to satisfy the two inquiries raised by Rule 24(b)(2), and as such, permissive intervention should be denied.

The first prong of Rule 24(b)(2), which requires that the would-be intervenor advance a "claim or defense" sharing common questions with the claims of the original parties, advances the "apparent goal of disposing of related controversies together." *EEOC v. National Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998). "The words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending lawsuit." *Id.* (quoting *Diamond v. Charles*, 476 U.S. 54 (1986) (O'Connor, J. concurring)). Adhering to this Circuit's precedent which "eschew[s] strict readings of the phrase 'claims or defense,' allowing intervention even in 'situations where the existence of any nominate "claim or defense" is difficult to find,'" *Id.* at 1046 (quoting *Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967)), the Court, even under this liberal standard, cannot find that CCIA has satisfied its burden. Furthermore, the Court finds that given the complexity of proceedings in

4

this case, the addition of CCIA as a party-intervenor would unduly delay proceedings and cause prejudice to the parties. Accordingly, the Court concludes, in its discretion, that CCIA's motion for permissive intervention shall be denied.

Seeming to recognize these weaknesses in its most recent request for intervention, CCIA does not make a point of distinguishing between its request for permissive intervention and its request to serve as amicus curiae. CCIA Mem. II at 2-3 n.3. The Court has broad discretion to permit such participation pursuant to 15 U.S.C. § 16(f).[2] An amicus curiae, defined as "friend of the court," Black's Law Dictionary 7th ed. 1999 at 83, does not represent the parties but participates only for the benefit of the Court. Accordingly, it is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (Posner, J., in chambers) ("In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal.").

In requesting an opportunity to participate as amicus curiae by filing amicus briefs and presenting argument at the Tunney Act hearing, CCIA indicates that it will endeavor to "focus its

---

[2]Judge Harold Greene eloquently and accurately summarized the Court's discretion pursuant to Section 16(f):
> In the congressional reports and hearings, it was repeatedly emphasized that the court conducting a Tunney Act proceeding would have the widest possible latitude in choosing the appropriate method for collecting the information necessary to make its decision and that the various means specified in the subsection were to be regarded as permissive.

*AT&T*, 552 F. Supp. at 218 (citing legislative history).

5

presentation . . . on detailed challenges to the adequacy of specific aspects of the RPFJ, rather than addressing broad legal points." CCIA Mem. II at 4. In the Court's view, a limited amount of argument from CCIA may prove useful. Accordingly, the Court shall permit CCIA to serve as amicus curiae in a limited role.

In order to ensure that the participation of amici is helpful to the Court, the Court shall establish strict parameters to govern the manner in which amici may contribute to the Tunney Act proceedings. The Court wants first to emphasize that any participation as amicus curiae should not be utilized to *repeat* arguments and assertions detailed in that entity's comments filed pursuant to 15 U.S.C. § 16(b). Instead, the Court shall permit each entity serving as amicus curiae to submit a single amicus brief in *reply* to the memoranda filed by Microsoft and the United States in response to the public comments. In accordance with LCvR 7.1(e), any such reply memorandum shall not exceed twenty-five pages. In its role of amicus curiae, CCIA may use the reply memorandum to raise arguments responsive to the February 27, 2002, and March 1, 2002, memoranda filed by the United States and Microsoft. CCIA may also utilize the reply memorandum to raise new issues and arguments which were not raised in the comments CCIA filed with the Department of Justice. If CCIA prefers that the Court review its amicus reply brief *prior* to the Tunney Act hearing, it shall file its brief with the Court and deliver a courtesy copy to chambers not later than 5 p.m. on March 4, 2002. Otherwise, CCIA shall file its reply brief not later than 10 a.m. on March 11, 2002. In addition, the Court will permit CCIA to address the Court for no more than ten minutes during the upcoming Tunney Act hearing. CCIA may use this time to address any issues not previously raised in its comments and/or to emphasize the most significant issues raised in its comments. Again, the Court does not want this time to be

6

spent summarizing or rehashing issues previously discussed in detail in the comments filed with the Department of Justice. Participation of amici beyond these parameters will not be permitted, as such participation threatens to burden the Court with duplicative material and, more importantly, is unlikely to be of great assistance to the Court.

Based on the foregoing, it is this 28th day of February, 2002, hereby

**ORDERED** that CCIA's Motion I for permissive intervention is DENIED as moot; and it is further

**ORDERED** that CCIA's Motion II for permissive intervention is DENIED; and it is further

**ORDERED** that CCIA shall be permitted to assist the Court in the role of amicus curiae in the following manner:

- CCIA may file a reply memorandum, as described above, not exceeding twenty-five pages;
- If CCIA prefers that the Court review its amicus reply brief prior to the Tunney Act hearing, it shall file its brief with the Court and deliver a courtesy copy to chambers not later than 5 p.m. on March 4, 2002. Otherwise, CCIA shall file its reply brief not later than 10 a.m. on March 11, 2002.
- CCIA may present not more than ten minutes of oral argument during the Tunney Act hearing; and it is further

**ORDERED** that, if CCIA chooses to present argument to the Court at the upcoming Tunney Act hearing, it shall identify the individual who will be addressing the Court not later than 10 a.m. on March 4, 2002.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge