IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>                 Plaintiff,<br><br>    v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>                 Defendants. | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,<br><br>                 Plaintiff,<br><br>    v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>                 Defendants. | Civil Action No.: 1:05CV02103 (EGS) |

**MEMORANDUM OF THE UNITED STATES IN OPPOSITION
TO COMPTEL'S MOTION FOR LEAVE TO INTERVENE,
OR IN THE ALTERNATIVE TO PARTICIPATE AS AMICUS CURIAE**

The United States opposes COMPTEL's Motion to intervene or to participate as amicus curiae in these Tunney Act proceedings. COMPTEL's request is premature, but even if it were timely, it should be denied. COMPTEL does not meet the applicable requirements for intervention, and the flexible procedures of the Tunney Act, 15 U.S.C. § 16(f), allow the Court to obtain information to aid its public interest determination, making both intervention and amicus status entirely unnecessary.

**STATEMENT**

1.      **The Tunney Act.**  The Court must determine that entry of a consent judgment proposed by the United States in a government antitrust case would be in the public interest before it can be entered.  15 U.S.C. § 16(e).  The Tunney Act, which governs the Court's public interest determination, sets forth a public comment process requiring that the United States (1) publish notices in newspapers and the *Federal Register*; (2) file a competitive impact statement describing, among other things, the competitive harm and the proposed consent decree; and (3) file with the Court and publish in the *Federal Register* any public comments received and its response to those comments.[1]  *Id.* § 16(b)-(d).  The public comment process gives the Court the benefit of views other than those of the parties prior to making its public interest determination.  The Act also enumerates factors for the Court to consider in making that determination.  *Id.* § 16(e)(1).  If the Court concludes that it needs additional information, the Act permits the Court to supplement, as the Court deems appropriate, the information provided by the complaint, proposed consent judgment, competitive impact statement, public comments, and the government's response to comments.  *Id.* § 16(e)(2), (f).  Courts have rarely found such supplementation to be necessary.  Nevertheless, if the Court needs additional information, the Tunney Act places a variety of tools at its disposal to seek that information.  *Id.* § 16(f).

2.      **Proceedings to date.**  On October 27, 2005, the United States filed Complaints alleging that the mergers of SBC Communications, Inc. ("SBC") with AT&T Corporation ("AT&T") and Verizon Communications Inc. ("Verizon") with MCI, Inc. ("MCI") violated

---

[1] The Act also requires that defendants file a certification describing certain communications with the United States related to the settlement.  15 U.S.C. § 16(g).

Section 7 of the Clayton Act, 15 U.S.C. § 18. At the same time, the United States filed proposed Final Judgments in both matters, to which the defendants had consented, requiring divestitures to remedy the harms alleged in the Complaints, thus initiating proceedings under the Tunney Act, 15 U.S.C. § 16(b)-(h). On November 16, 2005, the United States filed Competitive Impact Statements, *see id.* § 16(b), analyzing the competitive harms alleged in the Complaints and the remedies in the proposed Final Judgments. It filed amended proposed Final Judgments on November 28, 2005.[2] The defendants in both actions have filed certifications regarding certain communications with the government, *see id.* § 16(g). As required, *see id.* § 16(b)-(c), the United States published legal notices daily in *The Washington Post* from December 8th to 14th, 2005 and published notices, Competitive Impact Statements, and the amended proposed Final Judgments in the *Federal Register* on December 15, 2005, inviting public comment on the proposed consent decrees. *See* 70 Fed. Reg. 74,334 (2005) (SBC/AT&T); 70 Fed. Reg. 74,350 (2005) (Verizon/MCI). The 60-day public comment period ended on February 13, 2006. The United States has received a total of three comments, including one from COMPTEL. Our response to these comments is currently being prepared and will be filed with the Court shortly, along with the comments, and published in the *Federal Register*, pursuant to the Act, 15 U.S.C. § 16(d). Prior to submitting its public comment to the United States and considering the government's response, COMPTEL filed its motion seeking leave to intervene.[3]

---

[2] The amendments added appropriate procedural recitals regarding the Court's public interest determination to both proposed consent decrees and corrected an error in the SBC/AT&T proposed consent decree, conforming it to the parties' intent. The SBC/AT&T Competitive Impact Statement reflects the correction to the proposed consent decree.

[3] Additionally, while not relevant to the Court's consideration of COMPTEL's Motion, we note that COMPTEL incorrectly claims that Congress in 2004 "overruled" *United States v.*

# ARGUMENT

COMPTEL seeks to participate in this Tunney Act proceeding for the purposes of

> (1) submitting to the Court a response to the Government's response to COMPTEL's comments; (2) participating in hearings held by the Court (or seeking a hearing if necessary); and (3) any discovery relevant to DOJ's relevant market definition, competitive effect in the relevant market, and any information DOJ considered in determining the proposed remedy.

COMPTEL Motion and Memorandum at 1 ("COMPTEL Motion"). It asks the Court now to grant it permissive intervention for that purpose, or to permit it to do the first two of these as amicus curiae. *Id.* The Court will have ample opportunity later, after reviewing the materials the Tunney Act provides for it to receive (including COMPTEL's extensive comments), to consider whether it needs additional information to inform its public interest determination and, if so, the "least complicated and least time-consuming means possible" for acquiring that information, H.R. Rep. No. 93-1463 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 6535, 6539 (citing S. Rep.

---

*Microsoft Corp.*, 56 F.3d 1448 (D.C. Cir. 1995), or at least overruled "limiting language" from the case. COMPTEL Motion and Memorandum at 2-3. COMPTEL presumably refers to the congressional finding that "it would misconstrue the meaning and Congressional intent in enacting the Tunney Act to limit the discretion of district courts to review antitrust consent judgments *solely* to determining whether entry of those consent judgments would make a 'mockery of the judicial function.'" Pub. L. No. 108-237, Tit. II, § 221(a)(1)(B), 118 Stat. 661, 668 (2004) (emphasis added). Even if congressional findings could overrule decided cases, *Microsoft* plainly did not so limit judicial discretion. *See Microsoft*, 56 F.3d at 1462 (mentioning "mockery" only in context of a challenge to the extensiveness of the government's case; mentioning other bases for rejecting a proposed decree in other contexts). The best reading of the amendments and the legislative history is that they essentially codify existing case law. *Cf.* 150 Cong. Rec. S3610, at S3613 (daily ed. Apr. 2, 2004) (statement of Sen. Hatch) (noting that "this amendment essentially codifies existing case law"). Indeed, the propositions for which the United States's Competitive Impact Statement cited *Microsoft* are quite consistent with the language added by Congress in the 2004 amendments to the Tunney Act. *Compare United States v. SBC Communications, Inc.*, Civ. Action No: 1:05CV02102(EGS), Competitive Impact Statement (Doc. 7) at 15-18 (D.D.C. filed Nov. 16, 2005) *and United States v. Verizon Communications Inc.*, Civ. Action No: 1:05CV02103(EGS), Competitive Impact Statement (Doc. 5) at 15-18 (D.D.C. filed Nov. 16, 2005) *with* COMPTEL Motion and Memorandum at 8.

No. 93-298, at 6-7 (1973)). But the Court should deny the Motion now because, whatever the Court's ultimate need for additional information, COMPTEL does not meet the requirements for intervention and in any event provides no reason why the Court should grant it the status of a party in these proceedings, or even give it the name *amicus curiae*, when the flexible procedures of the Tunney Act will meet any need of the Court to obtain further information.[4]

I.   **COMPTEL Does Not Satisfy the Applicable Requirements for Intervention, Which in Any Event Is Wholly Unnecessary.**

  A.   **COMPTEL Seeks Only Permissive Intervention but Does Not Satisfy the Requirements of Rule 24.**

Rule 24 of the Federal Rules of Civil Procedure governs intervention in Tunney Act proceedings. *See* 15 U.S.C. § 16(f)(3) (permitting court to grant "intervention as a party pursuant to the Federal Rules of Civil Procedure"); *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*") ("Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention."). Rule 24 provides for two forms of intervention, intervention of right, Fed. R. Civ. P. 24(a), and permissive intervention, *id.* 24(b). COMPTEL never refers to intervention of right; it seeks only permissive intervention.[5]

Rule 24(b) provides that:

anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's

---

[4] COMPTEL raises several concerns about the adequacy of the amended proposed Final Judgments, mirroring the comments they submitted to the United States. *See* COMPTEL Motion *passim*. Those issues have no bearing on the Motion and will be addressed in detail by the United States in its Response to Comments.

[5] In addition, COMPTEL's Motion suggests no basis for intervention of right.

> claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). In addition, any motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." *Id.* 24(c). The Tunney Act does not provide any right to intervene, 15 U.S.C. § 16(e)(2), and COMPTEL accordingly only relies upon the second basis for permissive intervention.

The requirements for permissive intervention reflect the purpose of the rule, promoting the "public interest in the efficient resolution of controversies." 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1901, at 230 (2d ed. 1986). The requirement of claims or defenses in common with the main action "appears to limit permissive intervention to circumstances in which the putative intervenor seeks to become involved in an action in order to litigate a legal claim or defense on the merits," *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (recognizing an exception for intervention to challenge confidentiality orders), with the "apparent goal of disposing of related controversies together," *id.* Absent claims or defenses with common questions of law or fact, there is no efficiency from adding parties. *See MSL*, 118 F.3d at 782 (noting that "litigative economy, reduced risks of inconsistency, and increased information" are the "hoped-for advantages" of intervention). The requirement of Rule 24(b) that the Court consider delay and prejudice establishes that even the benefits of simultaneously resolving related controversies will not justify subjecting the parties of the original litigation to prejudice or undue delay.

Not only did COMPTEL fail to file any "pleading setting forth the claim or defense for which intervention is sought" required by Rule 24(c), *cf. Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring) (discussing relationship between pleading requirement of Rule 24(c) and "claim or defense" in Rule 24(b)(2)), but, more important, it has not otherwise identified any claims that have questions of law or fact in common with those in the main action.

"The words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit, as is confirmed by Rule 24(c)'s" pleading requirement. *Id.* at 76-77 (O'Connor, J., concurring).[6] COMPTEL's "claim" is "that the remedies proposed in the [amended proposed Final Judgments] are grossly inadequate to remedy the anticompetitive harms alleged in the Complaints." COMPTEL Motion at 13. That is not a claim that could be raised in a court of law as part of a lawsuit; it is instead an argument COMPTEL wishes to make and, in fact, has already made in this Tunney Act proceeding in its extensive comments.[7] Intervention as a party by COMPTEL will not increase the efficiency of

---

[6] Although the Court of Appeals has read this aspect of Rule 24(b) broadly to allow permissive intervention "if there is a sound reason to allow it," *Nat'l Children's Ctr.*, 146 F.3d at 1046 (quoting *Textile Workers Union v. Allendale Co.*, 226 F.2d 765, 768 (D.C. Cir. 1955) and also citing *Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967)), there are no sound reasons to stretch Rule 24's language in Tunney Act cases. None of the cases that COMPTEL cites, *see* COMPTEL Motion at 12, is a Tunney Act case or involves procedures rich in opportunities for participation without intervention. *See Nat'l Children's Ctr.*, 146 F.3d at 1043 (granting intervention to seek access to information under seal or covered by a protective order); *Nuesse*, 385 F.2d at 699-701 (granting intervention as of right to state official responsible for enforcing state law implicated by federal agency's action); *Textile Workers Union*, 226 F.2d at 768 (granting intervention to movant who cannot be compensated for losses as a result of resolution of case in the interim while it seeks its own relief outside the instant case).

[7] If a concern about the adequacy of a consent decree were sufficient to meet the "claim or defense" requirement, there would be effectively no limits on permissive intervention in a Tunney Act proceeding and ANY commenter could qualify for permissive intervention.

this litigation, reduce the risk of inconsistency, or dispose of related controversies, when all COMPTEL wants to do is argue that the relief in the amended proposed Final Judgments is insufficient.[8] And without any enhancement to efficiency from intervention, to counterbalance any risk of undue delay or prejudice resulting from granting COMPTEL party status by intervention, there is no reason to grant COMPTEL's Motion.

**B.    Even if COMPTEL Satisfies the Requirements for Intervention, the Court Should Deny Intervention as a Matter of Discretion.**

In any event, COMPTEL provides no reason why intervention should be preferred to the other avenues of participation available under the Tunney Act. Pursuant to the Act, interested observers such as COMPTEL have an opportunity to make their views known to the Court via public comments, and the Court, if it thinks appropriate, may allow them to submit further comments, or play any number of additional roles in the proceedings. Absent any reason that intervention would be a superior alternative, the Court should deny it.

Courts recognize that the Tunney Act provides ample opportunities for participation and, therefore, routinely deny intervention in Tunney Act proceedings in district court, even while allowing participation, such as various filings and argument, in appropriate cases without intervention. For example, in *United States v. Microsoft*, the court denied intervenor status to two entities – SBC and the Computer & Communications Industry Association ("CCIA"), a trade association of competitors and customers of Microsoft – but permitted them to participate without intervenor status. Judge Kollar-Kotelly found that allowing intervention would cause

---

[8] *Cf. Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943) ("Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair.").

undue delay and prejudice to the parties.[9]  Similarly, in the public interest determination phase of *United States v. AT&T*, *see* COMPTEL Motion at 6-7, 15, Judge Greene denied all motions to intervene in the Tunney Act proceedings, *see United States v. AT&T Co.*, 552 F. Supp. 131, 218 (D.D.C. 1982), although he nevertheless permitted extensive participation and granted intervention for proceedings to be held *after* the public interest determination and entry of judgment, *id.* at 219.  Judge Greene noted that intervention was unnecessary prior to the end of the comment period and the filing of the United States's response to comments because all the parties seeking intervention would have "a full opportunity to comment on the proposed settlement and that intervention is therefore unnecessary."  *United States v. AT&T Co.*, Civ. Nos. 74-1698 & 82-0192, 1982-1 Trade Cas. ¶ 64,476, 1982 WL 1795, at *1 (D.D.C. Jan. 21, 1982).  In a subsequent denial of motions to intervene, he noted that not only would allowing intervention "render a public interest proceeding completely unmanageable, but the comment procedures, together with the subsequent public interest proceedings, provide ample protection for all legitimate interests."  *United States v. AT&T Co.*, Civ. Nos. 74-1698 & 82-0192 & Misc. No. 82-0025 (PI), 1982-1 Trade Cas. ¶ 64,522, 1982 WL 1804, at *1 (D.D.C. Feb. 5, 1982); *see also United States v. AT&T Co.*, Civ. Nos. 74-1698 & 82-0192 & Misc. No. 82-0025 (PI), 1982-1 Trade Cas. ¶ 64,623, 1982 WL 1820, at *1-*2 (D.D.C. Mar. 25, 1982) (explaining why

---

[9] *See United States v. Microsoft Corp.*, No. 98-1232(CKK), Mem. Op. and Order, at 4 (D.D.C. Mar. 4, 2002) (attached to COMPTEL Motion as Ex. F) (denying SBC's motion to intervene to provide written submissions to the Court, respond to submissions of the parties, and present oral argument, but granting limited participation as amicus); *United States v. Microsoft Corp.*, No. 98-1232(CKK), Mem. Op. and Order, at 4-5 (D.D.C. Mar. 4, 2002) (attached to COMPTEL Motion as Ex. E) (denying similar CCIA motion to intervene).

"no purpose would be served by allowing intervention").[10]  The recent amendments to the Tunney Act have not changed the standard for intervention in Tunney Act proceedings.[11]

---

[10] COMPTEL's reliance on *AT&T* is therefore misplaced.  *See* COMPTEL Motion at 6-7, 15, 20.  Indeed, COMPTEL has not cited a single Tunney Act case where intervention was permitted.  Cases in which intervention was denied include: *MSL*, 118 F.3d at 778 (noting district court denied intervention but permitted amicus participation); *United States v. 3D Sys. Corp.*, Civ. No. 1:01CV01237(GK), Order (D.D.C. Apr. 16, 2002) (attached as Ex. 1) (denying intervention); *United States v. Imetal*, Civ. Action No. 99-1018(GK), Mem. Op., (D.D.C. May 26, 2000) (attached as Ex. 2) (denying intervention or amicus participation); *United States v. Motorola, Inc.*, Civ. No. 94-2331(TFH), Order (D.D.C. Oct. 4, 1999) (attached as Ex. 3) (denying intervention or amicus participation); *United States v. Motorola, Inc.*, Civ. No. 94-2331(TFH), Order (D.D.C. Sept. 22, 1999) (attached as Ex. 4) (denying intervention but permitting amicus participation); *United States v. Vail Resorts, Inc.*, Civ. Action No. 97-B-10, Order (D. Colo. Apr. 23, 1997) (attached as Ex. 5) (denying intervention); *United States v. Thomson Corp.*, Civ. Action No. 96-1415(PLF), 1996-2 Trade Cas. ¶ 71,620, 1996 WL 554557 (D.D.C. Sept. 25, 1996) (denying intervention but permitting amicus participation); *United States v. Airline Tariff Publ'g Co.*, Civ. Action No. 92-2854(GHR), 1993-1 Trade Cas. ¶ 70,191, 1993 WL 95486 (D.D.C. Mar. 8, 1993) (denying intervention but permitting amicus participation); *United States v. Stroh Brewery Co.*, Civ. Action No. 82-1059, 1982 WL 1852 (D.D.C. June 8, 1982) (denying intervention); *United States v. Stroh Brewery Co.*, Civ. Action No. 82-1059, 1982 WL 1861 (D.D.C. June 4, 1982) (denying intervention); *United States v. Carrols Dev. Corp.*, 454 F. Supp. 1215 (N.D.N.Y. 1978) (denying intervention); *United States v. Assoc. Milk Producers, Inc.*, 394 F. Supp. 29 (W.D. Mo. 1975) (denying intervention and amicus status where movants' views had already been provided to the court).  Although we do not suggest that intervention has never been granted in a Tunney Act proceeding, *see, e.g., United States v. Alex. Brown & Sons*, 169 F.R.D. 532 (S.D.N.Y. 1996) (granting intervention to litigants in a parallel private action for the sole purpose of seeking discovery of a memorandum prepared by the government, but denying such discovery), the weight of authority is overwhelmingly against intervention, and indeed, we have found no opinion that suggests intervention would be appropriate here.

[11] *See* 15 U.S.C. § 16(e)(2) ("Nothing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene."); 150 Cong. Rec. S3610, at S3613 (daily ed. Apr. 2, 2004) (statement of Sen. Hatch) (noting that "this amendment essentially codifies existing case law"); *id.* at S3615 (statement of Sen. Leahy) (noting that "the legislation makes clear that this amendment to the Tunney Act will not change the law regarding whether a court may be required . . . to permit intervention or to hold a hearing in a . . . proceeding"); *id.* at S3618 (statement of Sen. Kohl) (noting that "[o]ur amendments make no changes to" how to conduct Tunney Act proceedings).

After the Court has before it the normal Tunney Act materials – Complaints, amended proposed Final Judgments, Competitive Impact Statements, comments, and Response to Comments – the United States believes the Court will have sufficient information to conclude that the amended proposed Final Judgments are in the public interest. If the Court, however, believes it needs additional information,[12] the options available to it under the Tunney Act are more than adequate to inform the Court without intervention.

## II.   The Court Should Not Permit COMPTEL to Join as Amicus, Because That Would Serve No Useful Purpose.

The Court does not need to grant amicus curiae status to COMPTEL to get its views. COMPTEL has already filed comments, and if and when the Court deems it appropriate, it can permit COMPTEL additional participation. As a practical matter, the Court need not grant COMPTEL amicus status because under the Tunney Act, the Court may permit COMPTEL to do all it has requested to do as amicus without such status. Therefore, the Court should also deny the Motion to participate as amicus curiae.

---

[12] If the Court decides that it needs additional information, the United States would appreciate the opportunity to understand the Court's remaining questions or concerns, and offer its views on the most efficient and effective way to address those, particularly since some potential approaches – such as the third-party discovery suggested by COMPTEL – would raise substantial complexities and burdens. Indeed, the United States is unaware of any Tunney Act proceeding where a third party was allowed to take discovery, much less the range of discovery COMPTEL seeks which is more appropriate to a litigated, rather than a settled, antitrust case. *Cf.* 119 Cong. Rec. 24,597, 24,598 (1973) (statement of Sen. Tunney) ("The court is nowhere compelled to go to trial or to engage in extended proceedings which might have the effect of vitiating the benefits of prompt and less costly settlement through the consent decree process.").

**CONCLUSION**

The Court does not yet have before it either the public comments, or the United States's Response to Comments. The United States believes that with these materials, and the others for which the Tunney Act provides, the Court will have sufficient information to conclude that entry of the amended proposed Final Judgments is in the public interest. However, if after reviewing all the filed materials, the Court believes it needs additional information, the Tunney Act gives it a variety of tools for obtaining that information. Regardless of whether the Court ultimately decides to hear more from COMPTEL, granting intervention provides no benefits, but risks unnecessary complication and delay.

For the foregoing reasons, COMPTEL's Motion should be denied.

Respectfully submitted,

_____/s/_____
Laury E. Bobbish
Assistant Chief

_____/s/_____
Lawrence M. Frankel (D.C. Bar No. 441532)
Matthew C. Hammond
Trial Attorneys

Telecom & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States