**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Civil Action No.:  1:05CV02102 (EGS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SBC Communications, Inc. and AT&T Corp., | ) ) ) | |
| Defendants. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) ) | Civil Action No.: 1:05CV02103 (EGS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Verizon Communications Inc. and MCI, Inc., | ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF UNITED STATES'S MOTION AND MEMORANDUM IN SUPPORT OF
ENTRY OF FINAL JUDGMENTS**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C.

§ 16(b)-(h) ("APPA" or "Tunney Act"), the United States moves for entry of the proposed Final

Judgments filed in these civil antitrust cases.  The proposed Final Judgments (which are

attached) may be entered at this time without further hearing if the Court determines that entry is

in the public interest.  The defendants do not object to entry of these proposed Final Judgments

without a hearing.  The Competitive Impact Statements ("CISs") and Response to Public

Comments, filed by the United States in the above-captioned matters, respectively, on November

16, 2005 and March 21, 2006, explain why entry of the proposed Final Judgments is in the public

interest.  The United States is filing simultaneously with this motion a Certificate of Compliance

setting forth the steps taken by the parties in both matters to comply with all applicable

provisions of the APPA and certifying that the statutory waiting periods have expired.

## MEMORANDUM

### I.    Background

SBC Communications Inc. ("SBC") and AT&T Corp. ("AT&T") entered into an

Agreement and Plan of Merger dated January 30, 2005, pursuant to which SBC would acquire

AT&T.  Verizon Communications, Inc. ("Verizon") and MCI, Inc. ("MCI") entered into an

Agreement and Plan of Merger dated February 14, 2005– subsequently amended on March 4,

March 29, and May 2–pursuant to which Verizon would acquire MCI.  The United States filed

separate civil antitrust Complaints on October 27, 2005 seeking to enjoin the proposed

acquisitions.  As explained more fully in the Complaints, CISs, and Response to Public

Comments, the likely effect of these acquisitions would be to lessen competition substantially for

Local Private Lines and other telecommunications services that rely on Local Private Lines in

certain buildings located in 19 metropolitan areas (eight areas pertinent to SBC and 11 areas

pertinent to Verizon) in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.  This loss of

competition would result in customers facing higher prices for Local Private Lines and other

telecommunications services that rely on Local Private Lines than they would absent the merger.

At the same time the Complaints were filed, the United States also filed Stipulations and

proposed Final Judgments that are designed to eliminate the anticompetitive effects of the

acquisitions in the affected buildings.  Corrected proposed Final Judgments were filed on

November 28, 2005.[1]  Under the proposed Final Judgements, defendants are required to divest, in

most situations, indefeasible rights of use ("IRUs") for lateral connections to certain buildings

located in a number of metropolitan areas as listed in Appendix A of each of the proposed Final

Judgments (collectively the "Divestiture Assets").  Under the terms of the Stipulations,

defendants will take certain steps to ensure that these assets are preserved and maintained.

The United States and defendants have stipulated that the proposed Final Judgments may

be entered after compliance with the APPA.  Entry of the proposed Final Judgments would

terminate these actions, except that the Court would retain jurisdiction to construe, modify, or

enforce the provisions of the proposed Final Judgments and to punish violations thereof.  The

United States and defendants have also stipulated that defendants will comply with the terms of

the Stipulations and the proposed Final Judgments from the date of signing of the Stipulations,

pending entry of the proposed Final Judgments by the Court and the required divestitures.

Should the Court decline to enter the proposed Final Judgments, defendants have also committed

to continue to abide by their requirements and those of the Stipulations until the expiration of

time for appeal.

## II.    Compliance with the APPA

The APPA requires a sixty-day period for the submission of public comments on a

proposed Final Judgment.  *See* 15 U.S.C. § 16(b).  In compliance with the APPA, the United

States filed CISs in this Court on November 16, 2005; published the proposed Final Judgments

---

[1] All subsequent references to the "proposed Final Judgments" are to the corrected
proposed Final Judgments, which are attached.

and CISs in the *Federal Register* on December 15, 2005, *see* 70 Fed. Reg. 74,334 (2005)

(SBC/AT&T) and 70 Fed. Reg. 74,350 (2005) (Verizon/MCI); and published separate summaries

of the terms of the proposed Final Judgments in the *Washington Post* for seven days beginning

on December 8, 2005 and ending on December 14, 2005.  Both 60-day periods for public

comments ended on February 13, 2006, and three comments were received.  The United States

filed its Response to Public Comments and the comments themselves with this Court on March

21, 2006, and published the Response and the public comments in the *Federal Register* on April

5, 2006.  *See* 71 Fed. Reg. 17,164 (2006).  The Certificate of Compliance filed simultaneously

with this Motion recites that all the requirements of the APPA have now been satisfied.  It is

therefore appropriate for the Court to make the public interest determinations required by

15 U.S.C. § 16(e) and to enter the Final Judgments.

### III.    Standard of Judicial Review

Before entering the proposed Final Judgments, the Court is to determine whether the

Judgment "is in the public interest."  *See* 15 U.S.C. § 16(e).  In making that determination, the

Court shall consider:

> A) the competitive impact of such judgment, including termination of alleged
> violations, provisions for enforcement and modification, duration of relief sought,
> anticipated effects of alternative remedies actually considered, whether its terms
> are ambiguous, and any other competitive considerations bearing upon the
> adequacy of such judgment that the court deems necessary to a determination of
> whether the consent judgment is in the public interest; and
>
> B) the impact of entry of such judgment upon competition in the relevant market
> or markets, upon the public generally and individuals alleging specific injury from
> the violations set forth in the complaint including consideration of the public
> benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e).

In its CISs filed on November 16, 2005 and its Response to Public Comments filed on

March 21, 2006, the United States has explained the meaning and proper application of the

public interest standard under the APPA and now incorporates those statements herein by

reference.  The public, including affected competitors and customers, has had the opportunity to

comment on the proposed Final Judgments as required by law.  The proposed Final Judgments

are within the range of settlements consistent with the public interest.

## IV.    Conclusion

For the reasons set forth in this Motion, the CISs, and the Response to Public Comments,

the Court should find that the proposed Final Judgments are in the public interest and should

enter the proposed Final Judgments without further hearings.  The United States respectfully

requests that the proposed Final Judgments be entered as soon as possible.


Dated: April 5, 2006                                        Respectfully submitted,


                                                                  /s/
                                                         _____
                                                         LAURY E. BOBBISH
                                                         Assistant Chief

                                                                  /s/
                                                         _____
                                                         LAWRENCE M. FRANKEL
                                                         (D.C. Bar No. 441532)
                                                         MATTHEW C. HAMMOND
                                                         Trial Attorneys
                                                         U.S. United States of Justice
                                                         Antitrust Division
                                                         Telecommunications and Media
                                                            Enforcement Section
                                                         1401 H Street, N.W., Suite 8000
                                                         Washington, DC 20530
                                                         Telephone: (202) 514-5621
                                                         Facsimile: (202) 514-6381

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the Plaintiff's Motion and Memorandum in Support of Entry of Final Judgments have been mailed, by U.S. mail, postage prepaid, to the attorneys listed below, the 5th day of April, 2006:

| | |
|---|---|
| FOR DEFENDANT<br>SBC COMMUNICATIONS, INC.<br><br>Wm. Randolph Smith (D.C. Bar No. 356402)<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>(202) 624-2700 | FOR DEFENDANT<br>VERIZON COMMUNICATIONS INC.<br><br>John Thorne (D.C. Bar No. 421351)<br>Verizon Communications, Inc.<br>1515 North Courthouse Road<br>Arlington, Virginia 22201<br>(703) 351-3900 |
| FOR DEFENDANT AT&T CORP.<br><br>David L. Lawson (D.C. Bar No. 434741)<br>Sidley Austin Brown & Wood LLP<br>1501 K Street, N.W.<br>Washington, D.C.  20005<br>(202) 736-8088 | FOR DEFENDANT MCI, INC.<br><br>Paul M. Eskildsen (D.C. Bar No. 337790)<br>MCI, Inc.<br>22001 Loudoun County Parkway<br>Ashburn, Virginia 20147<br>(703) 886-4051 |

_/s/_____
Matthew C. Hammond
Attorney
Telecommunications & Media Section
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530