## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 1:05CV02102 (EGS) |
| v. | ) |
|  | ) |
| SBC Communications, Inc. and | ) |
| AT&T Corp., | ) |
| Defendants. | ) |

## FINAL JUDGMENT

WHEREAS, plaintiff, United States of America, filed its Complaint on October 27, 2005, plaintiff and defendants, SBC Communications Inc. ("SBC") and AT&T Corp. ("AT&T"), by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of fact or law;

AND WHEREAS, defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of certain rights or assets by the defendants to assure that competition is not substantially lessened;

AND WHEREAS, plaintiff requires defendants to make certain divestitures for the purpose of remedying the loss of competition alleged in the Complaint;

AND WHEREAS, defendants have represented to the United States that the divestitures required below can and will be made and that defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is ORDERED, ADJUDGED, AND DECREED:

## I.  Jurisdiction

This Court has jurisdiction over the subject matter of and each of the parties to this action.  The Complaint states a claim upon which relief may be granted against defendants under Section 7 of the Clayton Act, as amended (15 U.S.C. § 18).

## II.  Definitions

As used in this Final Judgment:

A.      "SBC" means defendant SBC Communications Inc., a Delaware corporation with its headquarters in San Antonio, Texas, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B.      "AT&T" means defendant AT&T Corp., a New York corporation with its headquarters in Bedminster, New Jersey, its successors and assigns, and its subsidiaries,

divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

      C.      "Acquirer" or "Acquirers" means the entity or entities to whom defendants divest the Divestiture Assets.

      D.      "Divestiture Assets" means IRUs for Lateral Connections to the locations listed in Appendix A and sufficient transport as described below and all additional rights necessary to enable those assets to be used by the Acquirer to provide telecommunications services. The Divestiture Assets shall include IRUs for transport facilities sufficient to connect the Lateral Connections to locations mutually agreed upon by defendants and the Acquirer, subject to the approval of the United States in its sole judgment. The term "Divestiture Assets" shall be construed broadly to accomplish the complete divestiture of assets and the purposes of this Final Judgment and is subject to the following:

            (1)      With the approval of the United States, in its sole discretion, in locations listed in Appendix A for which AT&T's interest in the fiber serving the location is an IRU rather than full ownership and if the United States determines that such an alternative disposition will meet the aims of this Final Judgment, defendants may (1) enter into a dark fiber service agreement or other commercial arrangement for the Lateral Connections and associated transport with the Acquirer or (2) relinquish its IRU rights in the greater of (i) eight (8) fiber strands or (ii) one-half of the currently unused fiber strands in AT&T's facilities serving the locations, measured at the time of the filing of the Complaint, back to the owner of the fiber; and

(2)   With the approval of the United States, in its sole discretion, and at the Acquirer's option, the Divestiture Assets may be modified to exclude assets and rights that are not necessary to meet the aims of this Final Judgment.

E.   "IRU" means indefeasible right of use, a long-term leasehold interest that gives the holder the right to use specified strands of fiber in a telecommunications facility.  An IRU granted by defendants under this Final Judgment shall (1) be for a minimum of 10 years; (2) not require the Acquirer to pay a monthly or other recurring fee to preserve or make use of its rights; (3) include all additional rights and interests necessary to enable the IRU to be used by the Acquirer to provide telecommunications services; and (4) contain other commercially reasonable and customary terms, including terms for payment to the grantor for ancillary services, such as maintenance fees on a per occurrence basis; and (5) not unreasonably limit the right of the Acquirer to use the asset as it wishes (e.g., the Acquirer shall be permitted to splice into the IRU fiber, though such splice points must be mutually agreed upon by defendants and Acquirer).

F.   "Lateral Connection" means fiber strands from the point of entry of the building to the splice point with fiber used to serve different buildings and shall consist of the greater of (1) eight (8) fiber strands or (2) one-half of the currently unused fiber strands in AT&T's facilities serving the building measured at the time of the filing of the Complaint.  The fiber strands may be provided from those owned or controlled by either SBC or AT&T, as mutually agreed by defendants and Acquirer.

-4-

### III.  **Applicability**

A.     This Final Judgment applies to SBC and AT&T, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

B.     Defendants shall require, as a condition of the sale or other disposition of all or substantially all of their assets or of lesser business units that include the Divestiture Assets, that the purchasers agree to be bound by the provisions of this Final Judgment, provided, however, that defendants need not obtain such an agreement from the Acquirers.

### IV.  **Divestitures**

A.     Defendants are ordered and directed, within 120 calendar days after the closing of SBC's acquisition of AT&T, or five (5) days after notice of the entry of this Final Judgment by the Court, whichever is later, to divest the Divestiture Assets in a manner consistent with this Final Judgment to an acquirer and on terms acceptable to the United States in its sole discretion. The United States, in its sole discretion, may agree to one or more extensions of this time period not to exceed sixty (60) days in total, and shall notify the Court in such circumstances.  If approval or consent from any government unit is necessary with respect to divestiture of the Divestiture Assets by defendants or the Divestiture Trustee and if applications or requests for approval or consent have been filed with the appropriate governmental unit within 120 calendar days after the closing of SBC's acquisition of AT&T, but an order or other dispositive action on such applications has not been issued before the end of the period permitted for divestiture, the period shall be extended with respect to divestiture of those Divestiture Assets for which

governmental approval or consent has not been issued until five (5) days after such approval or consent is received. Defendants agree to use their best efforts to divest the Divestiture Assets and to seek all necessary regulatory or other approvals or consents necessary for such divestitures as expeditiously as possible. This Final Judgment does not limit the Federal Communications Commission's exercise of its regulatory powers and process with respect to the Divestiture Assets. Authorization by the Federal Communications Commission to conduct the divestiture of a Divestiture Asset in a particular manner will not modify any of the requirements of this decree.

B.      In accomplishing the divestitures ordered by this Final Judgment, defendants promptly shall make known, by usual and customary means, the availability of the Divestiture Assets. Defendants shall inform any person making inquiry regarding a possible purchase of the Divestiture Assets that they are being divested pursuant to this Final Judgment and provide that person with a copy of this Final Judgment. Defendants shall offer to furnish to all prospective Acquirers, subject to customary confidentiality assurances, all information and documents relating to the Divestiture Assets customarily provided in a due diligence process except such information or documents subject to the attorney-client or work-product privileges. Defendants shall make available such information to the United States at the same time that such information is made available to any other person.

C.      Defendants shall permit prospective Acquirers of the Divestiture Assets to have reasonable access to personnel and to make inspections of the physical facilities of the Divestiture Assets; access to any and all environmental, zoning, and other permit documents and information; and access to any and all financial, operational, or other documents and information customarily provided as part of a due diligence process.

D.     Defendants shall warrant to all Acquirers of the Divestiture Assets that each asset will be operational on the date of sale.

E.     Defendants shall not take any action that will impede in any way the permitting, operation, or divestiture of the Divestiture Assets.

F.     At the option of the Acquirers, defendants shall enter into a contract for a period of up to one (1) year for transition services customarily necessary to maintain, operate, provision, monitor, or otherwise support the Divestiture Assets.  The terms and conditions of any contractual arrangement meant to satisfy this provision must be reasonably related to market conditions.

G.     Defendants shall warrant to the Acquirer of the Divestiture Assets that there are no material defects in the environmental, zoning, or other permits pertaining to the operation of each asset, and that following the sale of the Divestiture Assets, defendants will not undertake, directly or indirectly, any challenges to the environmental, zoning, or other permits relating to the operation of the Divestiture Assets.

H.     Unless the United States otherwise consents in writing, the divestitures pursuant to Section IV, or by trustee appointed pursuant to Section V, of this Final Judgment, shall include the entire Divestiture Assets, and shall be accomplished in such a way as to satisfy the United States, in its sole discretion, that the Divestiture Assets can and will be used by the Acquirer as part of a viable, ongoing telecommunications business.  Divestiture of the Divestiture Assets may be made to more than one Acquirer, provided that (i) all Divestiture Assets in a given metropolitan area are divested to a single Acquirer unless otherwise approved by the United States, in its sole discretion, and (ii) in each instance it is demonstrated to the sole satisfaction of

-7-

the United States that the Divestiture Assets will remain viable and the divestiture of such assets

will remedy the competitive harm alleged in the Complaint.  The divestitures, whether pursuant

to Section IV or Section V of this Final Judgment,

      (1)    shall be made to an Acquirer (or Acquirers) that, in the United States's sole

           judgment, has the intent and capability (including the necessary managerial,

           operational, technical, and financial capability) of competing effectively in

           the provision of telecommunications services; and

      (2)    shall be accomplished so as to satisfy the United States, in its sole

           discretion, that none of the terms of any agreement between an Acquirer (or

           Acquirers) and defendants gives defendants the ability unreasonably to

           raise the Acquirer's costs, to lower the Acquirer's efficiency, or otherwise

           to interfere in the ability of the Acquirer to compete effectively.

    I.    To the extent leases, contracts, agreements, intellectual property rights, licenses,

or other commitments with third-parties are not assignable or transferrable without the consent of

the licensor or other third parties, defendants shall use their best efforts to obtain those consents.

### V. <u>Appointment of Trustee</u>

    A.    If defendants have not divested the Divestiture Assets within the time period

specified in Section IV(A), defendants shall notify the United States of that fact in writing,

specifically identifying the Divestiture Assets that have not been divested.  Upon application of

the United States, the Court shall appoint a trustee selected by the United States and approved by

the Court to effect the divestiture of the Divestiture Assets.

B.     After the appointment of a trustee becomes effective, only the trustee shall have the right to sell the Divestiture Assets. The trustee shall have the power and authority to accomplish the divestiture to Acquirers acceptable to the United States, in its sole judgment, at such price and on such terms as are then obtainable upon reasonable effort by the trustee, subject to the provisions of Sections IV, V, and VI of this Final Judgment, and shall have such other powers as this Court deems appropriate. Subject to Section V(D) of this Final Judgment, the trustee may hire at the cost and expense of defendants any investment bankers, attorneys, technical experts, or other agents, who shall be solely accountable to the trustee, reasonably necessary in the trustee's judgment to assist in the divestiture.

C.     Defendants shall not object to a sale by the trustee on any ground other than the trustee's malfeasance. Any such objections by defendants must be conveyed in writing to the United States and the trustee within ten (10) calendar days after the trustee has provided the notice required under Section VI.

D.     The trustee shall serve at the cost and expense of defendants, on such terms and conditions as the plaintiff approves, and shall account for all monies derived from the sale of the assets sold by the trustee and all costs and expenses so incurred. After approval by the Court of the trustee's accounting, including fees for its services and those of any professionals and agents retained by the trustee, all remaining money shall be paid to defendants and the trust shall then be terminated. The compensation of the trustee and any professionals and agents retained by the trustee shall be reasonable in light of the value of the Divestiture Assets and based on a fee arrangement providing the trustee with an incentive based on the price and terms of the divestiture and the speed with which it is accomplished, but timeliness is paramount.

E.      Defendants shall use their best efforts to assist the trustee in accomplishing the required divestitures, including their best efforts to effect all necessary regulatory or other approvals or consents and will provide necessary representations or warranties as appropriate, related to the sale of the Divestiture Assets.  The trustee and any consultants, accountants, attorneys, technical experts, and other persons retained by the trustee shall have full and complete access to the personnel, books, records, and facilities related to the Divestiture Assets, and defendants shall develop financial and other information relevant to the Divestiture Assets as the trustee may reasonably request, subject to reasonable protection for trade secret or other confidential research, development, or commercial information.  Defendants shall take no action to interfere with or to impede the trustee's accomplishment of the divestiture.

F.      After its appointment, the trustee shall file monthly reports with the United States and the Court setting forth the trustee's efforts to accomplish the divestiture ordered under this Final Judgment.  To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court.  Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Assets, and shall describe in detail each contact with any such person.  The trustee shall maintain full records of all efforts made to divest the Divestiture Assets.

G.      If the trustee has not accomplished such divestiture within six months after its appointment, the trustee shall promptly file with the Court a report setting forth (1) the trustee's efforts to accomplish the required divestiture, (2) the reasons, in the trustee's judgment, why the

-10-

required divestiture has not been accomplished, and (3) the trustee's recommendations.  To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court.  The trustee shall at the same time furnish such report to the plaintiff who shall have the right to make additional recommendations consistent with the purpose of the trust.  The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include extending the trust and the term of the trustee's appointment by a period requested by the United States.

H.     In addition, notwithstanding any provision to the contrary, the United States, in its sole discretion, may require defendants to include additional assets, or allow, with the written approval of the United States, defendants to substitute substantially similar assets, which substantially relate to the Divestiture Assets to be divested by the trustee to facilitate prompt divestiture to an acceptable Acquirer or Acquirers.

## VI.  Notice of Proposed Divestiture

A.     Within two (2) business days following execution of a definitive divestiture agreement, defendants or the trustee, whichever is then responsible for effecting the divestiture required herein, shall notify the United States of any proposed divestiture required by Section IV or V of this Final Judgment.  If the trustee is responsible, it shall similarly notify defendants.  The notice shall set forth the details of the proposed divestiture and list the name, address, and telephone number of each person not previously identified who offered or expressed an interest in or desire to acquire any ownership interest in the Divestiture Assets, together with full details of the same.

B.     Within fifteen (15) calendar days of receipt by the United States of such notice, the United States may request from defendants, the proposed Acquirer or Acquirers, any other third party, or the trustee, if applicable, additional information concerning the proposed divestiture, the proposed Acquirer or Acquirers, and any other potential Acquirer. Defendants and the trustee shall furnish any additional information requested within fifteen (15) calendar days of the receipt of the request, unless the parties shall otherwise agree.

C.     Within thirty (30) calendar days after receipt of the notice or within twenty (20) calendar days after the United States has been provided the additional information requested from defendants, the proposed Acquirer or Acquirers, any third party, and the trustee, whichever is later, the United States shall provide written notice to defendants and the trustee, if there is one, stating whether or not it objects to the proposed divestiture. If the United States provides written notice that it does not object, the divestiture may be consummated, subject only to defendants' limited right to object to the sale under Section V(C) of this Final Judgment. Absent written notice that the United States does not object to the proposed Acquirer or upon objection by the United States, a divestiture proposed under Section IV or Section V shall not be consummated. Upon objection by defendants under Section V(C), a divestiture proposed under Section V shall not be consummated unless approved by the Court.

## VII.  <u>Financing</u>

Defendants shall not finance all or any part of any purchase made pursuant to Section IV or V of this Final Judgment.

-12-

## VIII.  <u>Preservation of Assets</u>

Until the divestiture required by this Final Judgment has been accomplished, defendants shall take all steps necessary to comply with the Stipulation signed by defendants and the United States.  Defendants shall take no action that would jeopardize the divestiture ordered by this Court.

## IX.  <u>Affidavits</u>

A.      Within twenty (20) calendar days of the filing of the Complaint in this matter, and every thirty (30) calendar days thereafter until the divestiture has been completed under Section IV or V, defendants shall deliver to the United States an affidavit as to the fact and manner of its compliance with Section IV or V of this Final Judgment.  Each such affidavit shall include the name, address, and telephone number of each person who, during the preceding thirty (30) days, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Assets, and shall describe in detail each contact with any such person during that period.  Each such affidavit shall also include a description of the efforts defendants have taken to solicit buyers for the Divestiture Assets, and to provide required information to prospective Acquirers, including the limitations, if any, on such information.  Assuming the information set forth in the affidavit is true and complete, any objection by the United States to information provided by defendants, including limitation on information, shall be made within fourteen (14) calendar days of the receipt of such affidavit.

B.      Within twenty (20) calendar days of the filing of the Complaint in this matter, defendants shall deliver to the United States an affidavit that describes in reasonable detail all actions defendants have taken and all steps defendants have implemented on an ongoing basis to comply with Section VIII of this Final Judgment.  Defendants shall deliver to the United States an affidavit describing any changes to the efforts and actions outlined in defendants' earlier affidavits filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

C.      Defendants shall keep all records of all efforts made to preserve and divest the Divestiture Assets until one year after such divestiture has been completed.

## X.  Compliance Inspection

A.      For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time duly authorized representatives of the United States Department of Justice, including consultants and other persons retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to defendants, be permitted:

(1)     access during defendants' office hours to inspect and copy, or at plaintiff's option, to require that defendants provide copies of, all books, ledgers, accounts, records and documents in the possession, custody, or control of defendants, relating to any matters contained in this Final Judgment; and

(2)    to interview, either informally or on the record, defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters.  The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by defendants.

B.    Upon the written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, defendants shall submit written reports, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C.    No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D.    If at the time information or documents are furnished by defendants to the United States, defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the United States shall give defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than grand jury proceedings).

## XI.  **No Reacquisition**

Defendants may not reacquire (or lease back without the approval of the United States, in its sole discretion) any part of the Divestiture Assets during the term of this Final Judgment.

## XII.  **Retention of Jurisdiction**

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## XIII.  **Expiration of Final Judgment**

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry.

## XIV.  **Public Interest Determination**

The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States' response to comments.  Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

-16-

**Date:** _____

Court approval subject to procedures of Antitrust
Procedures and Penalties Act, 15 U.S.C. § 16

_____
**United States District Judge**

**APPENDIX A**

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 1 RENAISSANCE BLVD | OAKBROOK TERRACE | IL | 60181 | CHICAGO |
| 10 N MARTINGALE RD | SCHAUMBURG | IL | 60173 | CHICAGO |
| 10024 SKOKIE BLVD | SKOKIE | IL | 60077 | CHICAGO |
| 11 S LA SALLE ST | CHICAGO | IL | 60603 | CHICAGO |
| 1400 WAUKEGAN RD | MCGAW PARK | IL | 60085 | CHICAGO |
| 1666 E TOUHY AVE | DES PLAINES | IL | 60018 | CHICAGO |
| 200 WILMOT RD | DEERFIELD | IL | 60015 | CHICAGO |
| 2300 60TH ST | KENOSHA | WI | 53140 | CHICAGO |
| 2320 N KENMORE AVE | CHICAGO | IL | 60614 | CHICAGO |
| 243 S WABASH AVE | CHICAGO | IL | 60604 | CHICAGO |
| 26 W 171 ROOSEVELT RD | WHEATON | IL | 60187 | CHICAGO |
| 2801 80TH ST | KENOSHA | WI | 53140 | CHICAGO |
| 3050 HIGHLAND PKWY | DOWNERS GROVE | IL | 60515 | CHICAGO |
| 3060 W SALT CREEK LN | ARLINGTON HEIGHTS | IL | 60005 | CHICAGO |
| 340 N MILWAUKEE AVE | VERNON HILLS | IL | 60061 | CHICAGO |
| 50 S LA SALLE ST | CHICAGO | IL | 60603 | CHICAGO |
| 600 N RTE 45 | LIBERTYVILLE | IL | 60048 | CHICAGO |
| 610 S CANAL ST | CHICAGO | IL | 60607 | CHICAGO |
| 610 S MAPLE AVE | OAK PARK | IL | 60304 | CHICAGO |
| 640 N LA SALLE DR | CHICAGO | IL | 60610 | CHICAGO |
| 7000 HIGH GROVE BLVD | BURR RIDGE | IL | 60521 | CHICAGO |
| 770 N HALSTED ST | CHICAGO | IL | 60622 | CHICAGO |
| 7955 S CASS AVE | DARIEN | IL | 60561 | CHICAGO |
| 9700 S CASS AVE | ARGONNE | IL | 60439 | CHICAGO |
| 10935 ESTATE LN | DALLAS | TX | 75238 | DALLAS-FORT WORTH |
| 1145 EMPIRE CENTRAL PL | DALLAS | TX | 75247 | DALLAS-FORT WORTH |
| 1233 REGAL ROW | DALLAS | TX | 75247 | DALLAS-FORT WORTH |
| 12750 MERIT DR | DALLAS | TX | 75251 | DALLAS-FORT WORTH |
| 12800 ABRAMS RD | DALLAS | TX | 75243 | DALLAS-FORT WORTH |
| 1330 RIVER BEND DR | DALLAS | TX | 75247 | DALLAS-FORT WORTH |
| 13510 N CENTRAL EXPY | DALLAS | TX | 75243 | DALLAS-FORT WORTH |
| 13536 N CENTRAL EXPY | DALLAS | TX | 75243 | DALLAS-FORT WORTH |
| 13725 MONTFORT DR | DALLAS | TX | 75240 | DALLAS-FORT WORTH |
| 1508 E MOCKINGBIRD LN | DALLAS | TX | 75214 | DALLAS-FORT WORTH |
| 1701 N GREENVILLE AVE | RICHARDSON | TX | 75081 | DALLAS-FORT WORTH |
| 1900 S CENTRAL EXPY | DALLAS | TX | 75215 | DALLAS-FORT WORTH |
| 2220 CAMPBELL CREEK BLVD | RICHARDSON | TX | 75082 | DALLAS-FORT WORTH |
| 2280 GREENVILLE AVE | DALLAS | TX | 75206 | DALLAS-FORT WORTH |
| 2534 ROYAL LN | DALLAS | TX | 75229 | DALLAS-FORT WORTH |
| 2735 N STEMMONS FREEWAY | DALLAS | TX | 75207 | DALLAS-FORT WORTH |
| 3890 W NORTHWEST HWY | DALLAS | TX | 75220 | DALLAS-FORT WORTH |
| 3911 STHWY 12 LOOP | DALLAS | TX | 75236 | DALLAS-FORT WORTH |
| 3939 VALLEY VIEW | FARMERS BRANCH | TX | 75244 | DALLAS-FORT WORTH |
| 4001 AIRPORT FRWY RT#59 | FORT WORTH | TX | 76117 | DALLAS-FORT WORTH |
| 4201 SPRING VALLEY RD | DALLAS | TX | 75244 | DALLAS-FORT WORTH |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 4849 W ILLINOIS | DALLAS | TX | 75211 | DALLAS-FORT WORTH |
| 6011 LEMMON AVE | DALLAS | TX | 75209 | DALLAS-FORT WORTH |
| 7517 CAMPBELL RD | DALLAS | TX | 75248 | DALLAS-FORT WORTH |
| 7834 C F HAWN FWY | DALLAS | TX | 75217 | DALLAS-FORT WORTH |
| 7920 BELT LINE RD | DALLAS | TX | 75254 | DALLAS-FORT WORTH |
| 801 MAIN ST | DALLAS | TX | 75202 | DALLAS-FORT WORTH |
| 12225 STEPHENS RD | WARREN | MI | 48089 | DETROIT-ANN ARBOR |
| 12345 NINE MILE | WARREN | MI | 48090 | DETROIT-ANN ARBOR |
| 1235 E BIG BEAVER RD | TROY | MI | 48083 | DETROIT-ANN ARBOR |
| 18101 OAKWOOD BLVD | DEARBORN | MI | 48120 | DETROIT-ANN ARBOR |
| 20 OAK HOLLOW ST | SOUTHFIELD | MI | 48034 | DETROIT-ANN ARBOR |
| 201 W FORT ST | DETROIT | MI | 48226 | DETROIT-ANN ARBOR |
| 2050 AUBURN RD | AUBURN HILLS | MI | 48326 | DETROIT-ANN ARBOR |
| 25400 DENSO | SOUTHFIELD | MI | 48034 | DETROIT-ANN ARBOR |
| 26400 SOUTHFIELD RD | LATHRUP VILLAGE | MI | 48076 | DETROIT-ANN ARBOR |
| 26600 TELEGRAPH RD | SOUTHFIELD | MI | 48034 | DETROIT-ANN ARBOR |
| 27500 DRAKE RD | FARMINGTON HILLS | MI | 48331 | DETROIT-ANN ARBOR |
| 29129 ECORSE RD | ROMULUS | MI | 48174 | DETROIT-ANN ARBOR |
| 32991 HAMILTON CT E | FARMINGTON HILLS | MI | 48334 | DETROIT-ANN ARBOR |
| 3800 HOWARD RD | FARMINGTON HILLS | MI | 48331 | DETROIT-ANN ARBOR |
| 38281 SCHOOLCRAFT RD | LIVONIA | MI | 48150 | DETROIT-ANN ARBOR |
| 3937 CAMPUS DR | PONTIAC | MI | 48341 | DETROIT-ANN ARBOR |
| 40 OAK HOLLOW ST | SOUTHFIELD | MI | 48034 | DETROIT-ANN ARBOR |
| 500 GRISWOLD ST | DETROIT | MI | 48236 | DETROIT-ANN ARBOR |
| 500 KIRTS RD | TROY | MI | 48088 | DETROIT-ANN ARBOR |
| 500 RENAISSANCE CTR | DETROIT | MI | 48243 | DETROIT-ANN ARBOR |
| 911 W BIG BEAVER RD | TROY | MI | 48084 | DETROIT-ANN ARBOR |
| 1 ATLANTIC ST | BRIDGEPORT | CT | 06604 | HARTFORD-NEW HAVEN |
| 10 UNIVAC LN | WINDSOR | CT | 06095 | HARTFORD-NEW HAVEN |
| 102 ADDISON RD | WINDSOR | CT | 06095 | HARTFORD-NEW HAVEN |
| 121 WAWARME ST | HARTFORD | CT | 06114 | HARTFORD-NEW HAVEN |
| 125 POWDER FOREST DR | SIMSBURY | CT | 06089 | HARTFORD-NEW HAVEN |
| 199 BENSON RD | MIDDLEBURY | CT | 06762 | HARTFORD-NEW HAVEN |
| 20 OLD WINDSOR RD | BLOOMFIELD | CT | 06002 | HARTFORD-NEW HAVEN |
| 200 GROVE ST | NEW HAVEN | CT | 06511 | HARTFORD-NEW HAVEN |
| 2000 DAY HILL RD | WINDSOR | CT | 06095 | HARTFORD-NEW HAVEN |
| 3 WATERSIDE XING | WINDSOR | CT | 06095 | HARTFORD-NEW HAVEN |
| 300 KENSINGTON AVE | NEW BRITAIN | CT | 06051 | HARTFORD-NEW HAVEN |
| 32 VALLEY ST | BRISTOL | CT | 06010 | HARTFORD-NEW HAVEN |
| 45 GLOVER AVE | NORWALK | CT | 06850 | HARTFORD-NEW HAVEN |
| 500 DAY HILL RD | WINDSOR | CT | 06095 | HARTFORD-NEW HAVEN |
| 550 MARSHALL PHELPS RD | WINDSOR | CT | 06095 | HARTFORD-NEW HAVEN |
| 7 WATERSIDE XING | WINDSOR | CT | 06095 | HARTFORD-NEW HAVEN |
| 71 DEERFIELD LN | MERIDEN | CT | 06450 | HARTFORD-NEW HAVEN |
| 11313 USA PKWY | FISHERS | IN | 46038 | INDIANAPOLIS |
| 1481 W 10TH ST | INDIANAPOLIS | IN | 46202 | INDIANAPOLIS |
| 1600 ALBANY ST | BEECH GROVE | IN | 46107 | INDIANAPOLIS |
| 1800 N MERIDIAN ST | INDIANAPOLIS | IN | 46202 | INDIANAPOLIS |

| Address | City | State | ZIP | Metropolitan Area |
|---------|------|-------|-----|-------------------|
| 200 W 103RD ST | INDIANAPOLIS | IN | 46280 | INDIANAPOLIS |
| 250 N SHADELAND AVE | INDIANAPOLIS | IN | 46219 | INDIANAPOLIS |
| 302 S STATE AVE | INDIANAPOLIS | IN | 46201 | INDIANAPOLIS |
| 307 STHWY 37 | INDIANAPOLIS | IN | 46204 | INDIANAPOLIS |
| 3120 N POST RD | INDIANAPOLIS | IN | 46226 | INDIANAPOLIS |
| 3210 E 96TH ST | CARMEL | IN | 46240 | INDIANAPOLIS |
| 3266 N MERIDIAN ST | INDIANAPOLIS | IN | 46208 | INDIANAPOLIS |
| 3308 N MITTHOEFFER RD | INDIANAPOLIS | IN | 46236 | INDIANAPOLIS |
| 402 KENTUCKY AVE | INDIANAPOLIS | IN | 46225 | INDIANAPOLIS |
| 4550 VICTORY LN | INDIANAPOLIS | IN | 46203 | INDIANAPOLIS |
| 46 E OHIO ST | INDIANAPOLIS | IN | 46204 | INDIANAPOLIS |
| 4880 CENTURY PLAZA RD | INDIANAPOLIS | IN | 46254 | INDIANAPOLIS |
| 4919 W 78TH ST | INDIANAPOLIS | IN | 46268 | INDIANAPOLIS |
| 5000 W 86TH ST | INDIANAPOLIS | IN | 46268 | INDIANAPOLIS |
| 5380 W 81ST ST | INDIANAPOLIS | IN | 46268 | INDIANAPOLIS |
| 5520 W 76TH ST | INDIANAPOLIS | IN | 46204 | INDIANAPOLIS |
| 5804 CHURCHMAN BYP | BEECH GROVE | IN | 46203 | INDIANAPOLIS |
| 5940 W RAYMOND ST | INDIANAPOLIS | IN | 46241 | INDIANAPOLIS |
| 6270 CORPORATE DR | INDIANAPOLIS | IN | 46278 | INDIANAPOLIS |
| 6612 E 75TH ST | INDIANAPOLIS | IN | 46250 | INDIANAPOLIS |
| 6640 PARKDALE PL | INDIANAPOLIS | IN | 45254 | INDIANAPOLIS |
| 6666 E 75TH ST | INDIANAPOLIS | IN | 46250 | INDIANAPOLIS |
| 6810 N SHADELAND AVE | INDIANAPOLIS | IN | 46220 | INDIANAPOLIS |
| 6850 PARKDALE PL | INDIANAPOLIS | IN | 46254 | INDIANAPOLIS |
| 700 W 16TH ST | INDIANAPOLIS | IN | 46202 | INDIANAPOLIS |
| 7240 SHADELAND STATION WAY | INDIANAPOLIS | IN | 46256 | INDIANAPOLIS |
| 7301 WOODLAND DR | INDIANAPOLIS | IN | 46278 | INDIANAPOLIS |
| 7444 SHADELAND STATION WAY | INDIANAPOLIS | IN | 46256 | INDIANAPOLIS |
| 7445 COMPANY DR | INDIANAPOLIS | IN | 46237 | INDIANAPOLIS |
| 755 E MAIN ST | GREENWOOD | IN | 46143 | INDIANAPOLIS |
| 8101 CLEARVISTA PKWY | INDIANAPOLIS | IN | 46256 | INDIANAPOLIS |
| 8111 S EMERSON AVE | INDIANAPOLIS | IN | 46237 | INDIANAPOLIS |
| 8320 ALLISON POINT TRL | INDIANAPOLIS | IN | 46250 | INDIANAPOLIS |
| 8450 NORTHWEST BLVD | INDIANAPOLIS | IN | 46278 | INDIANAPOLIS |
| 8555 RIVER RD | INDIANAPOLIS | IN | 46240 | INDIANAPOLIS |
| 8600 ALLISONVILLE RD | INDIANAPOLIS | IN | 46250 | INDIANAPOLIS |
| 8600 ROBERTS DR N | FISHERS | IN | 46038 | INDIANAPOLIS |
| 8650 COMMERCE PARK PL | INDIANAPOLIS | IN | 46268 | INDIANAPOLIS |
| 8677 LOGO 7 CT | INDIANAPOLIS | IN | 46219 | INDIANAPOLIS |
| 8802 N MERIDIAN ST | INDIANAPOLIS | IN | 46260 | INDIANAPOLIS |
| 8820 S MERIDIAN ST | INDIANAPOLIS | IN | 46217 | INDIANAPOLIS |
| 8868 E 56TH ST | INDIANAPOLIS | IN | 46216 | INDIANAPOLIS |
| 8940 VINCENNES CIR | INDIANAPOLIS | IN | 46268 | INDIANAPOLIS |
| 9100 PURDUE RD | INDIANAPOLIS | IN | 46268 | INDIANAPOLIS |
| 941 N MERIDIAN ST | INDIANAPOLIS | IN | 46204 | INDIANAPOLIS |
| 9601 E 21ST ST | INDIANAPOLIS | IN | 46229 | INDIANAPOLIS |
| 9650 E WASHINGTON ST | INDIANAPOLIS | IN | 46229 | INDIANAPOLIS |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 9660 E WASHINGTON ST | INDIANAPOLIS | IN | 46229 | INDIANAPOLIS |
| 9704 BEAUMONT RD | FT. BENJAMIN HARRISON | IN | 46216 | INDIANAPOLIS |
| 1 ROYAL WAY | KANSAS CITY | MO | 64129 | KANSAS CITY |
| 1 WARD PKWY | KANSAS CITY | MO | 64112 | KANSAS CITY |
| 1000 CARONDELET DR | KANSAS CITY | MO | 64114 | KANSAS CITY |
| 1000 WALNUT ST | KANSAS CITY | MO | 64106 | KANSAS CITY |
| 10236 MARION PARK DR | KANSAS CITY | MO | 64137 | KANSAS CITY |
| 104 W 42ND ST | KANSAS CITY | MO | 64105 | KANSAS CITY |
| 10500 BARKLEY ST | OVERLAND PARK | KS | 66212 | KANSAS CITY |
| 10525 N AMBASSADOR DR | KANSAS CITY | MO | 64153 | KANSAS CITY |
| 10561 BARKLEY ST | OVERLAND PARK | KS | 66212 | KANSAS CITY |
| 10910 W 87TH ST | LENEXA | KS | 66214 | KANSAS CITY |
| 10930 N POMONA AVE | KANSAS CITY | MO | 64153 | KANSAS CITY |
| 1100 ROCKHURST RD | KANSAS CITY | MO | 64110 | KANSAS CITY |
| 11020 N AMBASSADOR DR | KANSAS CITY | MO | 64152 | KANSAS CITY |
| 112 W 9TH ST | KANSAS CITY | MO | 64105 | KANSAS CITY |
| 11221 ROE AVE | LEAWOOD | KS | 66211 | KANSAS CITY |
| 11401 LAMAR | OVERLAND PARK | KS | 66211 | KANSAS CITY |
| 11600 COLLEGE BLVD | OVERLAND PARK | KS | 66103 | KANSAS CITY |
| 12076 W SANTA FE DR | LENEXA | KS | 66215 | KANSAS CITY |
| 12851 FOSTER ST | OVERLAND PARK | KS | 66213 | KANSAS CITY |
| 12900 FOSTER ST | OVERLAND PARK | KS | 66213 | KANSAS CITY |
| 1300 CHERRY | KANSAS CITY | MO | 64106 | KANSAS CITY |
| 1300 SUMMIT ST | KANSAS CITY | MO | 64105 | KANSAS CITY |
| 13202 W 98TH ST | LENEXA | KS | 66215 | KANSAS CITY |
| 1414 GENESSEE ST | KANSAS CITY | MO | 64102 | KANSAS CITY |
| 14303 W 95TH ST | LENEXA | KS | 66215 | KANSAS CITY |
| 14502 W 105TH ST | LENEXA | KS | 66215 | KANSAS CITY |
| 1500 MEADOW LAKE PKWY | KANSAS CITY | MO | 64114 | KANSAS CITY |
| 15095 W 116TH ST | OLATHE | KS | 66062 | KANSAS CITY |
| 1524 N CORRINGTON AVE | KANSAS CITY | MO | 64120 | KANSAS CITY |
| 15940 111TH BLVD | LENEXA | KS | 66219 | KANSAS CITY |
| 16011 COLLEGE BLVD | LENEXA | KS | 66215 | KANSAS CITY |
| 1616 N CORRINGTON | KANSAS CITY | MO | 64120 | KANSAS CITY |
| 1801 MAIN ST | KANSAS CITY | MO | 64108 | KANSAS CITY |
| 1828 WALNUT ST | KANSAS CITY | MO | 64108 | KANSAS CITY |
| 1900 W 47TH PL | KANSAS CITY | KS | 66106 | KANSAS CITY |
| 1901 W 47 | WESTWOOD | KS | 66205 | KANSAS CITY |
| 1925 BALTIMORE AVE | KANSAS CITY | MO | 64108 | KANSAS CITY |
| 1925 CENTRAL | KANSAS CITY | MO | 64108 | KANSAS CITY |
| 2 BRUSH CREEK BLVD | KANSAS CITY | MO | 64112 | KANSAS CITY |
| 20 W 9TH ST | KANSAS CITY | MO | 64105 | KANSAS CITY |
| 2000 COUNTY | KANSAS CITY | KS | 66106 | KANSAS CITY |
| 2000 SHAWNEE MISSION PKWY | MISSION WOODS | KS | 66205 | KANSAS CITY |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 210 W 10TH ST | KANSAS CITY | MO | 64105 | KANSAS CITY |
| 2400/2401 GILLHAM RD | KANSAS CITY | MO | 64110 | KANSAS CITY |
| 2501 MCGEE | KANSAS CITY | MO | 64108 | KANSAS CITY |
| 3130 BROADWAY ST | KANSAS CITY | MO | 64111 | KANSAS CITY |
| 323 W 8TH | KANSAS CITY | MO | 64105 | KANSAS CITY |
| 3420 BROADWAY RD | KANSAS CITY | MO | 64111 | KANSAS CITY |
| 3900 RAINBOW BLVD | KANSAS CITY | KS | 66103 | KANSAS CITY |
| 400 E 9TH ST | KANSAS CITY | MO | 64106 | KANSAS CITY |
| 4739 BELLEVIEW AVE | KANSAS CITY | MO | 64112 | KANSAS CITY |
| 4800 MAIN ST | KANSAS CITY | MO | 64112 | KANSAS CITY |
| 5121 E FRONT ST | KANSAS CITY | MO | 64120 | KANSAS CITY |
| 5700 BROADMOOR ST | MISSION | KS | 66202 | KANSAS CITY |
| 5750 W 95TH ST | OVERLAND PARK | KS | 66207 | KANSAS CITY |
| 5808 W 110TH ST | OVERLAND PARK | KS | 66211 | KANSAS CITY |
| 601 E 12TH AVE | NORTH KANSAS CITY | MO | 64116 | KANSAS CITY |
| 6201 COLLEGE BLVD | OVERLAND PARK | KS | 66211 | KANSAS CITY |
| 6300 LAMAR AVE | OVERLAND PARK | KS | 66202 | KANSAS CITY |
| 6407 ROANRIDGE | KANSAS CITY | MO | 64151 | KANSAS CITY |
| 6900 SQUIBB RD | MISSION | KS | 66202 | KANSAS CITY |
| 6950 SQUIBB RD | MISSION | KS | 66202 | KANSAS CITY |
| 7015 COLLEGE BLVD | OVERLAND PARK | KS | 66211 | KANSAS CITY |
| 7045 COLLEGE BLVD | OVERLAND PARK | KS | 66211 | KANSAS CITY |
| 7223 W 95TH ST | OVERLAND PARK | KS | 66212 | KANSAS CITY |
| 7300 COLLEGE BLVD | OVERLAND PARK | KS | 66210 | KANSAS CITY |
| 7400 COLLEGE BLVD | OVERLAND PARK | KS | 66210 | KANSAS CITY |
| 7401 W 129TH ST | OVERLAND PARK | KS | 66213 | KANSAS CITY |
| 7410 NW TIFFANY SPRINGS PKWY | KANSAS CITY | MO | 64153 | KANSAS CITY |
| 7500 COLLEGE BLVD | OVERLAND PARK | KS | 66210 | KANSAS CITY |
| 7800 W 110TH ST | OVERLAND PARK | KS | 66210 | KANSAS CITY |
| 7950 COLLEGE BLVD | OVERLAND PARK | KS | 66210 | KANSAS CITY |
| 801 WALNUT ST | KANSAS CITY | MO | 64106 | KANSAS CITY |
| 8101 LENEXA DR | LENEXA | KS | 66214 | KANSAS CITY |
| 818 GRAND BLVD | KANSAS CITY | MO | 64106 | KANSAS CITY |
| 8228 FLAGOR AVE | KANSAS CITY | MO | 64118 | KANSAS CITY |
| 8281 NW 107 ST | KANSAS CITY | MO | 64153 | KANSAS CITY |
| 8300 COLLEGE BLVD | OVERLAND PARK | KS | 66210 | KANSAS CITY |
| 8320 WARD PKWY | KANSAS CITY | MO | 64114 | KANSAS CITY |
| 8400 NW 107TH TER | KANSAS CITY | MO | 64153 | KANSAS CITY |
| 8425 QUIVIRA | LENEXA | KS | 66215 | KANSAS CITY |
| 8700 STATE LINE RD | LEAWOOD | KS | 66206 | KANSAS CITY |
| 8900 STATE LINE RD | KANSAS CITY | KS | 66103 | KANSAS CITY |
| 9219 QUIVIRA RD | OVERLAND PARK | KS | 66215 | KANSAS CITY |
| 9435 HOLMES RD | KANSAS CITY | MO | 64131 | KANSAS CITY |

| Address | City | State | ZIP | Metropolitan Area |
|---------|------|-------|-----|-------------------|
| 9700 COMMERCE PKWY | LENEXA | KS | 66219 | KANSAS CITY |
| 1 MACARTHUR PL | SANTA ANA | CA | 92707 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 1149 S BROADWAY ST | LOS ANGELES | CA | 90015 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 1375 SUNFLOWER AVE | COSTA MESA | CA | 92626 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 1615 N LAKE AVE | PASADENA | CA | 91104 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 17682 COWAN AVE | IRVINE | CA | 92614 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 1830 E WARNER AVE | SANTA ANA | CA | 92705 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 1901 W MALVERN AVE | FULLERTON | CA | 92833 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 2049 CENTURY PARK E | LOS ANGELES | CA | 90067 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 2060 E IMPERIAL HWY | EL SEGUNDO | CA | 90245 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 2100 E GRAND AVE | EL SEGUNDO | CA | 90245 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 21300 VICTORY BLVD | LOS ANGELES | CA | 91367 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 21550 OXNARD ST | LOS ANGELES | CA | 91367 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 21600 OXNARD ST | LOS ANGELES | CA | 91367 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 21650 OXNARD ST | LOS ANGELES | CA | 91367 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 21700 OXNARD ST | LOS ANGELES | CA | 91367 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 2230 E IMPERIAL HWY | EL SEGUNDO | CA | 90245 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 2260 E IMPERIAL HWY | EL SEGUNDO | CA | 90245 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 27700 MEDICAL CENTER RD | MISSION VIEJO | CA | 92691 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 333 S ANITA DR | ORANGE | CA | 92868 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 3440 FLAIR DR | EL MONTE | CA | 91731 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 3530 WILSHIRE BLVD | LOS ANGELES | CA | 90010 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 376 VALENCIA AVE | BREA | CA | 92823 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 5230 PACIFIC CONCOURSE DR | DEL AIRE | CA | 90045 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 550 CONTINENTAL | EL SEGUNDO | CA | 90245 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |

| Address | City | State | ZIP | Metropolitan Area |
|---------|------|-------|-----|-------------------|
| 5800 W SUNSET BLVD | LOS ANGELES | CA | 90028 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 5901 DE SOTO AVE | WOODLAND HILLS | CA | 91364 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 601 W 5TH ST | LOS ANGELES | CA | 90017 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 610 NEWPORT CENTER DR | NEWPORT BEACH | CA | 92660 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 620 NEWPORT CENTER DR | NEWPORT BEACH | CA | 92660 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 6300 CANOGA AVE | LOS ANGELES | CA | 91367 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 6320 CANOGA AVE | LOS ANGELES | CA | 91367 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 660 NEWPORT CTR DR | NEWPORT BEACH | CA | 92660 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 7001 S CENTRAL AVE | LOS ANGELES | CA | 90052 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 800 N STATE COLLEGE BLVD | FULLERTON | CA | 92831 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 830 N LA BREA AVE | LOS ANGELES | CA | 90038 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 950 S GRAND AVE | LOS ANGELES | CA | 90015 | LOS ANGELES-RIVERSIDE-ORANGE COUNTY |
| 10920 W LINCOLN AVE | WEST ALLIS | WI | 53227 | MILWAUKEE |
| 11200 W PARKLAND AVE | MILWAUKEE | WI | 53224 | MILWAUKEE |
| 1126 S 70TH ST | MILWAUKEE | WI | 53214 | MILWAUKEE |
| 11270 W PARK PL | MILWAUKEE | WI | 53224 | MILWAUKEE |
| 11300 W BURLEIGH ST | WAUWATOSA | WI | 53222 | MILWAUKEE |
| 1190 W RAWSON AVE | OAK CREEK | WI | 53154 | MILWAUKEE |
| 12000 W PARK PL | MILWAUKEE | WI | 53224 | MILWAUKEE |
| 1233 N MAYFAIR RD | WAUWATOSA | WI | 53226 | MILWAUKEE |
| 1563 S 101 | WEST ALLIS | WI | 53214 | MILWAUKEE |
| 15740 W CLEVELAND AVE | NEW BERLIN | WI | 53151 | MILWAUKEE |
| 18500 W CORPORATE DR | BROOKFIELD | WI | 53045 | MILWAUKEE |
| 1912 S 82ND ST | WEST ALLIS | WI | 53219 | MILWAUKEE |
| 230 W WELLS ST | MILWAUKEE | WI | 53203 | MILWAUKEE |
| 2861 S JAMES DR | NEW BERLIN | WI | 53151 | MILWAUKEE |
| 432 E KILBOURN AVE | MILWAUKEE | WI | 53202 | MILWAUKEE |
| 433 E MICHIGAN ST | MILWAUKEE | WI | 53202 | MILWAUKEE |
| 4701 W GREENFIELD AVE | WEST MILWAUKEE | WI | 53214 | MILWAUKEE |
| 507 E MICHIGAN ST | MILWAUKEE | WI | 53202 | MILWAUKEE |
| 5151 W STATE ST | MILWAUKEE | WI | 53208 | MILWAUKEE |
| 525 N 6TH ST | MILWAUKEE | WI | 53203 | MILWAUKEE |
| 5300 STHWY 38 | MILWAUKEE | WI | 53207 | MILWAUKEE |
| 5315 S 3RD ST | MILWAUKEE | WI | 53207 | MILWAUKEE |
| 555 AIR CARGO WAY | MILWAUKEE | WI | 53207 | MILWAUKEE |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 600 E GREENFIELD AVE | MILWAUKEE | WI | 53204 | MILWAUKEE |
| 635 S 28TH ST | MILWAUKEE | WI | 53215 | MILWAUKEE |
| 6801 N YATES RD | FOX POINT | WI | 53217 | MILWAUKEE |
| 6980 N PORT WASHINGTON RD | MILWAUKEE | WI | 53217 | MILWAUKEE |
| 7930 N FAULKNER RD | MILWAUKEE | WI | 53224 | MILWAUKEE |
| 800 W WELLS ST | MILWAUKEE | WI | 53233 | MILWAUKEE |
| 8112 W BLUEMOUND RD | WAUWATOSA | WI | 53213 | MILWAUKEE |
| 8213 DURAND AVE | STURTEVANT | WI | 53177 | MILWAUKEE |
| 8332 CORPORATE DR | RACINE | WI | 53406 | MILWAUKEE |
| 8900 N ARBON DR | BROWN DEER | WI | 53223 | MILWAUKEE |
| 9015 W MAPLE ST | WEST ALLIS | WI | 53214 | MILWAUKEE |
| 9201 WASHINGTON AVE | STURTEVANT | WI | 53406 | MILWAUKEE |
| N16 W234155 STONERIDGE DR | WAUKESHA | WI | 53186 | MILWAUKEE |
| N19 W24133 RIVERWOOD DR | PEWAUKEE | WI | 53072 | MILWAUKEE |
| N56 W17000 RIDGEWOOD DR | MENOMONEE FALLS | WI | 53051 | MILWAUKEE |
| 101 CIVIC CENTRE DR | SANTEE | CA | 92071 | SAN DIEGO |
| 10505 SORRENTO VALLEY RD | SAN DIEGO | CA | 92121 | SAN DIEGO |
| 10666 N TORREY PINES RD | SAN DIEGO | CA | 92037 | SAN DIEGO |
| 1120 27TH ST | SAN DIEGO | CA | 92154 | SAN DIEGO |
| 11355 NORTH TORREY PINES RD | SAN DIEGO | CA | 92037 | SAN DIEGO |
| 12365 CROSTHWAITE CIR | POWAY | CA | 92064 | SAN DIEGO |
| 12650 DANIELSON CT | POWAY | CA | 92064 | SAN DIEGO |
| 1849 DIAMOND ST | SAN MARCOS | CA | 92069 | SAN DIEGO |
| 1940 DIAMOND ST | SAN MARCOS | CA | 92069 | SAN DIEGO |
| 1950 CORPORATE CTR | OCEANSIDE | CA | 92056 | SAN DIEGO |
| 2251 SAN DIEGO AVE | SAN DIEGO | CA | 92110 | SAN DIEGO |
| 3111 CAMINO DEL RIO N | SAN DIEGO | CA | 92108 | SAN DIEGO |
| 3115 MERRYFIELD ROW | SAN DIEGO | CA | 92121 | SAN DIEGO |
| 3131 CAMINO DEL RIO NORTH | SAN DIEGO | CA | 92108 | SAN DIEGO |
| 330 LEWIS ST | SAN DIEGO | CA | 92103 | SAN DIEGO |
| 333 W HARBOR DR | SAN DIEGO | CA | 92131 | SAN DIEGO |
| 3380 NORMAN SCOTT RD | SAN DIEGO | CA | 92136 | SAN DIEGO |
| 3851 ROSECRANS ST | SAN DIEGO | CA | 92110 | SAN DIEGO |
| 3900 LOMALAND DR | SAN DIEGO | CA | 92106 | SAN DIEGO |
| 4077 5TH AVE | SAN DIEGO | CA | 92103 | SAN DIEGO |
| 4310 LANDIS ST | SAN DIEGO | CA | 92105 | SAN DIEGO |
| 435 H ST | CHULA VISTA | CA | 91910 | SAN DIEGO |
| 5055 VIEWRIDGE AVE | SAN DIEGO | CA | 92123 | SAN DIEGO |
| 5555 OVERLAND AVE | SAN DIEGO | CA | 92123 | SAN DIEGO |
| 5601 OBERLIN DR | SAN DIEGO | CA | 92121 | SAN DIEGO |
| 5670 OBERLIN DR | SAN DIEGO | CA | 92121 | SAN DIEGO |
| 5754 PACIFIC CENTER BLVD | SAN DIEGO | CA | 92121 | SAN DIEGO |
| 5880 OBERLIN DR | SAN DIEGO | CA | 92121 | SAN DIEGO |
| 6150 NANCY RIDGE DR | SAN DIEGO | CA | 92121 | SAN DIEGO |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 8355 AERO DR | SAN DIEGO | CA | 92123 | SAN DIEGO |
| 8520 TECH WAY | SAN DIEGO | CA | 92123 | SAN DIEGO |
| 9089 CLAIREMONT MESA BLVD | SAN DIEGO | CA | 92123 | SAN DIEGO |
| 9233 BALBOA AVE | SAN DIEGO | CA | 92123 | SAN DIEGO |
| 9888 GENESEE AVE | SAN DIEGO | CA | 92117 | SAN DIEGO |
| 9950 BARNES CANYON RD | SAN DIEGO | CA | 92121 | SAN DIEGO |
| NAVAL AIR STATION | SAN DIEGO | CA | 92135 | SAN DIEGO |
| 1025 2ND AVE | OAKLAND | CA | 94606 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 221 MAIN ST | SAN FRANCISCO | CA | 94105 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 2325 ORCHARD PKWY | SAN JOSE | CA | 95131 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 245 MARKET ST | SAN FRANCISCO | CA | 94105 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 4665 BUSINESS CENTER DR | FAIRFIELD | CA | 94585 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 5858 HORTON ST | EMERYVILLE | CA | 94608 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 601 MONTGOMERY ST | SAN FRANCISCO | CA | 94111 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 650 CALIFORNIA ST | SAN FRANCISCO | CA | 94108 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 717 POTTER ST | BERKELEY | CA | 94710 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 720 PARKER ST | BERKELEY | CA | 94710 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 75 E TRIMBLE RD | SAN JOSE | CA | 95131 | SAN FRANCISCO-OAKLAND-SAN JOSE |
| 10101 WOODFIELD | CREVE COEUR | MO | 63132 | ST. LOUIS |
| 10401 BAUR BLVD | OLIVETTE | MO | 63132 | ST. LOUIS |
| 10430 BAUR BLVD | OLIVETTE | MO | 63132 | ST. LOUIS |
| 10845 BAUR | CREVE COEUR | MO | 63132 | ST. LOUIS |
| 1100 EASTPORT PLAZA DR | COLLINSVILLE | IL | 62234 | ST. LOUIS |
| 1111 WOODS MILL | ST LOUIS | MO | 63011 | ST. LOUIS |
| 11330 OLIVE BLVD | ST LOUIS | MO | 63141 | ST. LOUIS |
| 11700 DUNLAP INDUSTRIAL DR | MARYLAND HEIGHTS | MO | 63043 | ST. LOUIS |
| 11975 WESTLINE INDUSTRIAL DR | MARYLAND HEIGHTS | MO | 63146 | ST. LOUIS |
| 12312 OLIVE BLVD | CREVE COEUR | MO | 63141 | ST. LOUIS |
| 13045 TESSON FERRY RD | TESSON FERRY | MO | 63128 | ST. LOUIS |
| 14440 S OUTER FORTY RD | TOWN AND COUNTRY | MO | 63141 | ST. LOUIS |
| 14515 N OUTER RD | CHESTERFIELD | MO | 63017 | ST. LOUIS |
| 14528 S OUTER 40 RD | CHESTERFIELD | MO | 63017 | ST. LOUIS |
| 1699 S HANLEY RD | BRENTWOOD | MO | 63144 | ST. LOUIS |
| 1706 WASHINGTON AVE | ST LOUIS | MO | 63103 | ST. LOUIS |
| 1850 BORMAN CT | MARYLAND HEIGHTS | MO | 63146 | ST. LOUIS |
| 1945 CRAIG RD | MARYLAND HEIGHTS | MO | 63141 | ST. LOUIS |

| Address | City | State | ZIP | Metropolitan Area |
|---|---|---|---|---|
| 210 N 13TH ST | ST LOUIS | MO | 63103 | ST. LOUIS |
| 2100 SCHUETZ RD | MARYLAND HEIGHTS | MO | 63146 | ST. LOUIS |
| 232 S WOODS MILL RD | CHESTERFIELD | MO | 63017 | ST. LOUIS |
| 25 RESEARCH CT | WELDON SPRING | MO | 63304 | ST. LOUIS |
| 2600 WASHINGTON | ST LOUIS | MO | 63103 | ST. LOUIS |
| 305 ROCK INDUSTRIAL PARK DR | BRIDGETON | MO | 63044 | ST. LOUIS |
| 3635 VISTA @ GRAND BLVD | ST LOUIS | MO | 63110 | ST. LOUIS |
| 41 VILLAGE SQUARE DR | ST LOUIS | MO | 63042 | ST. LOUIS |
| 424 S WOODS MILL RD | TOWN AND COUNTRY | MO | 63017 | ST. LOUIS |
| 425 S WOODS MILL RD | CHESTERFIELD | MO | 63017 | ST. LOUIS |
| 525 COUCH AVE | KIRKWOOD | MO | 63122 | ST. LOUIS |
| 600 MASON RIDGE CENTER DR | TOWN AND COUNTRY | MO | 63141 | ST. LOUIS |
| 8 PARK PL | SWANSEA | IL | 62226 | ST. LOUIS |
| 8020 FORSYTH BLVD | CLAYTON | MO | 63105 | ST. LOUIS |
| 900 N TUCKER BLVD | ST LOUIS | MO | 63101 | ST. LOUIS |
| BLDG P-5 | SCOTT AIR FORCE BASE | IL | 62225 | ST. LOUIS |