# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.:  1:05CV02102 (EGS) |
| ) | |
| v. ) | |
| ) | |
| SBC Communications, Inc. and ) | |
| AT&T Corp., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| United States of America, ) | |
| ) | Civil Action No.: 1:05CV02103 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Verizon Communications Inc. and ) | |
| MCI, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## RESPONSE OF THE UNITED STATES TO ACTEL'S MOTION FOR *AMICUS CURIAE* AND INTERVENOR STATUS PURSUANT TO THE TUNNEY ACT

ACTel's Motion for *Amicus Curiae* and Intervenor Status Pursuant to the Tunney Act

seeks two entirely separate things:  (1) leave to file the Memorandum attached to its Motion as its

Opposition to the United States' Motion for Entry of Final Judgments[1] and (2) "*amicus curiae* or

intervenor status."  The United States does not oppose granting ACTel leave to file the

---

[1] ACTel's Memorandum is styled as a "Memorandum of Points and Authorities in Support of ACTel's Motion for *Amicus Curiae* and Intervenor Status Pursuant to the Tunney Act and in Opposition to the United States' Motion for Entry of Final Judgments."  We understand it to constitute ACTel's Opposition to the United States' Motion for Entry of Final Judgments.

Memorandum as its Opposition.  We anticipate filing our response explaining why ACTel's

Opposition is without merit on, or before, the date established by the Court.[2]

The United States opposes ACTel's motion as to *amicus curiae* status.  Because the

Tunney Act provides that the Court may allow participation by third parties to the "extent which

serves the public interest as the court may deem appropriate," 15 U.S.C. § 16(f)(3), with or

without the status of an *amicus*, no useful purpose would be served by granting ACTel that

status.  On the other hand, granting it would raise the question of what privileges, or even rights,

are attached to that status, and how it would impact the Tunney Act review.  We submit that it is

preferable for the Court to grant (or deny) specific requests to participate in specified ways, rather

than to issue blank checks which could later prove disruptive to the efficient conduct of these

proceedings.

ACTel also requests leave to intervene, but only for purposes of appeal.  The United

States opposes that request on the grounds that it is premature.[3]  ACTel cannot know prior to the

Court's public interest determination whether it will wish, or have any basis, to appeal that

determination.[4]  In those rare instances when courts have granted intervention for purposes of

---

[2] The United States is filing this pleading to respond to ACTel's request to participate in the proceedings.  After receiving any additional filings by ACTel on May 16 as ordered by the Court, the United States will respond to the substantive issues raised by ACTel by May 31, 2006.

[3] The United States, of course, does not now waive any objections it might have should ACTel renew its motion to intervene for purposes of appeal at a later date.

[4] *See, e.g., United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319436 at *3 n.3 (D.D.C. Feb. 28, 2002) (denying motion to intervene for purposes of appeal as premature); *United States v. Thomson Corp.*, No. 96-1415, 1996 WL 554557, at *3 (D.D.C. Sept. 25, 1996) (denying motion to intervene but noting that the movant could later "renew its motion to intervene for purposes of appeal or in view of later developments that may present changed and more compelling circumstances").

appeal from a Tunney Act final judgment, they have done so after the public interest

determination, when the final judgment has been, or is about to be, entered, and a record to

inform the decision on intervention exists.[5]

Respectfully submitted,

_____/s/_____
Laury E. Bobbish
Assistant Chief

_____/s/_____
Claude F. Scott, Jr. (D.C. Bar No. 414906)
Lawrence M. Frankel (D.C. Bar No. 441532)
Jared A. Hughes
Trial Attorneys

Telecom & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States

_____

[5] *See United States v. Mountain Health Care,* No. 02-288 (W.D.N.C. Sept. 15, 2003), Docket, *available at* https://ecf.ncwd.uscourts.gov (Final Judgment, Sept. 15, 2003; Motion for Leave to Intervene for Purposes of Appeal, Sept. 26, 2003; Order Granting Leave to Intervene for Purposes of Appeal, Oct. 30, 2003), *appeal dismissed,* 96 F. App'x 140, 2004 WL 938495 (4th Cir. 2004); *United States v. Thomson Corp.*, No. 96-1415, 1997 WL 90992, at *4 (D.D.C. February 27, 1997) (permitting intervention, which had previously been denied as untimely, once entry of final judgment was "in all likelihood imminent"); *United States v. AT&T,* 552 F. Supp. 131, 219 (D.D.C. 1982) ("At the time the decree is entered, the Court will issue an order describing the rights of intervenors.  These will include: (1) the right to appeal the entry of the decree[.]").