IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, ) | |
| ) | Civil Action No.: 1:05CV02102 (EGS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SBC Communications, Inc. and ) | |
| AT&T Corp., ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION OF THE UNITED STATES TO MICHAEL LOVERN, SR.'S MOTION
FOR *AMICUS CURIAE* AND INTERVENOR STATUS**

The United States opposes Michael Lovern, Sr.'s ("Lovern") Motion to intervene and to participate as amicus curiae in these Tunney Act proceedings.[1]

Lovern has been involved in a long-running dispute with the Regional Bell Operating Companies ("RBOCs"), including SBC Communications, Inc. ("SBC"), and AT&T Corp. ("AT&T"). This dispute concerns millions of dollars allegedly stolen from Lovern through a "criminal racketeering enterprise" that the RBOCs have allegedly presided over since 1984.[2]

---

[1] Lovern refers to National Teleprocessing, Inc. and American TeleDial Corp., companies he allegedly founded, as "Opposing Parties" and purports to file his Motion on their behalf. Motion of Michael Lovern, Sr. ("Mot.") at 1. It is our understanding that Mr. Lovern is not licensed to practice law in the District of Columbia, and thus may not represent these corporations here. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993).

[2] Mot. at 21. Lovern has raised these issues with the Antitrust Division in connection with numerous merger investigations, spanning at least the past decade. In 2004, he filed comments regarding the merger of Cingular Wireless and AT&T Wireless which make virtually identical allegations to those in his Motion. *See* Mot. at 2-5; Plaintiff United States's Response to Public Comments, *United States v. Cingular Wireless Corp.*, No. 1:04CV01850 (RBW) (filed Feb. 17, 2005), *available at* http://www.usdoj.gov/atr/cases/f207800/207842.pdf. In letters submitted to the Antitrust Division, Lovern noted that he had "sued SBC in 1992, and the lawsuit was

The centerpiece of this alleged criminal conspiracy is the InterCompany Settlement System ("ISS"), which Lovern alleges controls billing and collection for the RBOCs and their competitors, operating as a "secret billing system, the circle within the circle." Mot. at 12. He argues that if the Court enters the proposed Final Judgment, his interests in the money allegedly stolen from him will be harmed because he "expects the new AT&T to totally destroy any remaining evidence that is still inside AT&T." Mot. at 17.

Lovern's concerns have nothing to do with the proposed Final Judgment. He admits that "DOJ makes no mention of the ISS in any of their filings." Mot. at 2. Because the issues he raises are unrelated to the impact on competition of SBC's merger with AT&T, his participation as amicus curiae would not assist the Court in making its public interest determination under the Tunney Act. Moreover, his allegations of a criminal conspiracy involving SBC, AT&T, and others remain unaffected by either the proposed Final Judgment or the underlying merger, making intervention of right inappropriate.

I. **LOVERN DOES NOT SATISFY THE REQUIREMENTS FOR INTERVENTION OF RIGHT.**

Lovern argues that he is entitled to intervention of right under Fed R. Civ. P. 24(a)(1) & (2).[3] Because the Tunney Act provides no "unconditional right to intervene," Lovern has no

---

subsequently settled against his wishes." *Id*. at 12. He has also brought these issues before other tribunals, including the Missouri Public Service Commission, which he alleged "covered up the fraud he alleges was committed by the RBOCs." *Id*.

[3]Lovern makes no argument that he is entitled to permissive intervention under Fed. R. Civ. P. 24(b).

basis for intervention under Fed. R. Civ. P. 24(a)(1).[4] Lovern must therefore demonstrate that he has "an interest relating to the property or transaction which is the subject of the action" and that "disposition of the action may as a practical matter impair or impede [his] ability to protect that interest." Fed. R. Civ. P. 24(a)(2).

Lovern has made no coherent claim that entry of the proposed Final Judgment would impair or impede his ability to protect any alleged interests he might have related to the merger of SBC and AT&T. Despite his bare assertion that the merger will somehow cause AT&T to destroy evidence related to the alleged theft, he has not suggested any connection between the transaction at issue and his ability to pursue any alleged claim against the merging parties. His pleading, therefore, provides no competent justification for intervention of right.

## II.    LOVERN'S PARTICIPATION AS AN AMICUS CURIAE WOULD NOT ASSIST THE COURT, AND WOULD ONLY DELAY THE PROCEEDINGS.

The Court should deny Lovern's request to participate as amicus curiae because his participation is unlikely to assist the Court in making its public interest determination under the Tunney Act. Lovern's Motion revolves entirely around allegations that have nothing to do with the antitrust issues addressed by the United States' Complaint or the proposed Final Judgment. To allow his participation as amicus curiae would only add distraction and delay to the proceedings.

---

[4]The Tunney Act states that in determining whether a proposed consent judgment is in the public interest, a court "*may* ... authorize full or limited participation" by interested persons, including "intervention as a party pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 16(f) (emphasis added).

## CONCLUSION

For the foregoing reasons, Lovern's Motion should be denied.

                                  Respectfully submitted,

                                  _____/s/_____

                                  Laury E. Bobbish
                                  Assistant Chief

                                  _____/s/_____

                                  Claude F. Scott, Jr. (D.C. Bar No. 414906)
                                  Lawrence M. Frankel (D.C. Bar No. 441532)
                                  William B. Michael
                                  Trial Attorneys

                                  Telecom & Media Section
                                  Antitrust Division
                                  U.S. Department of Justice
                                  1401 H Street, N.W., Suite 8000
                                  Washington, D.C. 20530
                                  (202) 514-5621
                                  Attorneys for the United States