IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>Verizon Communications, Inc. and<br>MCI, Inc.,<br><br>Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**AT&T INC.'S OPPOSITION TO MICHAEL LOVERN, SR.'S
MOTION TO INTERVENE AND APPEAR AS AMICUS CURIAE**

AT&T Inc. opposes the intervention or grant of amicus status to Mr. Lovern, et al in this Tunney Act proceeding. Mr. Lovern's rambling and largely unintelligible motion, together with his track record of burdening courts with claims that have been determined to be "obviously without merit" and "a monument to what ought not to be in a federal court," *Lovern v. Edwards*, 190 F.3d 648, 656 (4th Cir. 1999), are strong evidence that his assertions are devoid of merit. But what is unmistakably clear is that the subject matter – which can at best be described as a

purported private dispute over billing and collection systems and calling cards that Mr. Lovern has repeatedly and unsuccessfully tried to foist on various courts and federal agencies for nearly 15 years – is well outside the scope of this proceeding.

1.  Mr. Lovern cannot intervene under F.R.C.P. 24(a) as of right as he requests. The Tunney Act contains no provision conferring an "unconditional right to intervene" that would permit intervention under F.R.C.P. 24(a)(1). To the contrary, the Tunney Act does not "require the Court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). Additionally, Mr. Lovern is not "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect" his interest under F.R.C.P. 24(a)(2). *Massachusetts School of Law v. United States*, 118 F.3d 776, 780 (D.C. Cir. 1997). According to his papers, the only interest Mr. Lovern claims in this proceeding is to prevent a final order from being issued because he "expects the new AT&T to totally destroy any remaining evidence that is still inside AT&T." Lovern Brief at 17. Apart from its facial implausibility, this plainly is not a cognizable interest in this Tunney Act proceeding, which deals solely with the Court's public interest determination as it relates to the remedy proposed to address the anticompetitive effects related to local private line service in eleven MSAs alleged in the government's Complaint.

2.  Permissive intervention is also inappropriate here in view of the nature of the claims raised by Mr. Lovern. His conspiracy and fraud assertions are "totally irrelevant to conventional antitrust analysis, as reflected in existing precedent, upon which the government's complaint in this case is based, and …

2

present no common questions of fact or law." *See United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 649 (D.Del. 1983); *see also United States v. Carrols Development Corp.*, 454 F. Supp. 1215, 1221 (N.D.N.Y. 1978). Mr. Lovern admits as much in noting that the "DOJ makes no mention of the ISS in any of their filings." Thus, his allegations do not have the requisite questions of fact or law in common with the government's Complaint.

    3.    Finally, AT&T also opposes granting amicus status to Mr. Lovern, who does not even purport to add anything of relevance to this Tunney Act proceeding. As noted, Mr. Lovern previously burdened the federal judiciary with claims that were determined to be "obviously without merit" and "a monument to what ought not to be in a federal court." *See Lovern v. Edwards*, 190 F.3d 648, 656 (4th Cir. 1999). Granting Mr. Lovern leave to file further materials or to otherwise participate in this proceeding will not assist the Court in its public interest determination, but will only risk distraction from the matter at hand. Accordingly, Mr. Lovern's motion should be denied.

    Respectfully submitted,

    _____/s/_____
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No. 356402)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Counsel for Defendant AT&T Inc.

Dated: May 24, 2006
2774390

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2006, true and correct copies of AT&T Inc.'s Opposition to Michael Lovern, Sr.'s Motion to Intervene and Appear as Amicus Curiae were sent by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff*

Laury E. Bobbish
Assistant Chief, Telecommunications &
Media Enforcement Section
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530

Lawrence M. Frankel
Attorney, Telecommunications & Media
Enforcement Section
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 800
Washington, D.C. 20530

*Attorneys for Michael Lovern, Sr.*

Michael Lovern, Sr.
3713 Parke Drive
Edgewater, Maryland 21037
Washington, D.C. 20006

*Attorneys for Verizon Communications, Inc.*

John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for MCI, Inc.*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

_____

2774697