IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:05CV02102 (EGS) |
| v. | ) | |
| SBC Communications, Inc. and AT&T Corp., | ) | MICHAEL LOVERN, SR. ET AL (AMICUS CURIAE) RESPONSE TO AT&T'S MOTION IN OPPOSITION TO AMICUS CURIAE'S INTERVENTION AND APPEARANCE |
| Defendants. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 1:05CV02103 (EGS) |
| Verizon Communications Inc. and MCI, Inc., | ) | |
| Defendants. | ) | |

**RESPONSE MOTION BY MICHAEL LOVERN, SR., ET AL (AMICUS CURIAE) - CASE NO. 1:05CV02102 (EGS), and, CASE NO. 1:05CV02103 (EGS) TO AT&T'S MOTION IN OPPOSITION TO AMICUS CURIAE'S INTERVENTION**

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**
*Amici's Response Motion To AT&T's Motion in In Opposition*

The undersigned, Michael Lovern, Sr., et al (Intervenor) respectfully submits this response motion to AT&T's motion in opposition to Intervenors' intervention in this case.

AT&T, once again, is being disingenuous with the Court, just as they did in the Honorable Judge Harold Greene's Court years ago. AT&T starts off by intentionally misrepresenting facts regarding the Intervenor.

To try and get this Court to focus on things that have nothing to do with this case should speak volumes to the Court about AT&T's integrity. AT&T's only defense to the allegations in the Intervenor's brief is to attack and try and discredit one of the Intervenors, Michael Lovern, Sr. (Lovern), with false representations.

*First*, AT&T's reference to *Lovern v. Edwards* is a weak attempt to sway this court considering they did not deny any of the allegations asserted by the Intervenors, including the statement that the Intervenors have the Regional Bell Operationing Companies (RBOCs) secret internal documents that discuss how the RBOCs were laundering stolen money on behalf of AT&T for a percentage of the stolen money. [proceeds from the racketeering enterprise].

AT&T's representation that the *Edwards* case was without merit is simply false, not to mention irrelevant. Their reference to the 4th Cir. Opinion is interesting considering that the only question of law before the 4th Cir. was whether the District Court legally denied to accept subject matter jurisdiction. The merits of the case were never before the court, or adjudicated.

(2)

More important, which AT&T intentionally fails to tell the court as they have knowledge, is that Edwards settled the case out of court in Lovern's favor before the 4th Cir. even rendered an opinion. [See Footnote 1 – 190 F. 3d 648], which makes AT&T's statement that Lovern's case was without merit ridiculous.

*Second*, AT&T states that Lovern has "repeatedly and unsuccessfully tried to foist on various courts and federal agencies for nearly 15 years" the purported private dispute over billing and collection systems and calling cards. This Court should note the record that Lovern, nor the other Intervenors, have NEVER litigated any legal action in their name in any court in this country regarding their legal claims. Once again, AT&T is being disingenuous with the Court and should be sanctioned for intentionally making false statements to the Court.

1.      Intervenors' right to intervene falls under Rule 24(a)(1)&(2) F.R.Civ.P., and the Tunney Act. Intervenor's interest can be impeded and impaired if this merger is finalized. In addition, now that AT&T has copied Verizon & MCI on their motion, this Court needs to recognize that MCI Shareholders have Billions of Dollars in legal claims associated with the InterCompany Settlement System (ISS) that will disappear if VERIZON is allowed to take over MCI. Verizon is just as culpable as SBC Communications and AT&T et al.

2.      The ISS and its relationship with antitrust is very much cognizable in this Tunney Act proceeding as the Government has failed to protect the "Public's Interest." There is

(3)

nothing to prevent AT&T, Verizon, and the remaining ISS Hosts to utilize the ISS for the same illegal, non-competitive functions it's been used for since 1984, including the potential to use it illegally in the wireless industry.

3.    Intervenors' fraud and conspiracy allegations [not denied by AT&T] are totally relevant to the antitrust analysis because they are directly connected to the ISS, which controls the entire settlement process within the industry. All CLECS are required to enter into an ISS settlement contract that will be controlled by AT&T. The "conflict of interest" issue alone is enough to warrant antitrust analysis in this proceeding because Judge Greene's legal conclusion regarding the ISS is no different today.

4.    The fact that DOJ, nor AT&T, or Verizon never mention the ISS should raise a red flag with this Court. The Government intentionally failed to protect the *public's interest* in regards to the ISS because they have a conflict of interest regarding DOJ personnel liability (individual capacity) going back years. It's the Antitrust legal liability that causes them to avoid bringing up the ISS. The same is for the FCC.

5.    It is well settled that intervention of right may be granted in a Government antitrust case after a showing of Government bad faith or malfeasance. *Associated Milk Producers*, 534 F.2d at 117; *G. Heileman Brewing,* 563 F. Supp. at 649; *see Sam Fox Publishing Co. v. United States*, 366 U.S. 683, 689 (1961). The party seeking intervention bears the burden of proving "that the Government has not acted properly in the public

(4)

interest." *United States v. Blue Chip Stamp Co.*, 272 F. Supp 432, 438 (C.D.Cal. 1967), *aff'd per curiam sub nom. Thrifty Shoppers Scrip Co. v. United States*, 389 U.S. 580 (1968). Intervenors' in this case did not fail to allege bad faith and malfeasance by the Government in their brief **[Intervenor Brief at pg.'s 18-19, or provide proof]**.

6. Not only do the Intervenors have a protected interest in the outcome of this proceeding guaranteed under Rule 24(a)(1&2), Lovern is a Consumer, and the Government has not even come close to protecting the "Public's Interest" as it relates to the future use and administration of the ISS, and its potential anti-competitive, antitrust consequences on the general public, AT&T's competitors, private corporations and the federal government; and, this Court cannot ignore the claims available to MCI Shareholders going back to divestiture.

7. All AT&T has done is try and deflect this Court's attention from the real issue, that being the ISS. AT&T can attempt to shoot the Messenger, but the Message speaks for itself, and will hold up to scrutiny. Remember, AT&T did not even deny the allegations because they can't as they are all documented. Accordingly AT&T's Motion in Opposition should be disregarded and the Intervenors should be allowed to continue in this proceeding.

Respectfully submitted,

*/s/ Michael Lovern, Sr.*
Michael Lovern, Sr.
3713 Parke Drive
Edgewater, MD 21037
(206)-202-9074
pratgen@myway.com

American TeleDial Corp. &
National Teleprocessing, Inc.

By: Michael Lovern, Sr.
3713 Parke Drive
Edgewater, MD 21037
(206)-202-9074
pratgen@myway.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of May, 2006, copies of the foregoing RESPONSE MOTION OF MICHAEL LOVERN, SR., ET AL, (INTERVENORS) AS AMICUS CURIAE TO AT&T'S MOTION IN OPPOSITION TO THE INTERVENTION OF INTERVENORS IN THIS CASE WAS served by U.S. Mail, on counsel of record as follows:

Lawrence M. Frankel (D.C. Bar No. 441532)
Matthew C. Hammond
Trial Attorneys
Telecom & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States

-------------------------------------------------------------------------------

FOR DEFENDANT
SBC COMMUNICATIONS, INC.

Wm. Randolph Smith (D.C. Bar No. 356402)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2700

(6)

FOR DEFENDANT AT&T CORP.

David L. Lawson (D.C. Bar No. 434741)
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-808

FOR VERIZON COMMUNICATIONS, INC.

John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201


FOR MCI, INC.

Paul M. Erkildsen
MCI, Inc.
22001 Loundon County Parkway
Ashburn, VA 20147


Michael Lovern, Sr., et al
3713 Parke Drive
Edgewater, Maryland 21037
(206)-202-9074
pratgen@myway.com

May 27, 2006