**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                               )<br>          Plaintiff,                               )<br>v.                                                        )<br>                                                               )<br>SBC Communications, Inc. and     )<br>AT&T Corp.,                                     )<br>                                                               )<br>          Defendants.                         )<br>_____)<br>                                                               )<br>UNITED STATES OF AMERICA,           )<br>                                                               )<br>          Plaintiff,                               )<br>v.                                                        )<br>                                                               )<br>Verizon Communications Inc. and )<br>MCI, Inc.,                                          )<br>                                                               )<br>          Defendants.                         )<br>_____) | Civil Action No.<br>1:05CV02102 (EGS)<br><br><br><br><br><br><br><br><br>Civil Action No.<br>1:05CV02103 (EGS) |

**VERIZON'S RESPONSE TO ACTEL'S REPLY MEMORANDUM**
**IN OPPOSITION TO THE UNITED STATES' MOTION FOR**
**ENTRY OF FINAL JUDGMENT**

In its Reply Memorandum of June 7, 2006, ACTel makes several brand new arguments regarding (1) prices for Local Private Line services and (2) the cost savings and other efficiencies of the Verizon/MCI merger. Verizon files this response to correct several inaccurate and misleading claims that ACTel makes in connection with those new arguments.

**1.** ACTel claims (at 15-17) that in the time since the mergers were approved prices for Local Private Line services have increased. With respect to Verizon and MCI, ACTel does not provide a single example of a post-merger price increase. Verizon has

fully complied with the FCC's conditions prohibiting such increases, and has not raised the prices for any of its high-capacity (*i.e.*, DS1 or above) Local Private Line services that are sold pursuant to interstate or contract tariffs.

Unable to show an actual price increase, ACTel claims (at 16) that Verizon's special access prices were "in steep decline" prior to the merger and suggests that this trend will cease with the elimination of MCI. Verizon agrees that special access prices have been declining. This proves that competition for special access services has been intense. Both the DOJ and FCC found that MCI was only one of many providers responsible for this intense competition, and that there were only a small number of locations where MCI was the only existing alternative to Verizon. *See Verizon/MCI Order* ¶¶ 30, 38; Complaint ¶¶ 16-17; DOJ May 31, 2006 Reply at 17, 23.[1] In doing so, both agencies rejected the same arguments and evidence that ACTel has submitted here. *See Verizon/MCI Order* ¶¶ 42-46; DOJ May 31, 2006 Reply at 15-16. This Court should give due weight to the DOJ's and FCC's considered judgments.

**2.** ACTel claims (at 20-21) that the efficiencies and other cost savings that the merger will create are not "merger-specific" and could be achieved by MCI "on its own or by licensing some technology from Verizon." Here, too, both the DOJ and FCC reached a different conclusion and rejected ACTel's claims. Based on an extensive record, both agencies concluded that many of the expected costs savings and other efficiencies come from combining Verizon's and MCI's respective networks, including

---

[1] ACTel claims (at 14 & n.13) that Verizon has previously identified MCI as "primary competitor," selectively quoting one of the declarations that Verizon filed in an FCC proceeding. That declaration demonstrates that there are well over a dozen significant competitive fiber suppliers in Verizon's region, and does not at any point single out MCI as a particularly important competitor.

2

their local fiber networks, and could not be achieved by another means. *See Verizon/MCI Order* ¶ 193, 202-212; DOJ Press Release, *Justice Department Requires Divestitures in Verizon's Acquisition of MCI and SBC's Acquisition of AT&T* (Oct. 27, 2005), *available at* http://www.usdoj.gov/opa/pr/2005/October/05_at_571.html.

## CONCLUSION

ACTel's motion should be denied and the Department's motion for entry of the Final Judgment should be granted.

Respectfully submitted,

/s/ Mark C. Hansen

| | |
|---|---|
| John Thorne | Mark C. Hansen |
| David E. Wheeler | Mark L. Evans |
| Verizon Communications Inc. | Aaron M. Panner |
| 1515 N. Courthouse Road | Evan T. Leo |
| Arlington, Virginia 22201 | Kellogg, Huber, Hansen, Todd, |
| Telephone: (703) 351-3000 |    Evans & Figel, P.L.L.C. |
| Facsimile: (703) 351-3670 | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036-3209 |
| | Telephone (202) 326-7900 |
| | Facsimile (202) 326-7999 |

June 20, 2006