UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. **1:05-CV-02102 (EGS)** |
| ) | |
| SBC COMMUNICATIONS, INC. and ) | |
| AT&T CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. **1:05-CV-02103 (EGS)** |
| ) | |
| VERIZON COMMUNICATIONS, INC. ) | |
| and MCI INC., ) | |
| ) | |
| Defendants. ) | |

**MOTION OF THE AMERICAN ANTITRUST INSTITUTE, INC.
TO INTERVENE AND MEMORANDUM OF POINTS AND AUTHORITIES**

The AMERICAN ANTITRUST INSTITUTE, INC. ("AAI"), 2919 Ellicott St., N.W., Washington, D.C. 20008, pursuant to Federal Rules of Civil Procedure, Rule 24 (b)(1), and the Antitrust Penalties and Procedures Act, 15 U.S.C. §§16(b)-(h) (the "Tunney Act"), moves for permissive statutory intervention in the above-captioned consolidated cases and requests an oral hearing on this motion.

The AAI seeks to intervene for the purpose of assisting the Court in making its public interest determination by presenting two expert witnesses, Professor Joseph Farrell and Professor Darren Bush.

Professor Farrell is Professor of Economics and Chair of the Competition Policy Center at the University of California, Berkeley where he is also Affiliate Professor of Business. In 1996-1997 he served as Chief Economist at the Federal Communications Commission. In 2000-2001 he served as Deputy Assistant Attorney General and chief economist at the U.S. Department of Justice Antitrust Division. He is a Fellow of the Econometric Society and former President of the Industrial Organization Society. From 2001 to 2004 he served on the Computer Science and Telecommunications Board of the National Academies of Science. His curriculum vitae is attached hereto as Exhibit "A." Professor Farrell has studied aspects of the proposed mergers (including certain competitive conditions and commercial practices in the local private line market) and his declarations regarding such practices and conditions already have been filed in the record in this case by virtue of having been appended to the Comments of *amicus* CompTel filed as Exhibits "B" and "D" to Plaintiff United States' Response to Public Comments, Document 19, entered 3/21/2006. Professor Farrell has offered, pro bono, to review the Complaints, Proposed Final Judgments, Competitive Impact Statements, the United States' Response to Comments, the orders of the FCC, and any identifiable direct responses to his previous testimony, to appear before the Court for no more than one day, and to address, as best he can, any questions that the Court may wish to ask in connection with the required public interest determination and/or the proper weight to be accorded the FCC orders in the

present case.

Professor Darren Bush is an antitrust economist and Assistant Professor of Law at the University of Houston. He is a former honors attorney at the U.S. Department of Justice Antitrust Division and co-author, with John J. Flynn, of "Misuse and Abuse of the Tunney Act: The Adverse Consequences of the 'Microsoft Fallacies'," 34 Loy.U.Chi.L.J. 749 (2003) (*Microsoft Fallacies*), a leading article on the Tunney Act that was cited in the legislative history of the 2004 amendments. His curriculum vitae is attached hereto as Exhibit "B." Professor Bush has offered, pro bono, to review the record in this case, to appear before the Court for no more than one day, and to address, as best he can, any questions that the Court may wish to ask about the procedural, substantive, or constitutional issues that may arise in connection with the Court's fashioning of an appropriate procedure for the discharge of the Court's duty to make a public interest determination.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Introduction**

Pursuant to §5(e) of the Tunney Act, 15 U.S.C. §16(e), the proposed final judgments pending in these cases may only be entered upon the Court's determination "that the entry of such judgment is in the public interest."

In making its public interest determination, the Tunney Act authorizes the Court to take such action "as the court may deem appropriate," 15 U.S.C. §16(f)(5), including taking testimony "of Government officials or experts," or "other expert witnesses," 15 U.S.C. §16(f)(1), appointing "a special master" or "outside consultants," 15 U.S.C. §16(f)(2), and

authorizing "full or limited participation" of interested parties, 15 U.S.C. §16(f)(3). The Tunney Act also provides procedures for the Court's review of any comments or objections filed with the United States under §5(d), 15 U.S.C. §16(d), and the parties' oral or written communications with the United States disclosed under §5(g), 15 U.S.C. §16(g).

On July 12, 2006, the Court conducted a hearing at which the parties and *amici* presented arguments and authorities bearing on Tunney Act issues including, *inter alia*, the extent and nature of the Court's duties and responsibilities with respect to its statutory public interest determination, the significance of the 2004 amendments to the Tunney Act, Pub.L. 108-237, §221(b)(1) (2004), whether information in addition to the present record may be necessary, whether the proposed remedies are sufficient, the consideration, if any, to be given to the likelihood of competitive harm not alleged in the pleadings (such as those raised by the Comments of the New York Attorney General), and the appropriate weight, if any, to be accorded to the Federal Communications Commission's conditional approval of the parties' applications for transfers of control of regulated facilities.

**II.    The Record Is Inadequate to Support Entry of the Proposed Final Judgments Under the Requirements of the Tunney Act**

Despite the obvious significance of these proposed mergers for the U.S. economy and the American consumer, only three (3) comments or objections were filed (*See* Plaintiff United States' Response to Public Comments, Document 19, Entered 3/21/2006). Moreover, no communications of any kind between the parties and the United States were disclosed to the Court (*See* Certification of Defendants [AT&T and SBC] Pursuant to 15 U.S.C. §16(g),

4

Document 4, Entered 11/7/2005 and Certification of Defendants [Verizon and MCI] Pursuant to 15 U.S.C. §16(g), Civil Case No. 1:05CV02103 (EGS), Document 14, Entered 2/16/2006), and no party or *amici* has proffered any expert or lay testimony or moved for the appointment of any special master or consultant.

Furthermore, much of the briefing by the parties and the government at the July 12, 2006 hearing was incomplete or incorrect, particularly with respect to the scope of the Court's Tunney Act duties and authority and the proper legal standard to be applied in light of the 2004 amendments and the judicial inquiry appropriate for arriving at a public interest determination in these cases. Finally, despite the Court's encouragement to the government and the parties to offer experts or other witnesses to make presentations in support of their negotiated decrees, such encouragement not only went unanswered but both the government and the parties claimed that no suitable experts were at their disposal.

As a result, the record in its present state fails to provide the Court with an adequate basis on which to determine that the entry of the proposed final judgments would be in the public interest. As Flynn and Bush point out in *Microsoft Fallacies*, the government certainly has the right to dismiss an antitrust complaint or negotiate a settlement, but the entry of a judgment is a "judicial function, subject to the court's full equitable powers." *Id*. at 788. Entry of the proposed judgements based on the record in its presently inadequate state would make a mockery of the judicial function.[1]

---

[1] This is a description of the present situation as the AAI views it, not an endorsement of the erroneous impression, created by the opinions in U.S. v. Microsoft Corp., 56 F.3d 1448, 1462 (D.C. Cir., 1995) and Massachusetts School of Law v. U.S., 118 F.3d 776, 783 (D.C. Cir.,

5

### III. The Identity and Interest of the AAI

AAI is uniquely qualified to assist the Court through its participation as intervenor in these proceedings. The AAI is an independent, non-profit research, educational, and advocacy organization that is centrist and pro-consumer in orientation. The AAI works frequently in conjunction with consumer advocacy organizations to develop and present antitrust policies. The mission of the AAI is the promotion of competitive markets through vigorous enforcement of the antitrust laws in the U.S. and around the world.[2] The AAI operates with the assistance of an advisory board composed of many of the leaders of the antitrust community, including academicians and practitioners in the fields of law, economics, and business. (The AAI's advisory board does not vote, however, so the AAI's positions should not be attributed to any individual advisory board member.) The AAI has had a long-standing interest in the appropriate implementation of the spirit and letter of the Tunney Act. For example, the AAI intervened in the Tunney Act proceedings that concluded the remedy phase in *U.S. v. Microsoft Corp.*, 231 F.Supp.2d 144 (D.D.C., 2002) and was instrumental in arranging for Senator Tunney to file comments in that proceeding.

---

1997), that an antitrust consent decree must be approved by the court unless it "appears to make a mockery of judicial power." The 2004 amendments to the Tunney Act "make clear that courts should carefully review antitrust consent decrees to ensure that they are in the public interest ... by, number one, a clear statement of congressional finding and purposes expressly overruling the improper judicial standard of recent D.C. Circuit decisions." 150 Cong. Rec. S3616 (daily ed. Apr. 2, 2004) (statement of Sen. Kohl).

[2]Further information about the AAI is available on its website at: www.antitrustinstitute.org.

**IV.     The Present Motion Satisfies the Requirements of Rule 24(b)**

Rule 24(b) requires that anyone seeking to intervene file a "timely application." Although the AAI did not file comments on these consent decrees within the statutory 60-day comment period established in §5(b) of the Tunney Act, 15 U.S.C. §16(b), AAI's application to intervene should nonetheless be considered timely. Prior to the hearing in this case on July 12, 2006, the AAI was justifiably skeptical that any meaningful judicial review of the public interest effects of the proposed final judgments would take place. Although AAI filed comments on the competitive implications of the present transactions before the FCC,[3] participation in the instant proceeding was de-prioritized based on AAI's institutional experience that "business as usual" for judicial review under the Tunney Act—contrary to the plain meaning and clear legislative history of the statute—has in the past amounted to nothing more than a "rubber stamp" for the governments's recommendations. However, the Court's intention to fully and properly discharge its Tunney Act mandate in the present case became clear with the issuance of the Court's July 7, 2006 Order and the July 12, 2006 hearing. AAI filed this Motion at the earliest practicable time thereafter.

In exercising its discretion to permit intervention, Rule 24(b) requires the Court to consider "whether the intervention will unduly delay or prejudice the adjudication of the rights

---

[3]Comments of the American Antitrust Institute, *Verizon Communications, Inc. and MCI, Inc. Application for Transfer of Control*, WC Docket No. 05-75, May 9, 2005, available at: <http://www.antitrustinstitute.org/recent2/416.pdf>, and Comments of the American Antitrust Institute, *AT&T Corp., and SBC Communications, Inc., Application for Transfer of Control*, WC Docket No. 05-65, April 25, 2005, available at <http://www.antitrustinstitute.org/recent2/409.pdf>.

of the original parties." No such undue delay will be occasioned by granting the instant application. The AAI has requested intervention to make a specific and focused presentation that may be completed within one day. Moreover, the Court has afforded the original parties every opportunity pursuant to the mechanism available under the Tunney Act to present witness, consultants, or documents to assist the Court in making its public interest determination but has failed to present anything more than the bare minimum necessary to create the *appearance* of compliance. Having failed to take the Court's statutory public interest review seriously, the parties and the government should not now be permitted to object to intervention by an independent third-party that wishes only to place at the Court's disposal unassailably qualified experts willing to assist the Court in becoming sufficiently informed on the substantive, procedural, and constitutional issues necessary to make a meaningful public interest determination.

## IV. Conclusion

Based on the foregoing arguments and authorities, AAI respectfully requests:

A. An order permitting it to intervene in this matter for the purposes set forth herein;

B. An oral hearing on this motion.

Respectfully submitted,

\_\_\_/s/_____
Jonathan Rubin
(D.C. Bar No. 353391)
Jonathan L. Rubin, P.A.
1717 K Street, N.W.
Suite 600
Washington, D.C. 30036
202-415-0616

*Senior Research Fellow
and Attorney for Proposed Intervenor,
American Antitrust Institute*

Albert A. Foer
*President,
American Antitrust Institute*

Dated: July 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2006, a true and correct copy of the Motion of the American Antitrust Institute, Inc. to Intervene and Memorandum of Points and Authorities was filed with the clerk's office and copies were served via U.S. mail to:

*Attorneys for Plaintiff, United States*:

Laury E. Bobbish, Ass't Chief
Telecommunications and Media Enforcement
Section, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Ste. 8000
Washington, D.C. 20530

Lawrence M. Frankel, Trial Attorney
Matthew C. Hammond, Trial Attorney
Telecommunications and Media Enforcement
Section, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Ste. 8000
Washington, D.C. 20530

*Attorneys for Verizon Communications, Inc.*:

John Thorne
Verizon Communications, Inc.
1515 North Courthouse Road
Arlington, VA 22201

*Attorneys for MCI, Inc.*:

Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, VA 20147

*Attorneys for SBC Communications, Inc.*:

Wm. Randolph Smith
Crowell& Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Richard L. Rosen
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004

James D. Ellis
Wayne Watts
SBC Communications, Inc.
175 East Houston Street
San Antonio, TX 78205

*Attorneys for AT&T Corp.*:

Ilene Knable Gotts
Wachtell, Lipton Rosen & Katz
51 West 52nd Street
New York, New York 10019

David L. Lawson
David W. Carpenter
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005

James W. Cicconi
Lawrence J. Lafaro
AT&T Corp
One AT&T Way
Bedminster, N.J. 17921

*Attorneys for CompTel*:

Kevin R. Sullivan
Peter M. Todaro
King & Spalding LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006

| | |
|---|---|
| Jonathan Lee<br>Sr. Vice President, Regulatory Affairs<br>CompTel<br>1900 M Street, N.W.<br>Suite 800<br>Washington, D.C. 20036-3508 | *Attorneys for Alliance for Competition in Telecommunications*:<br><br>Gary L. Reback<br>Carr & Ferrell LLP<br>555 Montgomery Street, Suite 750<br>San Francisco, CA 94111 |
| *Attorneys for Eliot Spitzer, Attorney General of the State of New York*:<br><br>Jay L. Himes<br>Chief Antitrust Bureau<br>120 Broadway<br>New York, NY 10271 | |

_____/s/_____
Jonathan Rubin