**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>v.  )<br>  )<br>SBC Communications, Inc. and  )<br>AT&T Corp.,  )<br>  )<br>    Defendants.  )  | Civil Action No.<br>1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>v.  )<br>  )<br>Verizon Communications Inc. and  )<br>MCI, Inc.,  )<br>  )<br>    Defendants.  ) | Civil Action No.<br>1:05CV02103 (EGS) |

**VERIZON'S OPPOSITION TO THE
AMERICAN ANTITRUST INSTITUTE'S MOTION TO INTERVENE**

On July 17, 2006, the American Antitrust Institute, Inc. ("AAI") filed a motion to intervene in this proceeding for the purpose of "assisting the Court in making its public interest determination by presenting two expert witnesses, Professor Joseph Farrell and Professor Darren Bush." AAI at 2. AAI has no legally protected interest at stake in the proceeding, its motion is untimely, and opening the door at this late stage to its participation would prejudice the parties. In addition, the experts AAI offers are neither unbiased nor qualified to assist the Court with the sole issue before it – whether the government's proposed final judgment meaningfully addresses the harm alleged in its complaint.

1.      AAI fails to satisfy the standard for intervention under Rule 24(b)(2) – that (a) it has a claim or defense that presents a question of fact or law in common with the main action, and (b) intervention will not cause undue delay.  *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1234 (D.C. Cir. 2004).  As a think-tank, AAI does not purport to represent consumers, competitors, or indeed any interested group; it has no legal claim, and appears here as a self-appointed instructor for the Court.  While it asserts that the record is inadequate and that "much of the briefing" below was "incomplete or inaccurate, particularly with respect to the scope of the Court's Tunney Act duties," such vague observations and legal arguments cannot justify intervention – otherwise, every case would be open season for any lawyer with a point of view or an axe to grind.  Moreover, amici in this case have already made these same arguments.  AAI does not explain why the parties and amici before the Court have failed to represent adequately AAI's (apparently academic) interests.

In any event, AAI's motion comes much too late and would, if granted, create undue delay to the prejudice of the parties.  AAI offers no legitimate justification for its failure to seek leave before now – notably, it does not and cannot claim that it lacked notice.  Its excuse – that it was "skeptical" that the Court would engage in "meaningful review" under the Tunney Act – is frankly insulting.

Although it does not describe the presentation it seeks to make, it appears that AAI intends principally to make arguments regarding the scope of this Court's authority under the Tunney Act, an issue that has already been extensively briefed and debated at length at the July 12 hearing.  Further discussion of this issue would only be cumulative

and unnecessary, while the delay that resulted from this repetition would be undue and prejudicial to the parties.

       2.       As this Court stated at the July 12 hearing, the sole remaining issue for the Court to resolve is whether the government's proposed final judgment provides a meaningful remedy for the harm alleged in its complaint. AAI's experts are not qualified to assist the Court with this inquiry. First, these experts were not involved in, and thus lack familiarity with, the detailed process of analyzing the transactions and of developing the targeted remedy. These experts accordingly have no basis to give opinions on how the remedy addresses the harm identified in the complaint. Second, these experts are neither unbiased nor versed in the particular issues now before the Court. Professor Farrell is an economist who was hired by amicus CompTel to prepare declarations in opposition to the mergers on a variety of grounds – none of which were persuasive to any government agency. He therefore cannot credibly offer an unbiased judgment on the targeted remedy that the government proposes. Professor Bush is a law professor with no expertise in the Local Private Line market at issue here or even telecommunications markets more generally.

## CONCLUSION

The Court should deny the motion.

                                          Respectfully submitted,

                                          /s/ Mark C. Hansen

| | |
|---|---|
| John Thorne | Mark C. Hansen |
| David E. Wheeler | Mark L. Evans |
| Verizon Communications Inc. | Aaron M. Panner |
| 1515 N. Courthouse Road | Evan T. Leo |
| Arlington, Virginia 22201 | Kellogg, Huber, Hansen, Todd, |
| Telephone: (703) 351-3000 |    Evans & Figel, P.L.L.C. |
| Facsimile: (703) 351-3670 | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036-3209 |
| | Telephone (202) 326-7900 |
| | Facsimile (202) 326-7999 |

July 18, 2006