UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br>　　v.<br><br>**SBC COMMUNICATIONS, INC. and AT&T CORP.,**<br><br>　　　　　Defendants. | Civil Case No. **1:05-CV-02102 (EGS)** |
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br>　　v.<br><br>**VERIZON COMMUNICATIONS, INC. and MCI INC.,**<br><br>　　　　　Defendants. | Civil Case No. **1:05-CV-02103 (EGS)** |

**REPLY OF AMERICAN ANTITRUST INSTITUTE, INC.
TO OPPOSITIONS TO MOTION TO INTERVENE**

The American Antitrust Institute, Inc. ("AAI") hereby replies to the opposition by the

United States,[1] Verizon Communications, Inc.,[2] and AT&T, Inc.[3] (collectively, the "opponents") to the AAI's motion to intervene in this proceeding filed on July 17, 2006. In its motion, AAI seeks to intervene for the purpose of producing two highly-qualified expert witnesses willing to testify on the issues enumerated in this Court's July 7, 2006 Order[4] and on the public interest implications of the proposed final judgments pending in this proceeding.

I.    **The Nature of the Oppositions**

The United States advances two principle objections to AAI's motion. First, that participation by the AAI would "serve no useful purpose" (US Opp. at 2) and, second, that "AAI fails to qualify for permissive intervention," *i.e.*, that AAI's motion is procedurally defective (U.S. Opp. at 5).

Verizon Communications, Inc. ("Verizon") also objects on procedural grounds, claiming that AAI has filed to satisfy Rule 24(b)(2) by failing to demonstrate that it has a "claim or defense ... in common with the main action" or that intervention "will not cause undue delay" (Verizon Opp. at 2). Verizon also avers that the "sole remaining issue" relates to efficacy of the proposed remedy to address the harm alleged in the complaint, about which the witnesses proposed by AAI are "not qualified" to testify (Verizon Opp. at 3).

---

[1] United States' Opposition to American Antitrust Institute Inc.'s Motion to Intervene, Document 62, filed July 18, 2006 ("U.S. Opp.").

[2] Verizon's Opposition to the American Antitrust Institute's Motion to Intervene, Document 63, filed July 18, 2006 ("Verizon Opp.").

[3] AT&T Inc.'s Opposition to The American Antitrust Institute, Inc.'s Motion to Intervene, Document 64-1, filed July 18, 2006 ("AT&T Opp.").

[4] Order, Document 54, filed July 7, 2006.

Finally, AT&T, Inc. ("AT&T") also avers that AAI has failed to meet the procedural requirements of Rule 24(b)(2) (AT&T Opp. at 3), that the motion is untimely (AT&T Opp. at 2), and that AAI's proposed witnesses "have nothing useful to add" (AT&T Opp. at 5).

## II. Participation by the AAI is Entirely Within the Court's Discretion Which Cannot be Circumscribed by Any Procedural Defect

The opponents' procedural arguments attempt to circumscribe the wide latitude and discretion of the Court to permit, under whatever limitations or conditions the Court sees fit to impose, the intervention of a member of the public under Rule 24(b) and under §5(f) of the Tunney Act , 15 U.S.C. §16(f).

By claiming that AAI should have sought intervention under Rule 24(b)(2) rather than under Rule 24(b)(1), and that AAI fails to satisfy the two-pronged test of Rule 24(b)(2), the opponents engage in procedural hair-splitting over which procedural pathway, neither of which is particularly well-suited to the circumstances of a Tunney Act review, should have been chosen by AAI to effectuate its participation.[5] The Court should not find this line of argument

---

[5] Parenthetically, AAI does not concede that Rule 24(b)(2) is or should be the only path open to a putative intervenor in a Tunney Act proceeding, despite the ruling in U.S. v. G. Heileman Brewing Co., Inc. 563 F.Supp. 642 (D.Del., 1983) cited by AT&T (AT&T Opp. at 3, note 1). By its plain meaning §5(f) of the Tunney Act , 15 U.S.C. §16(f), contemplates permissive intervention by third-parties and interested members of the public. To interpret Rule 24 on Intervention as the opponents and the court in *G. Heileman* have done is to suggests that Congress' has expressly granted the federal district courts authority to conduct Tunney Act proceedings in a manner that is procedurally barred by the Federal Rules of Civil Procedure, an illogical if not Constitutionally defective outcome. The other two cases cited in this connection by AT&T, and the Memorandum Opinion attached as an Exhibit to its Opposition, moreover, simply support the undeniable proposition that the authority to grant AAI's motion rests squarely within the sound discretion of the Court, unimpeded by particular procedural requirements.

persuasive.

With regard to the timeliness of AAI's motion and the claim that AAI's participation would result in "delay" and "sidetracking" of this proceeding, this too is a matter well within the Court's discretion. AAI has proposed a limited and focused presentation designed to avoid engaging the Court in any excessive or unnecessary procedures and to avoid abusing the generosity of the expert witnesses who are making themselves available on a pro bono basis.

Moreover, the AAI's position that proceedings under the Tunney Act have not in the past been efficacious in insuring judicial approval of only those negotiated consent decrees that are in the public interest is well known. Reiterating this position as the basis on which AAI determined *not* to participate in this proceeding earlier is not intended and should not be interpreted as expressing any disrespect for the Court. Quite to the contrary, the AAI is greatly encouraged by the willingness of the Court to ensure a meaningful Tunney Act review of these significant and historic mergers.

### III.    AAI's Proposed Presentation Will Assist the Court

The opponents also claim, somewhat remarkably, that the two expert witnesses AAI proposes to place at the Court's disposal will be of no assistance of any kind in connection with the Court's determination of the appropriate scope and procedure of Tunney Act review and whether the proposed final judgements are in the public interest. Such a claim is remarkable because neither the government nor any party has offered anything other than the argument of counsel in connection with the Court's Tunney Act review. The obvious implication is that the Court can gain nothing from the opinions and views of two of the nations's thought leaders in

antitrust and telecommunications regulation that it cannot otherwise gain from the arguments of attorneys.

The claims of AT&T that Professor Farrell is "far from a disinterested observer" (AT&T Opp. at 5) or is otherwise not qualified to assist the Court are without merit. Professor Farrell has no interests to advance other than his view as a former official of both the FCC and the Department of Justice Antitrust Division of the effect on the public interest of the entry of the proposed final judgments. Moreover, the Court is perfectly capable assigning to any testimony by Professor Farrell the appropriate weight based on the Court's own assessment of the witness' bias or lack of knowledge.

Similarly, the Court is quite capable of extracting that which may be useful and enlightening from the testimony of Professor Bush and separating it from any legal opinion or other view that may be inconsistent with the Court's interpretation of the applicable law.

The opponents apparently seek to silence well-informed witnesses because they may present facts, views or opinions with which they do not agree. Instead, the opponents ought to be required to present contrary competent views or opinions rather than relying solely on the arguments and exhortations of counsel. Such a procedure inevitably places the Court in a vastly more informed position to enter or reject the proposed final judgements, precisely the purpose of intervention in Tunney Act proceedings in the first place.

## IV    Conclusion

Based on the foregoing arguments and authorities, AAI respectfully submits that its motion to intervene should be granted.

                Respectfully submitted,

                ____/s/_____
                Jonathan Rubin
                (D.C. Bar No. 353391)
                Jonathan L. Rubin, P.A.
                1717 K Street, N.W.
                Suite 600
                Washington, D.C. 30036
                202-415-0616

                *Senior Research Fellow*
                *and Attorney for Proposed Intervenor,*
                *American Antitrust Institute*

                Albert A. Foer
                *President,*
                *American Antitrust Institute*

Dated: July 18, 2006