**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | Civil Action No. 1:05CV02102 (EGS) |
| SBC COMMUNICATIONS, INC. and AT&T CORP. | |
| Defendants. | |
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | Civil Action No. 1:05CV02103 (EGS) |
| VERIZON COMMUNICATIONS, INC. and MCI, INC. | |
| Defendants. | |

**FCC'S MOTION FOR LEAVE TO SUBMIT REGULATORY ORDERS
APPROVING APPLICATIONS RELATED TO THE MERGERS OF SBC/AT&T
AND VERIZON/MCI UNDER SEAL AND FOR PROTECTIVE ORDER**

Pursuant to Local Rule 5.1(j) and in response to the Court's request for copies of the

unredacted versions of the Memorandum Opinions and Orders in *Verizon Communications*

*Inc. and MCI, Inc. Applications for Approval of Transfer of Control*, WC Docket No. 05-75,

20 FCC Rcd 18433 (2005), and *SBC Communications Inc. and AT&T Corp. Applications for Approval of Transfer of Control*, WC Docket No. 05-65, 20 FCC Rcd 18290 (2005) (hereinafter "Regulatory Orders"), the Federal Communications Commission ("FCC"), hereby submits this Motion requesting that the Court grant leave to provide the Regulatory Orders under seal and adopt a Protective Order. The unredacted versions of the Regulatory Orders, which are attached (under seal) for the Court's inspection, include confidential and highly confidential information submitted under protective orders adopted by the FCC.

The FCC provided the Court publicly-available, redacted versions of the Regulatory Orders on July 13, 2006. The Court requested unredacted versions, and the FCC explained that due to restrictions in the relevant FCC Protective Orders, the FCC would contact the parties who submitted protected confidential information relied on or referenced in the Regulatory Orders to clear the way for the Court's inspection of unredacted copies. The Court informed the parties and the *amici curiae* of its request to the FCC by Order on July 14, 2006.

Pursuant to Local Rule 7(m) and consistent with its Status Report filed on July 17, 2006, the FCC represents that it contacted the parties to this case, the *amici curiae* COMPTEL and ACTel, as well as those other parties to the regulatory proceeding who submitted protected confidential information relied on or referenced in the Regulatory Orders. These entities have all consented to disclosure to the Court of the unredacted Regulatory Orders, provided that the unredacted copies are filed under seal and are subject to an appropriate protective order. The parties and *amici curiae* COMPTEL and ACTel also have expressed general support for the proposed Protective Order attached hereto as Exhibit

A.  As discussed in the accompanying memorandum, the parties and *amici* initially raised

some concerns that the proposed Protective Order attempts to address.

     For the foregoing reasons and for those in the accompanying memorandum of points

and authorities in support, the FCC requests that the Court grant its motion to submit the

Regulatory Orders under seal and for a Protective Order.

                           Respectfully submitted,

                           PETER D. KEISLER
                           Assistant Attorney General

                           KENNETH L. WAINSTEIN
                           United States Attorney

                           ARTHUR R. GOLDBERG
                           Assistant Director
                           Federal Programs Branch
                           Civil Division

OF COUNSEL:

| P. MICHELE ELLISON | __/s/ James J. Schwartz_____ |
| Deputy General Counsel | JAMES J. SCHWARTZ (D.C. Bar No. 468625) |
| Federal Communications Commission | Trial Attorney |
| 445 12th Street, S.W. | U.S. Department of Justice |
| Washington, DC 20554 | Civil Division |
| (202) 418-1700 | Federal Programs Branch |
| (D.C. Bar No. 358460) | 20 Massachusetts Avenue, NW |
| | Room 7310 |
| | Washington, DC  20530 |
| | Telephone: (202) 616-8267 |
| Date:   July 20, 2006 | Facsimile:  (202) 616-8202 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA

                 Plaintiff,

      v.                                    Civil Action No. 1:05CV02102 (EGS)

SBC COMMUNICATIONS, INC. and
AT&T CORP.

                 Defendants.

---

UNITED STATES OF AMERICA

                 Plaintiff,

      v.                                    Civil Action No. 1:05CV02103 (EGS)

VERIZON COMMUNICATIONS, INC. and
MCI, INC.

                 Defendants.

---

**FCC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO SUBMIT REGULATORY ORDERS APPROVING
APPLICATIONS RELATED TO THE MERGERS OF SBC/AT&T AND
VERIZON/MCI UNDER SEAL AND FOR PROTECTIVE ORDER**

Pursuant to Local Rule 5.1(j) and in response to the Court's request for copies of the

unredacted versions of the Memorandum Opinions and Orders in *Verizon Communications*

*Inc. and MCI, Inc. Applications for Approval of Transfer of Control*, WC Docket No. 05-75,

20 FCC Rcd 18433 (rel. November 17, 2005), and *SBC Communications Inc. and AT&T Corp. Applications for Approval of Transfer of Control*, WC Docket No. 05-65, 20 FCC Rcd 18290 (rel. November 17, 2005) (hereinafter "Regulatory Orders"), the Federal Communications Commission ("FCC" or "Commission") hereby submits this Memorandum of Points and Authorities in Support of Motion For Leave to Submit Regulatory Orders Approving Applications Related to the Mergers of SBC/AT&T and Verizon/MCI Under Seal and for Protective Order.

## A.  Regulatory Background

During the regulatory transfer of control proceedings, the FCC required the applicants to produce certain information that the applicants represented to be some of their most sensitive business data; the applicants argued that the release of this information would place them at a significant competitive disadvantage.  Other parties to the FCC proceeding also submitted competitively sensitive information and sought protection from unauthorized disclosure.  Thus, at the urging of the applicants and these other parties, the FCC issued the Initial Protective Orders and Second Protective Orders attached hereto as Exhibits A-D ("FCC Protective Orders").  The FCC Protective Orders currently govern access to and disclosure of confidential and business sensitive information submitted in the regulatory proceeding.  At the applicants' and other parties' urging, the FCC's Second Protective Orders allowed parties to designate certain material as "Highly Confidential"; access to such material is limited to outside counsel of record, their employees, and outside consultants and experts whom they retained to assist them in the FCC's proceeding.[1]  Parties sought to limit access to in-house counsel in this manner essentially "because there is a greater risk of

---

[1] *See, e.g., SBC Communications Inc. and AT&T Corp. Applications for Approval of Transfer of Control*, WC Docket No.  05-65, Order Adopting Second Protective Order, 20 FCC Rcd 8876 (rel. May 9, 2005).

inadvertent disclosure by such individuals that is not justified given the sensitive nature of

the information at issue."[2]  In addition, the FCC's Second Protective Orders state: "[s]hould

the Commission rely upon or otherwise make reference to the contents of any of the Stamped

Highly Confidential Documents or Highly Confidential Information in its decision in this

proceeding, it will do so by redacting any Highly Confidential Information from the public

version of the decision and by making the unredacted version of the decision available only

to a court and to those persons entitled to access to Highly Confidential Information under

this Protective Order."[3]

    The unredacted versions of the Regulatory Orders sought by the Court include

confidential and highly confidential information submitted to the Commission in reliance on

the protections and disclosure limitations contained in the FCC Protective Orders (including

competitively sensitive information submitted by parties to the regulatory proceedings who

are not participating in this case).

## B.  The Consultation Process

    The FCC has worked to secure the consent of all of the relevant entities and

individuals.  The parties to this Court proceeding, the *amici curiae* COMPTEL and ACTel,

and the other parties to the regulatory proceeding who submitted protected confidential

information relied on or referenced in the Regulatory Orders have consented to the FCC's

submission of the unredacted Regulatory Orders, on the condition that the Regulatory Orders

---

[2] *See Applications for Consent to the Transfer of Control of Licenses and Section 214 Authorizations from MediaOne Group, Inc., Transferor,  to AT&T Corp.*, Transferee, CS Docket No. 99-251, Order Adopting Protective Order, 14 FCC Rcd 12286 (rel. Aug. 6, 1999) at para. 3.  Attached as Exhibit E are letters from Verizon and SBC requesting such protections for data they submitted to the FCC.

[3] *See, e.g.,Verizon Communications Inc. and MCI, Inc. Applications for Approval of Transfer of Control*, WC Docket No.  05-75, Order Adopting Second Protective Order, 20 FCC Rcd 10420 (rel. May 25, 2005) at Appendix A, para. 2.  In the context of the FCC Protective Orders, the "court" referred to in this provision is a court reviewing the FCC decision.

are submitted under seal and are subject to an appropriate protective order providing the same protections as the FCC Protective Orders. *See, e.g., AT&T Inc.'s Response to the Court's Order of July 14, 2006,* Civil Action Nos. 1:05CV02102 and 1:05CV02103 (filed July 17, 2006)(stating its non-objection provided that the Court's review is *in camera* consistent with the FCC's confidentiality protections). Accordingly, the proposed Protective Order tracks the substantive provisions of the FCC Protective Orders currently in effect. In tracking the language of the FCC Protective Orders, the FCC sought to minimize any further delay associated with producing the unredacted Regulatory Orders for the Court's inspection; changing the terms of access would require the consent of all parties who submitted confidential information relied on or referenced in the unredacted Regulatory Orders.

The parties and *amici curiae* COMPTEL and ACTel generally support the adoption of the proposed Protective Order. Initial concerns they raised have largely been addressed:

(a) AT&T sought to clarify that it would have an opportunity to object or otherwise limit disclosure of the unredacted Regulatory Orders to outside consultants. The proposed Protective Order's general notice procedure applies to all persons (including outside consultants) seeking access to the unredacted Regulatory Orders, and any entity that submitted confidential information has the opportunity to object to the proposed disclosure. In addition, the FCC revised the proposed Protective Order to require prior notice of the intent to use an outside consultant.

(b) Verizon requested that its inside counsel have access to the unredacted Regulatory Orders. As noted above, the proposed Protective Order tracks the provisions of the FCC Protective Orders currently binding the parties in the regulatory proceeding. Because the parties to the regulatory proceeding relied on those protections (including the exclusion of

4

inside counsel) in submitting their confidential information for FCC review, the FCC could not unilaterally loosen the in-house counsel restriction without further consultation.  We note, however, that the overwhelming majority of the confidential material relied on in each Regulatory Order was provided by the respective applicants, and the merged entities can, of course, consent to the disclosure of their own information to their own in-house counsel. Indeed, we understand that Verizon's in-house counsel has previously received, with the consent of Verizon and MCI, a version of the Verizon/MCI regulatory order that reveals all the Verizon/MCI-protected information referenced in the order, but none of the protected information provided by others.  Counsel's access to and use of his own client's confidential material would not be constrained by the Protective Orders issued by the FCC or this Court, but by the scope of the client's consent.

(c) ACTel supports adoption of the proposed Protective Order.

(d) COMPTEL also supports the proposed Protective Order, but requested clarification that "Outside Counsel of Record" would include COMPTEL in-house attorneys, noting that COMPTEL is a non-profit association.  In response, AT&T sought to limit COMPTEL's access to the unredacted portions of the FCC Regulatory Orders that are "relevant" to the Court's Tunney Act review.  We note that during the regulatory proceeding, COMPTEL in-house attorneys requested access to highly confidential information submitted by SBC , AT&T, Verizon, and MCI, and it is our understanding they were given access to AT&T's and Verizon's highly confidential information.  With respect to the questions about relevancy, the proposed Protective Order provides for notice and an opportunity to object prior to disclosure to any person, and entities that submitted confidential information may seek to limit the scope of the disclosure at that time.

## C.  Conclusion

While the FCC is sensitive to the public's interest in accessing court filings, pursuant to Fed. R. Civ. P. 26(c)(7), the Court may enter an order to restrict the disclosure of sensitive business information.  For the foregoing reasons, the FCC hereby requests that the Court grant its motion to submit the Regulatory Orders under seal and for a Protective Order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ARTHUR R. GOLDBERG
Assistant Director
Federal Programs Branch
Civil Division

OF COUNSEL:

P. MICHELE ELLISON
Deputy General Counsel
Federal Communications Commission
445 12th Street, S.W.
Washington, DC 20554
(202) 418-1700
(D.C. Bar No. 358460)



Date:  July 20, 2006

_____/s/ James J. Schwartz
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7310
Washington, DC  20530
Telephone: (202) 616-8267
Facsimile:  (202) 616-8202

6