# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SBC Communications, Inc. and )<br>AT&T Corp., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Verizon Communications, Inc. and )<br>MCI, Inc., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:05CV02103 (EGS) |

**AT&T INC.'S OPPOSITION TO MOTIONS TO INTERVENE
BY THE NEW JERSEY DIVISION OF THE RATEPAYER ADVOCATE AND THE
NATIONAL ASSOCIATION OF STATE UTILITY CONSUMER ADVOCATES**

At the May 10, 2006 hearing on COMPTEL's motion to intervene, the Court correctly recognized the "floodgates" problem that is now upon us:

> Because what's going to happen possibly is if the Court were to grant you leave to intervene and ACTel leave to intervene you can rest assured there will be two or three or four more motions filed next week. At what point does the process stop?

May 10 Tr. at 6:21-25. But it is worse than even the Court anticipated, as three entities have sought intervenor status very late – over two months *after* the Court's May 10 hearing; several

1

weeks *after* the parties and *amici* completed extensive briefing of the issues presented; and one week *after* the Court conducted a day-long hearing on the Government's motion for entry of final judgment. On the heels of the American Antitrust Institute Inc.'s ("AAI") motion, we now have intervention motions by a New Jersey "Division Counsel" (whose arguments against the mergers were rejected by both the New Jersey state commission and the FCC) and a national association with which it is apparently affiliated (as the two motions obviously were prepared by the same person or firm). It is important to note that neither prospective intervenor cites a lack of notice about this proceeding but instead cites a belief that to have intervened earlier would not have been worthwhile or would have strained resources. Even more important, they offer nothing of relevance to the issue before this Court. Accordingly, the Court should promptly deny these motions to send an appropriate message to any other potential latecomers with irrelevant information, who ignored both the Tunney Act comment period and timely opportunities to join this proceeding, that the parade of intervention motions must stop.[1]

    1.    Focusing on the threshold legal issue first, neither the New Jersey Division Rate Counsel nor the National Association of State Utility Consumer Advocates even argue in their briefs that they meet the very high legal standard for intervention in Tunney Act proceedings. *See United States v. Thomson Corp.*, No. Civ. A 96-1415, 1996 WL 554557, at *2-3 (D.D.C. Sept. 25, 1996); Fed. R. Civ. Proc. 24(b)(2). Nor do they attempt to explain how their motions filed so late in this proceeding could possibly meet the timeliness standard. *See* Fed. R. Civ.

---

[1] Entities such as TeleTruth which have submitted letters to the Court purporting to express their views regarding this matter and to seek some action by this Court are in clear violation of this Court's local rules, which prohibit correspondence with a judge except when requested by the judge. *See* LCvR 5.1. AT&T reserves the right to respond to the arguments raised if, and when, they are submitted in accordance with the Court's rules, and thus are properly part of the record in this case.

Proc. 24. AT&T just submitted a brief this week addressing those standards in the context of the American Antitrust Institute's Inc.'s failure to satisfy them. The legal reasons for rejecting AAI's motion apply with equal force to the motions of the NJDRC and NASUCA. Rather than burden the Court with repetitious briefing, AT&T incorporates those points herein by reference. *See* AT&T Inc.'s Opposition to the American Antitrust Institute, Inc.'s Motion to Intervene (dkt. no. 64) at 2-4 (July 18, 2006) ("AT&T Opp. to AAI Mot.").

2.  Moreover, the irrelevant nature of these latest two motions is abundantly clear. The filings do not even purport to comment on the efficacy of the proposed remedy to resolve the allegations made in the complaint; indeed, their motions never refer even once to Local Private Line service. Instead, they merely rehash losing arguments made before the New Jersey Commission and the FCC, unload hundreds of pages of old pleadings that plainly have nothing to do with the proposed remedy because they were filed well <u>before</u> DOJ filed its Complaint and Proposed Final Judgment in this case, and then suggest grandiosely that the Court should supplant the FCC, the New Jersey state Commission and each of the over 25 other State Public Utility Commissions that approved the SBC/AT&T merger without imposing the conditions they now seek again. NASUCA Mot. at 7-8 (proposing to file comments showing "the breadth of the issues engaged by this merger," as well as comments "regarding the AT&T/BellSouth merger" and NASUCA's "frustration" with the FCC); NJDRC Mot. at 6, 7 (asking the Court to assess the impact of the two recent mergers on "mass market consumers" and to dictate what services and prices AT&T and Verizon offer).[2] These suggestions seek to re-litigate issues

---

[2] To the extent that the proposed intervenors seek to offer their experts to the Court as "independent" Court-approved experts to opine on the "procedural, substantive or constitutional issues that may arise in connection with the Court's fashioning of an appropriate procedure for the Court's duty to make a public interest determination" (NASUCA Mot. at 2, n.1), such

(continued…)

already decided by the FCC and state commissions, inappropriately incorporate considerations involving a separate merger still being investigated by the DOJ and the FCC, and plainly exceed the scope of this proceeding under the Tunney Act.[3] In short, nothing proffered by either NJDRC or NASCUA even purports to relate to the issue before this Court of whether the proposed remedy addresses the competitive harm alleged in the Government's complaint under the public interest standard.

## CONCLUSION

There is no reason to further delay a public interest finding by allowing belated and irrelevant motions to intervene. And, accepting these voluminous and extraneous filings will only encourage others to offer more and more, when the record here already is fully adequate for this Court to make its public interest determination. For the foregoing reasons, the Court should deny the motions of the NJDRC and the NASUCA to intervene or otherwise participate in this proceeding.

---

(continued)

testimony would be subject to the same legal bar previously briefed by AT&T in its opposition to AAI's motion to intervene. *See* AT&T Opp. to AAI Mot. at 4-6. Moreover, as with the AAI proposed experts, the experts here are not independent. They have already staked out positions on the merger issues and had them rejected by the FCC and other regulatory bodies.

[3]     In essence, the NJ Advocate and the NASUCA are unhappy with the FCC's decision and want the Court to conduct that agency's investigation anew and undo what the FCC has blessed. Alternatively, they seek to broaden the scope of DOJ's complaint. Neither is the point of a Tunney Act proceeding. This Court should not be serving as either the appellate forum for purposes of reviewing the FCC Order, nor the prosecuting attorney responsible for determining the alleged antitrust violation.

Respectfully submitted,


  /s/  Wilma A. Lewis
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No. 356402)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

Counsel for Defendant AT&T Inc.


Dated:  July 20, 2006

## *CERTIFICATE OF SERVICE*

      I hereby certify that on this 20th day of July, 2006, true and correct copies of AT&T Inc.'s Opposition to the New Jersey Division of the Ratepayer Advocate and the National Association of State Utility Consumer Advocates Motions to Intervene were sent by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff, United States*
Laury E. Bobbish
Lawrence M. Frankel
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

Matthew C. Hammond
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

*Attorney for Verizon Communications*
John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for ACTel*
Gary Reback
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA  94303

Thomas W. Cohen
Special Counsel
Kelley, Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007

*Attorney for New Jersey Division of the*
  *Ratepayer Advocate*
Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
P.O. Box 46005
Newark, NJ  07101

*Attorney for American Antitrust Institute*
Jonathan L. Rubin, Esquire
Jonathan L. Rubin, P.A.
1717 K Street, N.W.
Suite 600
Washington, DC  20036

Jonathan L. Rubin, Esquire
14121 Saddle River Drive
Potomac, MD  20878

*Attorney for MCI*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorney for COMPTEL*
Kevin R. Sullivan
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for NASUCA*
John R. Perkins
Iowa Consumer advocate
President of NASUCA
Office of Consumer Advocate
310 Maple Street
Des Moines, IA  50319

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD  20910

Michael Lovern
3713 Park Drive
Edgewater, MD  21037

                          /s/  Wilma A. Lewis