UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SBC COMMUNICATIONS, INC. and<br>AT&T CORP.,<br>　　　　　　　　　Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON COMMUNICATIONS, INC.<br>and MCI, INC.,<br>　　　　　　　　　Defendants. | Civil Action No. 1:05CV02103 (EGS) |

MOTION OF SPRINT NEXTEL CORPORATION[1] FOR
*AMICUS CURIAE* STATUS AND TO INTERVENE
AND MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Tunney Act, 15 U.S.C. § 16(f)(3), and Rule 24 of the Federal Rules of Civil Procedure, Sprint Nextel Corporation moves for *amicus curiae* status and for intervention in these consolidated cases. Sprint seeks the ability to participate in these proceedings as *amicus curiae* only as specifically permitted by the Court in further orders that it may issue to govern these proceedings. Sprint seeks intervenor status only for purposes of filing an appeal. Pursuant to Local Rule 7, Sprint consulted with counsel for the United States, which does not consent to this request, and SBC Communications, Inc.,

---

[1] Sprint Nextel Corporation, 2001 Edmund Halley Drive, Reston, VA 20191

AT&T Corp., Verizon Communications, Inc., and MCI, Inc., each of which opposes this request.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Tunney Act authorizes this Court to conduct a very careful review of the proposed consent decrees. As most pertinent to this motion, the Act authorizes full or limited participation by interested parties, such as Sprint. 15 U.S.C. § 16(f)(3). The Court may appoint a special master and such consultants and experts as the Court deems appropriate. *Id.* at § 16(f)(2). The Act also broadly directs the Court to "take such other action in the public interest as the court may deem appropriate." *Id.* at § 16(f)(5). Given the magnitude of the mergers that are at issue and their detrimental effect on markets for local private lines, Sprint urges the Court to conduct a thorough review and to use whatever procedures, including calling for assistance from companies such as Sprint, as the Court deems warranted.

At last week's hearing, John Thorne, on behalf of Verizon Communications, Inc., painted a picture of vibrantly competitive local private line markets, and his slides mentioned Sprint as a competitive provider of local private line services. Claude Scott, on behalf of the United States, did not claim that local private line markets are competitive, but provided a list of competitive providers that included Sprint. In fact, local private line markets are highly concentrated and became substantially more concentrated as a result of the mergers that are at issue in this proceeding. Particularly because the merging parties and the United States cited Sprint in support of their argument that the proposed consent decrees are in the public interest, the Court may find it useful to call on Sprint to respond.

Sprint is better positioned than many other telecommunications companies to deploy local private lines. Wherever possible, Sprint does so or uses competitive alternatives to the incumbent local exchange carrier. Yet Sprint pays more than $500 million annually to Verizon and more than $600 million annually to the new AT&T Corporation for local private line services. Declaration of Keith L. Kassien, ¶ 3 (attached). Sprint relies on the new AT&T or Verizon to reach the vast majority of its cell sites in the markets dominated by those carriers. *Id.*, ¶ 4 (attached). As Sprint's local private line statistics demonstrate, there are very few alternatives to the incumbent local exchange carrier – and the removal of the old AT&T and MCI, Inc., as a result of these mergers substantially reduced the availability of competitive options. The consent decree proposed by the United States does little to restore the competitive options that previously existed.

Sprint regrets not previously participating in this proceeding. But Sprint divested its incumbent local exchange facilities in May 2006, and until that divestiture had conflicting interests. Sprint recently filed comments at the Federal Communications Commission in its proceeding concerning the pending merger of AT&T and BellSouth, and in those comments Sprint proposed remedies that would provide far greater protection to local private line markets than are provided by the proposed consent decrees. Because Sprint seeks to participate only as specifically authorized by the Court and for purposes of appeal, Sprint's participation will not delay the proceedings or prejudice the parties.

Moreover, the interests of justice support the conclusion that Sprint be given the opportunity to respond to the allegations that it will be able to step in and provide the

competitive alternatives removed from local private line markets as a result of the mergers at issue. Although Sprint wishes that were so, in fact Sprint is largely dependent on the local private line services provided by the new AT&T and Verizon. We therefore request that the Court grant Sprint's motion for *amicus curiae* status and to intervene. But Sprint requests only the ability to participate in further proceedings to the extent the Court finds it useful and specifically requests participation.

                Respectfully submitted,

                /s/ Charles T. Kimmett
                Charles T. Kimmett
                  D.C. Bar No. 463920
                Christopher J. Wright
                  D.C. Bar No. 367384
                HARRIS, WILTSHIRE & GRANNIS LLP
                1200 Eighteenth Street, N.W., 12th Floor
                Washington, D.C. 20036
                (202) 730-1300

                *Counsel for*
                Sprint Nextel Corporation
                2001 Edmund Halley Drive
                Reston, VA 20191

July 20, 2006

## DECLARATION OF KEITH L. KASSIEN

Pursuant to 28 U.S.C. § 1746, I, Keith L. Kassien, state:

1. I make this Declaration to support the Motion of Sprint Nextel Corporation for *Amicus Curiae* Status and to Intervene and Memorandum of Points and Authorities to which it is attached.

2. I have worked for Sprint Nextel Corporation for 20 years. My current position is Manager – Access Planning. As a result of my position, I have extensive personal knowledge of Sprint Nextel's needs concerning "local private lines" – which are dedicated point-to-point circuits that are more commonly called "special access" circuits.

3. Sprint Nextel seeks to use alternatives to the incumbent local exchange carrier wherever possible. Nevertheless, in 2005 Sprint Nextel spent more than $500 million leasing local private lines from Verizon Communications, Inc., and more than $600 million leasing local private lines from the new AT&T Corporation.

4. Sprint Nextel leases the vast majority of the local private lines serving its many cell sites from Verizon Communications, Inc., and the new AT&T Corporation in the territories where those companies are the incumbent local exchange carrier.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2006

Keith L. Kassien

NOTARY PUBLIC STATE OF KANSAS
MARILYN S. SCHERER
My Appt. Exp. 3/17/2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SBC COMMUNICATIONS, INC. and<br>AT&T CORP.,<br>　　　　　　　Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON COMMUNICATIONS, INC.<br>and MCI, INC.,<br>　　　　　　　Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**ORDER GRANTING MOTION OF SPRINT NEXTEL CORPORATION
FOR *AMICUS CURIAE* STATUS AND TO INTERVENE**

Upon consideration of the motion for *amicus curiae* status and to intervene of Sprint Nextel Corporation, any opposition to that motion, and the entire record in these cases, it is

**ORDERED** that the motion to participate as *amicus curiae* is granted; and it is

**FURTHER ORDERED** that the extent of Sprint Nextel Corporation's participation as *amicus curiae* in further proceedings shall be governed by further Orders; and it is

**FURTHER ORDERED** that Sprint Nextel Corporation is granted intervenor status for purposes of filing an appeal.

**SO ORDERED**.


Dated: _____, 2006            _____
                                       Emmet G. Sullivan
                                       United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2006, a true and correct copy of the Motion of Sprint Nextel Corporation for Amicus Curiae Status and To Intervene and Memorandum of Points and Authorities was filed with the clerk's office and copies were served via U.S. mail to:

*Attorneys for Plaintiff, United States:*
**Claude F. Scott, Jr.**
**Jared A. Hughes**
**Lawrence M. Frankel**
**Matthew C. Hammond**
**David T. Blonder**
Telecommunication and Media Enforcement, Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Ste. 800
Washington, D.C. 20530

*Attorneys for Defendant, Verizon Communications, Inc.:*
**Aaron Martin Panner**
**Joseph S. Hall**
**Mark C. Hansen**
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

**David Earl Wheeler**
Verizon Communications, Inc.
4445 Warren Street, N.W.
Washington, D.C. 20016-2439

**John Thorne**
Verizon Communications, Inc.
1320 North Courthouse Road
8th Floor
Arlington, VA 22201

*Attorneys for Defendant, SBC Communications, Inc.:*
**William Randolph Smith**
**Michael L. Lazarus**
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Defendant, AT&T Corp.:*
**Wilma A. Lewis**
**William Randolph Smith**
Crowell & Moring, LLP
1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004

*Attorneys for Movant, Alliance for Competition in Telecommunications*
**Gary L. Reback**
Carr & Ferrell, LLP
2200 Geng Road
Palo Alto, CA 94303

**Thomas Cohen**
Kelley, Drye & Warren LLP
3050 K Street, NW Suite 400
Suite 400
Washington, DC 20007

*Attorneys for Movant, CompTel:*
**Kevin R. Sullivan**
King & Spalding LLP
1730 Pennsylvania Ave, N.W.
Washington, D.C. 20006

*Attorney for the Attorney General of the State of New York:*
**Jay L. Himes**
Chief Antitrust Bureau
120 Broadway
New York, NY 10271

*Attorney for Movant, American Antitrust Institute, Inc.*
**Jonathan Laurence Rubin**
Jonathan L. Rubin, PC
14121 Saddle River Drive
North Potomac, MD 20878

_____
Christopher J. Wright