IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02102 (EGS) |
| ) | |
| SBC Communications, Inc. and ) | |
| AT&T Corp. ) | |
| ) | |
| Defendants. ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV02103 (EGS) |
| ) | |
| Verizon Communications, Inc. and ) | |
| MCI, Inc., ) | |
| ) | |
| Defendants. ) | |

## AT&T INC.'S OPPOSITION TO ELLIOT SPITZER'S MOTION TO INTERVENE

Unlike others in the recent parade of intervention motions, New York Attorney General Spitzer at least respected the Tunney Act process enough to file comments back in February so his views would be (and are) on the record. But this motion is nonetheless late and, like his prior comments, attempts to raise yet another issue that has nothing to do with this Tunney Act review. This proceeding is simply not the place for broad policy points that not only do not address the remedy at issue before the Court, but do not even relate to the local private line

market alleged in the Complaint. The Complaint filed by the Department of Justice sets the boundaries for the scope of this Court's review and it is inappropriate to consider extraneous matters such as the one Attorney General Spitzer attempts to raise in his new motion.

1. In addition to the failure to satisfy the timeliness and other Rule 24 standards for intervention (as AT&T previously has briefed and incorporates by reference here), the fundamental reason to deny this motion is that it is not in any way relevant to the issue before the Court. Attorney General Spitzer seeks to intervene solely for the purpose of offering an economist to testify on so-called "net neutrality." That is a broad policy issue relating to whether the government should regulate how companies that own Internet networks manage and price their services. As recent press reports make clear, this is an industry-wide issue of regulatory policy that is the subject of an ongoing debate in the halls of Congress, the FCC, and other public policy fora.[1] While a full explanation of the policy arguments on both sides would fill volumes (e.g., whether over-regulation would discourage investment in new capacity), that is not necessary for the Court to see that the issue is well beyond the scope of the Government's Complaint, and therefore of this proceeding.

---

[1] *See, e.g., "FCC Chairman: Too soon for net neutrality rules"*, MARKETWATCH (Jun. 5, 2006); *"Net Neutrality Amendment Rejected"*, THE WASHINGTON POST (Jun. 29, 2006); *"What Congress is Learning About 'Net Neutrality'"*, THE WALL STREET JOURNAL (May 17, 2006); *"Neutering the Net"*, FINANCIAL TIMES (Mar. 20, 2006).

2. Internet issues were analyzed by the Justice Department and the FCC as part of their review of these mergers. Both agencies concluded there was no competitive problem in that market.[2]

The only market in which the Government alleged a violation is "local private line," which is an entirely separate and distinct competitive arena. So much is clear from even a cursory review of the slide show attached as Exhibit B to AG Spitzer's motion, which never refers to that service. Issues relating to a different market are plainly outside the Complaint and therefore outside the scope of this Tunney Act proceeding.

3. AG Spitzer is certainly free to continue to raise these industry-wide regulatory policy issues in Congress or at the FCC, as he has done already.[3] But

---

[2] The Justice Department concluded that internet backbone competition "would not be harmed as the merged firms would continue to face several strong competitors." Plaintiff United States Response to Public Comments at 45 (filed May 21, 2006). The FCC stated similarly "we find that the proposed merger of SBC and AT&T is not likely to result in anticompetitive effects in the Internet backbone market." SBC / AT&T Order at ¶ 108. The FCC also noted that the parties voluntarily agreed to abide by the Commission's "Net Neutrality" Policy Statement for two years. Id. at Appendix F.

[3] See, e.g., Motion at 5 (referring to NYAG letter to Senate Commerce Committee regarding "net neutrality".) It is noteworthy that AG Spitzer also had numerous other opportunities to pursue a "net neutrality" agenda, as he raised these issues before the New York Public Service Commission and the FCC, lost both times, but then chose not to appeal either agency's approval of these mergers.

they could not be further removed from the remedy issue before this Court.[4]  At bottom, this motion fails the legal standard for intervention under the Federal Rules and fails the relevance standard of the Tunney Act.

For the foregoing reasons, the instant motion should be denied.

Respectfully submitted,

/s/
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No 356402)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

Counsel for Defendant AT&T Inc.

Dated:  July 24, 2006

---

[4]   Indeed, AG Spitzer's original Tunney Act comments touched briefly on the remedy issue and implicitly supported the remedy before this Court.  He said "it is hard to see how this remedy could have any significant positive effect on competition beyond . . the buildings identified."  U.S. Response To Public Comments, Exhibit 3 at 6 (filed Mar. 21, 2006).  His unstated premise is the key point in this proceeding, that the remedy will promote competition in all the buildings identified by the Government as likely to experience competitive harm.

## *CERTIFICATE OF SERVICE*

       I hereby certify that on this 24th day of July, 2006, true and correct copies of AT&T Inc.'s Opposition to Eliot Spitzer's Motion to Intervene were sent by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff, United States*
Laury E. Bobbish
Lawrence M. Frankel
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

Matthew C. Hammond
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

*Attorney for Verizon Communications*
John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for ACTel*
Gary Reback
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA  94303

Thomas W. Cohen
Special Counsel
Kelley, Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007

*Attorney for New Jersey Division of the Ratepayer Advocate*
Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
P.O. Box 46005
Newark, NJ  07101

*Attorney for American Antitrust Institute*
Jonathan L. Rubin, Esquire
Jonathan L. Rubin, P.A.
1717 K Street, N.W.
Suite 600
Washington, DC  20036

Jonathan L. Rubin, Esquire
14121 Saddle River Drive
Potomac, MD  20878

*Attorney for MCI*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorney for COMPTEL*
Kevin R. Sullivan
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for NASUCA*
John R. Perkins
Iowa Consumer advocate
President of NASUCA
Office of Consumer Advocate
310 Maple Street
Des Moines, IA  50319

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD  20910

Michael Lovern
3713 Park Drive
Edgewater, MD  21037

5

*Attorney General for the State of New York*
Eliot Spitzer, Attorney General
State of New York
Office of the Attorney General
120 Broadway, Suite 2601
New York, New York 10271

Jay L. Himes, Chief, Antitrust Bureau
State of New York
Office of the Attorney General
120 Broadway, Suite 2601
New York, New York 10271

      /s/  Wilma A. Lewis
6

*Attorney General for the State of New York*
Eliot Spitzer, Attorney General
State of New York
Office of the Attorney General
120 Broadway, Suite 2601
New York, New York 10271

Jay L. Himes, Chief, Antitrust Bureau
State of New York
Office of the Attorney General
120 Broadway, Suite 2601
New York, New York 10271

      /s/  Wilma A. Lewis