**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:05CV02102 (EGS) |
| SBC Communications, Inc. and AT&T Corp., | ) | |
| Defendants. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:05CV02103 (EGS) |
| Verizon Communications Inc. and MCI, Inc., | ) | |
| Defendants. | ) | |

**VERIZON'S OPPOSITION TO MOTION OF ELIOT SPITZER, NEW YORK ATTORNEY GENERAL, TO INTERVENE**

On July 20, 2006, the New York Attorney General ("NYAG") filed a motion to intervene "for purposes of assisting the Court in making its public interest determination by presenting testimony of an expert witness." NYAG Mot. at 2. The motion should be denied for three basic reasons.

1.   The NYAG relies exclusively on Fed. R. Civ P. Rule 24(b)(1), which permits intervention "when a statute of the United States confers an unconditional right to intervene. The Tunney Act does not confer any such conditional right to intervene. *See*, *United States v. Microsoft Corp*, No. 98-1232, 2002 U.S. Dist. Lexis 26551 (D.D.C. Feb. 28, 2002) ("declin[ing] to conclude that the Tunney Act confers a 'conditional right to

intervene' pursuant to Rule 24(b)(1)"); *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997).  In declining to rule that the Tunney Act confers any such right, the court of appeals noted that a contrary "finding would here yield a wholly circular exercise [because] the Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention." *Massachusetts School of Law*, 118 F.3d at 780 n.2.

       The 2004 amendments to the Tunney Act confirm that nothing in that statute confers a right to intervene under any circumstances, conditional or otherwise.  Congress amended the statute to provide that "[n]othing in this section shall be construed . . . to require the court to permit anyone to intervene."  15 U.S.C. § 16(e)(2).

       2.     Movants do not seek leave under Rule 24(b)(2); in any event, they could not meet that test either.  First, any motion to intervene under Rule 24(b) must be "timely," and the NYAG's motion is not.  *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1234 (D.C. Cir. 2004).  The NYAG offers no explanation for its failure to seek leave before now.  He cannot claim he lacked notice, because he participated in the proceedings below and filed comments in this proceeding.  NYAG Mot. at 3.

       Second, the NYAG does not seek to address any "question of law or fact in common" with those before the Court.  Fed. R. Civ. P. 24(b)(2).  As this Court stated at the July 12 hearing, the sole remaining issue for the Court to resolve is whether the government's proposed final judgment provides a meaningful remedy for the harm alleged in its complaint.  *See* July 12, 2006 Hearing, Tr. at 9.  The sole harm alleged in the complaint relates to reduction in competition in the market for Local Private Lines in specific buildings.  By contrast, the NYAG's motion and in particular the Exhibit B

attached to his motion show that the purpose of his proposed intervention is to pursue an issue he calls "internet neutrality," NYAG Mot. at 4.  On its face, that issue has nothing at all to do with the Local Private Line market that is the subject of the proposed decrees. *See* United States' Response to Public Comments 47 (filed Mar. 21, 2006) (the United States "did not allege Internet backbone as a relevant product market, nor did it allege any harm in such a market").  The Justice Department (like the FCC and the European Commission) looked at Internet issues during its investigation, concluded that the mergers do not present any problem and therefore brought no claim regarding those issues.

Indeed, it is established Tunney Act law that the Court is not "permitted to reach beyond the complaint to evaluate claims that the government did *not* make and to inquire as to why they were not made."  *United States v. Microsoft*, 56 F.3d 1448, 1459 (D.C. Cir. 1995).  "Congress did not mean for a district judge to construct his own hypothetical case and then to evaluate the decree against that case"; "Congress surely did not contemplate that the district judge would . . . effectively redraft the complaint himself." *Id.*  The 2004 Tunney Act amendments do not alter this basic understanding:  the court's task is still to determine whether "*the entry of such judgment*" – that is, the proposed consent decree – "is in the public interest."  15 U.S.C. § 16(e) (emphasis added).  There is no authorization for the Court to sit in review of the Department of Justice's judgments about what *not* to prosecute.

3.      In any event, the expert proffered by the NYAG, Nicholas Economides, is unlikely to be helpful to the Court.  In the only reported case involving his testimony, Judge Denise Cote of the Southern District of New York granted a motion to exclude Dr.

Economides' purported expert testimony as unreliable. *See In re Wireless Tel. Servs. Antitrust Litig.*, 385 F. Supp. 2d 403, 427-28 (S.D.N.Y. 2005). The court there found Professor "Economides's analysis essentially worthless." *Id.* at 428 (internal quotation marks omitted). Professor Economides's record of unreliable testimony thus provides an additional reason (though none is needed) to deny the motion.

## CONCLUSION

The Court should deny the motion.

Respectfully submitted,

/s/ Mark C. Hansen

| | |
|---|---|
| John Thorne | Mark C. Hansen |
| David E. Wheeler | Aaron M. Panner |
| Verizon Communications Inc. | Evan T. Leo |
| 1515 N. Courthouse Road | Kellogg, Huber, Hansen, Todd, |
| Arlington, Virginia 22201 | Evans & Figel, P.L.L.C. |
| Telephone: (703) 351-3000 | 1615 M Street, N.W., Suite 400 |
| Facsimile: (703) 351-3670 | Washington, D.C. 20036-3209 |
| | Telephone (202) 326-7900 |
| | Facsimile (202) 326-7999 |

July 20, 2006