IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>　　　　　　　Defendants. | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>　　　　　　　Defendants. | Civil Action No.: 1:05CV02103 (EGS) |

**UNITED STATES' OPPOSITION TO SPRINT NEXTEL CORPORATION'S MOTION
FOR AMICUS CURIAE STATUS AND TO INTERVENE**

　　The United States opposes the motion of Sprint Nextel Corporation ("Sprint") for "amicus curiae status" and to intervene. Sprint's participation at this stage is neither necessary for the Court to conclude that the proposed Final Judgments are in the public interest, nor has Sprint established that its participation is likely to be helpful. Moreover, Sprint does not qualify for intervention under the requirements of Rule 24.

I.    **Sprint's Belated Participation Here Will Likely Serve No Useful Purpose**

Sprint, like many of the members of COMPTEL and ACTel, is a competitor to the merged firms and also purchases Local Private Lines from them. Like COMPTEL and ACTel,[1] Sprint apparently wishes the United States had brought a different case challenging the mergers.[2]

Despite seeking "amicus curiae status" Sprint does not specify the purpose its participation would serve, or what form it would take.[3] It appears that Sprint seeks participation in order to argue that the United States should have brought a different case; but Sprint's filing does not indicate that it could provide significant assistance to the Court in determining the efficacy of the proposed remedy in redressing the competitive problem relating to Local Private

---

[1] Unlike COMPTEL and ACTel, Sprint did not file comments before the FCC in either the SBC-AT&T or Verizon-MCI merger proceedings, nor did it file a comment with the United States regarding the proposed Final Judgments during the statutorily mandated comment period. Its motion, at this stage of the proceedings, is untimely.

[2] Indeed, as Sprint notes, it has filed comments in the FCC's current AT&T-BellSouth merger proceedings seeking additional "conditions" on that merger, thus implying that it believes additional conditions would be warranted here. But the AT&T-BellSouth merger is not before this Court, and the purpose of this proceeding is not to determine what remedies might best satisfy competitors, but rather whether the remedies in the negotiated consent decrees adequately resolve the competitive problem alleged in the Complaints.

[3] Sprint does submit a brief declaration attached to its motion. But the declaration, as well as the motion itself, provides very little information – all of it consistent with the United States' view of the market. As Sprint notes, it purchases much of its Local Private Line/special access needs from the acquiring firms here, but "wherever possible" it deploys its own private lines or "uses competitive alternatives to the incumbent local exchange carrier." Motion of Sprint Nextel Corp. for Amicus Curiae Status and to Intervene and Memorandum of Points and Authorities ("Sprint Mem.") at 3. This is why the United States filed Complaints alleging harm in the small set of buildings where the merger would eliminate the only "competitive alternative" to the acquiring firms, and seeking a remedy for that problem. *See, e.g.,* Response of the United States to COMPTEL's Motion for Leave to File an Opposition to the United States' Motion for Entry of the Final Judgments at 10 n.24 (Apr. 17, 2006) (noting that "RBOCs face competition in only a small minority of buildings," that RBOC Local Private Line prices are generally "substantially higher than CLEC prices," and that therefore without a remedy the merger could result in customers losing "their only 'low price' CLEC option" in the identified buildings).

Lines as alleged in the Complaints.[4]  Given that Sprint does not propose anything specific that would be useful to the Court's task, its request for "amicus curiae status" should be denied.[5]

### II.     Sprint Does Not Satisfy the Requirements of Rule 24 for Permissive Intervention

Sprint seeks to intervene in these proceedings "for purposes of filing an appeal,"[6] but it has not even attempted to show that it meets the standards for intervention set forth in Rule 24, which governs intervention in Tunney Act proceedings.[7]  Indeed, Sprint does not even indicate the section of the Rule pursuant to which it is moving, and has identified no basis upon which to intervene either as of right or permissively.[8]  In the absence of any indication for the basis of Sprint's motion, the Court has no basis to evaluate its request and should deny its request for intervention.

---

[4] Sprint suggests that the "United States cited Sprint in support of [its] argument that the proposed consent decrees are in the public interest," and suggests that Sprint needs to "respond to the allegations that it will be able to step in and provide the competitive alternatives removed from local private line markets as a result of the mergers at issue." Sprint Mem. at 2-4.  The only time the United States "cited" Sprint was as part of a lengthy list of competitors with local fiber networks.  Moreover, the United States did not allege that Sprint, by itself, would "be able to step in and provide the competitive alternatives removed from local private line markets."  It only noted as part of its explanation as to why it did not bring a broader case (an issue not directly relevant to the Court's public interest determination) that proving an anticompetitive effect broader than that alleged in the Complaints would be very difficult given the presence of numerous competitors, including Sprint.

[5] The United States respectfully submits that rather than granting general "amicus curiae status," the Court should grant applicants leave to participate as amicus only in certain specified ways, i.e., by submitting a particular brief or participating in argument.

[6] Sprint Mem. at 1.

[7] *See* 15 U.S.C. § 16(f)(3) (permitting court to grant "intervention as a party pursuant to the Federal Rules of Civil Procedure"); *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*") ("[T]he Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention.").

[8] Fed. R. Civ. P. 24(a), (b).

**Conclusion**

Accordingly, the Court should deny Sprint's motion.

Respectfully submitted,

_____/s/_____
Laury E. Bobbish
Assistant Chief

_____/s/_____
Claude F. Scott, Jr. (D.C. Bar No. 414906)
Lawrence M. Frankel (D.C. Bar No. 441532)
Jared A. Hughes
Trial Attorneys

Telecommunications & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States