**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**SBC Communications, Inc. and AT&T Corp.**,<br><br>Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**Verizon Communications, Inc. and MCI, Inc.**,<br><br>Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**AT&T INC.'S OPPOSITION TO SPRINT NEXTEL CORPORATION'S MOTION FOR *AMICUS CURIAE* STATUS AND TO INTERVENE**

The steady stream of motions to intervene or for *amicus curiae* status now includes one from Sprint Nextel Corp. ("Sprint"). Sprint seeks two things: to participate at this late stage of these proceedings as an *amicus curiae* if this Court "specifically requests [its] participation" (Sprint Mot. at 4); and to intervene "for purposes of filing an appeal." *Id.* at 1. Like several other recent would-be participants, Sprint's motion is not timely and its brief does not suggest

any substantive contribution to issues that are properly within the scope of this proceeding.[1] Further, Sprint's motion to intervene for appeal purposes is both premature and completely devoid of any explanation of how Sprint satisfies the standards for intervention. This Court should deny Sprint's motion for these reasons.

      1.     First, this Court should decline Sprint's belated invitation to request that it participate in these proceedings because Sprint proffers nothing of substance that would aid the Court in making its public interest determination. After confirming the existence of competition in the in the local private line market, Sprint observes that there is one less alternative after the mergers (Sprint Mot. at 3) – precisely the issue on which DOJ focused, and which it analyzed extensively and addressed in the consent decree. While Sprint states in conclusory terms that the proposed consent decree "does little to restore the competitive options that previously existed" (*id*.), the undeniable lack of specificity together with the reference to "cell sites" (*id.*) – where DOJ did not conclude that competitive harm existed – confirms that Sprint seeks to present arguments that would broaden the scope of the Government's Complaint. This inappropriate direction in which Sprint seeks to urge the Court is further confirmed by Sprint's attempt to bootstrap itself into these proceedings by offering to present its view as to whether it deems itself to be a viable competitor in the local private line market – a topic that falls squarely within the DOJ's analysis of the competitive harm and outside of this Court's proper scope of review. Simply stated, the scope of this Court's review is limited to the competitive harm alleged by the

---

[1] As with other would-be participants, Sprint did not file comments before the FCC during the merger proceedings; it did not file any comments to DOJ's Proposed Final Judgment during the Tunney Act comment period; and it did not seek to participate in the proceedings before this Court until last week. Its untimely entrance on the scene should not be condoned by this Court.

Government in its Complaint and Sprint offers nothing that would aid the Court in a proper review of this matter.

2. Second, Sprint's request to intervene for purposes of appeal is not only premature, but the motion fails to identify the standards for such intervention or how Sprint purports to meet them. Sprint's motion in this regard is further burdened by the fact, as discussed above, that Sprint offers nothing of relevance to the public interest determination. Accordingly, Sprint's motion to intervene for purposes of appeal should be denied.

## CONCLUSION

Sprint's motion is yet another manifestation of a significant phenomenon that threatens prompt resolution of this proceeding -- attempts to hijack these proceedings to argue issues clearly outside the scope of Tunney Act review. To reiterate the applicable legal principle: This Court is charged only with determining whether the remedies proposed by the Government sufficiently address the competitive harm alleged in the Complaint. This Court, therefore, should refuse to permit late-coming third parties with irrelevant information – like Sprint – to unnecessarily complicate and delay this matter.

Respectfully submitted,

/s/
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No 356402)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Counsel for Defendant AT&T Inc.

Dated: July 24, 2006
2811538

## *CERTIFICATE OF SERVICE*

      I hereby certify that on this 24th day of July, 2006, true and correct copies of AT&T Inc.'s Opposition to Sprint Nextel's Motion for *Amicus Curiae* Status and to Intervene were sent by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff, United States*
Laury E. Bobbish
Lawrence M. Frankel
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

Matthew C. Hammond
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

*Attorney for Verizon Communications*
John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for ACTel*
Gary Reback
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA  94303

Thomas W. Cohen
Special Counsel
Kelley, Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007

*Attorney for New Jersey Division of the Ratepayer Advocate*
Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
P.O. Box 46005
Newark, NJ  07101

*Attorney for American Antitrust Institute*
Jonathan L. Rubin, Esquire
Jonathan L. Rubin, P.A.
1717 K Street, N.W.
Suite 600
Washington, DC  20036

Jonathan L. Rubin, Esquire
14121 Saddle River Drive
Potomac, MD  20878

*Attorney for MCI*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorney for COMPTEL*
Kevin R. Sullivan
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for NASUCA*
John R. Perkins
Iowa Consumer advocate
President of NASUCA
Office of Consumer Advocate
310 Maple Street
Des Moines, IA  50319

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD  20910

Michael Lovern
3713 Park Drive
Edgewater, MD  21037

*Attorney General for Sprint Nextel Corporation*
Charles Thomas Kimmett, Jr.
HARRIS, WILTSHIRE & GRANNIS
1200 18th Street, NW`
12th Floor
Washington, DC 20036
US
(202) 730-1300
Email: ckimmett@harriswiltshire.com

4

*Attorney General for the State of New York*
Jay L. Himes, Chief, Antitrust Bureau
State of New York
Office of the Attorney General
120 Broadway, Suite 2601
New York, New York 10271

                                                   /s/  Wilma A. Lewis