IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SBC COMMUNICATIONS, INC. | ) | Civil action No. 1:05CV02102 (EGS) |
| | ) | |
| and | ) | |
| | ) | |
| AT&T CORP. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERIZON COMMUNICATIONS INC. | ) | Civil Action No. 1:05CV02103 (EGS) |
| | ) | |
| and | ) | |
| | ) | |
| MCI, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY OF ELIOT SPITZER,
ATTORNEY GENERAL OF THE STATE OF NEW YORK,
TO THE UNITED STATES' OPPOSITION TO MOTION TO INTERVENE**

The opposition presented by the United States is insufficient to deny the New York Attorney

General's motion to intervene.  The Tunney Act expressly authorizes the District Court to permit

"full or limited participation in proceedings before the court . . . , including . . . intervention as a

party pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 16(f)(3).  Intervention is thus

committed to the sound discretion of the Court.  Moreover, in addition to the specific actions conferred by statute, Section 5(f)(5) of the Tunney Act authorizes the Court to "take such other action in the public interest as the court may deem appropriate." 15 U.S.C. § 16(f)(5).  Accordingly, quibbling over procedural niceties is disfavored. *See Massachusetts v. Microsoft*, 373 F.3d 1199, 1236 n. 19 (D.C. Cir. 2004) (quoting *McCarthy v. Kleindienst,* 741 F.2d 1406, 1416 (D.C. Cir. 1984)) (reversing denial of intervention).

The United States argues that competitive conditions in the internet backbone have nothing to do with the conditions relating to local private lines alleged in the complaints.  Thus, the United States would have this Court ignore the parties' own post-merger public statements demonstrating a very real potential for competitive harm. But the 2004 Tunney Act amendments expressly direct the Court independently to review competitive considerations so as to avoid merely "rubber-stamping" the Antitrust Division's proposed remedy.

Section 5(e), 15 U.S.C. § 16(e)(1), thus provides that, in making its public interest determination, "the court shall consider —

> (A) the competitive impact of such judgment, including . . . any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

> (B) the impact of entry of such judgment upon competition in the relevant market or markets, [and] upon the public generally . . . ."

As Senator Leahy noted during the floor debates, the amendments assure "that the court make an independent judgment based on a series of enumerated factors."  150 Cong. Rec. S3615 (daily ed. Apr. 2, 2004).  *See also id.* at S3618 (the amendments contemplate that the court "seriously and deliberately consider these factors" in making its public interest determination) (statement of Sen. Kohl); *id.* at H3659 (daily ed. June 2, 2004) (the amendments require "that courts review antitrust

consent decrees in a meaningful manner, not simply as a rubber stamp to such decrees") (statement of Rep. Scott).

The United States' argument that the Court put on blinders is unpersuasive. The decisions cited by the United States predate the Tunney Act amendments, which Congress enacted in order to confirm the breadth of the Court's public determination inquiry. *See* United States Opp. at 3, n.3 (incorporating parts of its opposition to AAI's motion to intervene). Moreover, the denial of intervention in *United States v. Microsoft Corp.,* No. Civ. A. 98-1232 (CKK), 2002 WL 319139 (D.D.C. Feb. 28, 2002), on which the United States relies heavily, was reversed on appeal. *Massachusetts v. Microsoft*, 373 F.3d 1234-36.

## CONCLUSION

The NY Attorney General's motion to intervene should be granted.

Dated:  New York, New York
        July 24, 2006

                                    Respectfully Submitted,

                                    ELIOT SPITZER
                                    Attorney General of the State of New York


                                    By:    /s/ Jay L. Himes

                                            Jay L. Himes
                                            Chief, Antitrust Bureau
                                            120 Broadway
                                            26C54
                                            New York, NY 10271
                                            Tel No.: (212) 416-8262
                                            Fax No.: (212) 416-6015

Mary Ellen Burns
Special Counsel
Public Advocacy Division

Keith Gordon
Jeremy R. Kasha
Assistant Attorneys General

    *Of Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2006, a true and correct copy of the Reply of Eliot

Spitzer, Attorney General of the State of New York, to the United States' Opposition to Motion

to Intervene, 24th of July, 2006, was filed with the clerk's office and copies were served by

overnight mail to:

*Attorneys for Plaintiff*

Laury E. Bobbish, Assistant Chief
Jared A. Hughes, Attorney
Lawrence M. Frankel, Attorney
Matthew C. Hammond, Attorney
David T. Blonder, Attorney
Telecommunications & Media
Enforcement Section - Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530

*Attorneys for Verizon Communications, Inc.*

John Thorne
Verizon Communications, Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

Aaron Martin Panner
Joseph S. Hall
Mark C. Hansen
Kellog, Huber, Hansen, Todd, Evens &
Figel, PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20016-2439

David Earl Wheeler
4445 Warren Street, N.W.
Washington, D.C. 20016-2439

*Attorneys for MCI, Inc.*

Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorneys for Defendant, SBC
Communications*

Wm. Randolph Smith
Michael L. Lazarus
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Richard L. Rosen
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

James D. Ellis
Wayne Watts
SBC Communications Inc.
175 East Houston Street
San Antonio, Texas 78205

*Attorneys for Defendant, AT&T Corp.:*
Wilma A. Lewis
William Randolph Smith
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Defendant, AT&T Corp.:*
Ilene Knable Gotts
Wachtell, Lipton Rosen & Katz
51 West 52nd Street
New York, New York 10019

David L. Lawson
David W. Carpenter
Sidley Austin Brown & Wood LLP
1501 K Street N.W.
Washington, D.C. 20005

James W. Cicconi
Lawrence J. Lafaro
AT&T Corp.
One AT&T Way
Bedminster, New Jeresey 07921

*Attorneys for New Jersey Division of Rate
Council*

Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
Newark, New Jereasy 07101

*Attorneys for American Antitrust Institute*

Albert A. Foer, President
Jonathan Rubin
American Antitrust Institute
1717 K Street, N.W.
Suite 600
Washington, D.C. 20036

Jonathan Laurence Rubin
Jonathan L. Rubin, PC
14121 Saddle River Drive
North Potomac, MD 20878

*Attorneys for CompTel*

Kevin R. Sullivan
Peter M. Todaro
King & Spalding LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006

Jonathan Lee
Sr. Vice President, Regulatory Affairs
CompTel
1900 M Street, N.W.
Suite 800
Washington, D.C. 20036-3508

*Attorneys for Alliance for Competition in
Telecommunications*

Gary L. Reback
Carr & Ferrell LLP
535 Montgomery Street, Suite 750
San Francisco, CA 94111

*Attorneys for National Association of State
Utility Consumer Advocates*

John R. Perkins
Iowa Consumer Advocate
President of NASUCA
Office of the Consumer Advocate
310 Maple Street
Des Moines, IA 50319-0063

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD 20910



Jeremy R. Kasha