**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>   Plaintiff,  )<br>v.  )   Civil Action No.<br>  )   1:05CV02102 (EGS)<br>SBC Communications, Inc. and  )<br>AT&T Corp.,  )<br>  )<br>   Defendants.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>   Plaintiff,  )<br>v.  )   Civil Action No.<br>  )   1:05CV02103 (EGS)<br>Verizon Communications Inc. and  )<br>MCI, Inc.,  )<br>  )<br>   Defendants.  )<br>  )  | |

**VERIZON'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND
MEMORANDUM OF POINTS AND AUTHORITIES**

At the July 25, 2006 hearing, the Court directed the government to file additional materials to support the proposed consent decrees, which may include confidential information on which the government relied in preparing its complaints. Verizon conferred with the government and AT&T regarding a form of protective order to govern such submissions but was unable to reach agreement with government counsel.[1] Verizon accordingly moves for the Court to issue a protective order to govern the use of any

---

[1] Verizon sought to confer with AT&T yesterday (July 26, 2006) but has not yet heard back. We decided to proceed with this motion so as not to cause further delay.

additional confidential information that the government or other parties submit in the future in this proceeding.[2]

The proposed protective order is based on the protective order that the Court already adopted. It modifies the existing order in two respects: (1) it covers all confidential information that the government or other parties may submit in future proceedings; and (2) it allows inside counsel of record for the parties to obtain access to that information. For the Court's convenience, we have attached a redline of the proposed protective order showing the changes we propose from the protective order the Court has already entered.

The first proposed change is self-explanatory. The second is necessary to ensure that Verizon's counsel may continue to represent it in this proceeding. Two in-house Verizon attorneys – John Thorne and David Wheeler – have played a principal role in this proceeding and in the negotiations with the government that led to the consent decree, including drafting the briefs that Verizon has filed in the proceeding and appearing before the Court at the July 12 hearing and the July 25 status hearing. Both Mr. Thorne and Mr. Wheeler are members of the bar of this Court; both have been subject to numerous protective orders in prior federal court cases; neither performs any business or competitive function within Verizon; instead, they function as litigators on behalf of their client. It would be unfair and prejudicial to restrict the role that Mr. Thorne and Mr. Wheeler could play in this case by prohibiting them from having access

---

[2] On July 25, 2006, the court granted a protective order to govern the use of the confidential versions of the Verizon/MCI and SBC/AT&T merger orders that the Court requested from the Federal Communications Commission ("FCC"). There is no need to modify that protective order since it covers only the FCC's two orders.

to relevant confidential information in this proceeding. *Cf. United States v. Sunguard Data Systems*, 173 F.Supp.2d 20 (D.D.C. 2001) (holding that protective order should be expanded to grant access to confidential documents to two in-house counsel for each defendant where, as here, such counsel "will have a much deeper and complete understanding" of the relevant information, where the case involves "a highly technical field," where trial on the relevant issues was "a mere 16 days away," and where excluding such counsel would therefore require defendants to "fight with one hand behind their backs").

Because the government's case involving the Verizon/MCI transaction has been consolidated with its case involving the SBC/AT&T transaction, the protective order should govern both proceedings without requiring separate submissions for each of the mergers. Attempting to segregate confidential information pertaining solely to one merger versus the other is likely to be more trouble than it is worth. Mr. Thorne has been counsel of record as an in-house counsel in at least two other cases in which predecessor companies to Verizon brought antitrust cases against AT&T and in which Mr. Thorne was privy to AT&T confidential information subject to protective orders: Bell Atlantic Mobile v. AT&T Corp., No. CV 94-3682 (E.D.N.Y.)[3], and Bell Atlantic Corp. v. AT&T Corp., No. 5-96CV45 (E.D. Tex.). This proceeding is likely to involve much less confidential material than in those litigated cases.

A proposed form of order is attached.

---

[3] A principal part of the discovery by Bell Atlantic in this case was of the documents that AT&T and McCaw had produced to the government during the government's review of that merger, all of which the district court ordered to be produced under a protective order.

Respectfully submitted,

/s/ Mark C. Hansen_____

| | |
|---|---|
| John Thorne | Mark C. Hansen |
| David E. Wheeler | Mark L. Evans |
| Verizon Communications Inc. | Aaron M. Panner |
| 1515 N. Courthouse Road | Evan T. Leo |
| Arlington, Virginia 22201 | Kellogg, Huber, Hansen, Todd, |
| Telephone: (703) 351-3000 |    Evans & Figel, P.L.L.C. |
| Facsimile: (703) 351-3670 | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036-3209 |
| | Telephone (202) 326-7900 |
| | Facsimile (202) 326-7999 |

July 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2006, I caused a copy of the foregoing Verizon's Motion for Entry of Protective Order and Memorandum of Points and Authorities to be served by overnight mail on the parties below:

| | |
|---|---|
| FOR THE ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Jay L. Himes<br>Chief, Antitrust Bureau<br>Office of the Attorney General<br>120 Broadway<br>26C54<br>New York, NY 10271<br><br>FOR SPRINT NEXTEL<br><br>Charles T. Kimmett<br>Harris, Wiltshire & Grannis LLP<br>1200 Eighteenth Street, N.W.<br>12th Floor<br>Washington, D.C.  20036 | FOR THE NATIONAL ASSOCIATION OF STATE UTILITY CONSUMER ADVOCATES<br><br>Kathleen F. O'Reilly<br>414 A Street, S.E.<br>Washington, D.C.  20003<br><br>FOR THE UNITED STATES<br><br>Lawrence M. Frankel<br>U.S. Department of Justice<br>City Center Building<br>1401 H Street, N.W.<br>Washington, D.C.  20530 |

_____

Angela L. Oncken