**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | Civil Action No. |
| | ) | 1:05CV02102 (EGS) |
| **SBC Communications, Inc. and** | ) | |
| **AT&T Corp.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | Civil Action No. |
| | ) | 1:05CV02103 (EGS) |
| **Verizon Communications Inc. and** | ) | |
| **MCI, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**VERIZON'S REPLY TO THE UNITED STATES' OPPOSITION TO VERIZON'S
MOTION FOR ENTRY OF PROTECTIVE ORDER**

The only difference between the protective orders proposed by Verizon and by the

United States is that Verizon's would permit "counsel of record to the parties" – whether

outside or in-house – to obtain access to confidential materials.  The government would

prevent in-house counsel of record – specifically Verizon's, who have principal

responsibility for preparing briefs and presenting argument to the Court – from access to

the confidential materials necessary for the discharge of these responsibilities.  There is

no legitimate basis for preventing Verizon's chosen lead counsel from representing their

client, or relegating them to second-class status behind the outside counsel Verizon has

retained to assist its lead, in-house lawyers. The Court should enter Verizon's proposed protective order.

1.      Verizon's proposed protective order would permit "counsel of record for the parties" who sign the agreement of confidentiality to obtain access to confidential information for the purpose of participating in this proceeding. *See* Verizon's Proposed Protective Order § 2(e). The only in-house attorneys who are counsel of record in this proceeding (aside from in-house counsel for amici Comptel, Mr. Lee) are Verizon's lead counsel John Thorne and David Wheeler.[1] The government is incorrect in suggesting that Verizon's proposed order would apply to other Verizon in-house attorneys, leading to broader dissemination of competitively-sensitive business information. Only Mr. Thorne and Mr. Wheeler would have access to confidential information under Verizon's proposed order.

2.      Verizon will be harmed if its lead counsel cannot participate fully in these proceedings. Mr. Thorne and Mr. Wheeler, and not outside counsel, have taken primary responsibility for every aspect of the legal work done in connection with the Verizon/MCI transaction – from the antitrust assessment before the merger was announced, to representing Verizon during the government's investigation, to negotiating the consent decree, and to participating in these Tunney Act proceedings. Mr. Thorne is co-author of the treatise that comprehensively surveyed extensive Tunney Act practice. M. Kellogg, J. Thorne, & P. Huber, Federal Telecommunications Law, chapters 3-7 (Little Brown & Co. 1992 & Supp. 1995); P. Huber, M. Kellogg, & J. Thorne, Federal

---

[1] No other Verizon attorney has made an appearance in this case, signed a pleading, or otherwise participated in these Tunney Act proceedings.

Telecommunications Law, chapters 4, 7 (Aspen Law & Bus. 2d ed. 1999 & Supps. 2004,

2005, & 2006).  Mr. Thorne commissioned and submitted to the Senate Judiciary

Subcommittee the constitutional analysis of Professor Tribe and Dean Starr during the

2003 consideration of the Tunney Act amendments.  He has taken the lead in preparing

Verizon's written submissions, and has made Verizon's principal oral arguments, to the

Court.

The government's claims that Verizon "has been ably represented by outside

counsel" and that it was outside counsel "who submitted the very motion at issue" miss

the point: Mr. Thorne and Mr. Wheeler are Verizon's lead counsel in this proceeding.  By

insisting that they be denied access to confidential information, the government is

seeking to deny Verizon its chosen counsel, those with greatest knowledge of and

expertise in the issues before the Court, to the severe detriment of Verizon.  That

extraordinary request is unjustified in light of the clear limitations on the use of

confidential information that both versions of the protective order impose on all counsel

who, as officers of the court, are subject to it.

3.      Messrs Thorne and Wheeler are also subject to the same rules of

professional conduct that govern the practice of outside counsel.[2]  In a variety of different

contexts, the ABA's Standing Committee on Ethics and Professional Responsibility has

recognized that the Model Rules of Professional Conduct apply to in-house counsel in the

---

[2] *See* Ronald D. Rotunda & John S. Dzienkowski, *Legal Ethics: The Lawyer's Deskbook on Professional Responsibility* § 1.13-1, at 488 (2005/2006) ("the ethics rules impose the same burdens and obligations on inside and outside counsel").

same way that they apply to outside counsel.[3]  The D.C. Bar Legal Ethics Committee

recently concluded that, with respect to the rule prohibiting contacts with represented

parties, in-house counsel are properly considered lawyers, not parties.  D.C. Ethics Op.

331 (2005) ("[W]e conclude that a lawyer who is also an employee of a client

organization represents that client; the in-house counsel is not also the 'party' within the

meaning of D.C. Rule 4.2(c)").  The Committee also rejected the suggestion that, under

the D.C. Rules of Professional Conduct, "a distinction can be drawn between the

activities of in-house and outside counsel because counsel who are employees might be

more likely to be given powers by their employers that extend beyond strictly counsel

functions."  *Id.*

      4.      There is no merit to the government's claim that its competing proposal

"will better suit the needs of third parties who submitted information to the government

in the expectation that it would not be disclosed to their competitors."  Government's

July 27, 2006 Opposition at 2.  In a merger proceeding, the government compels

production of relevant information from third parties pursuant to Civil Investigative

Demands ("CIDs").  Third parties are fully aware that when they supply information in a

merger that it may be used in litigation regarding the merger and that counsel for the

merger parties will be allowed to defend themselves (subject, of course, to the kind of

---

[3] *See*, *e.g.*, ABA Formal Op. 99-415, at 2 (1999) (whether in-house counsel may represent interests adverse to its former employer/client "is governed, as is that of all other lawyers, by Model Rule 1.9"); ABA Formal Op. 01-424, at 5 (2001) (in-house lawyer suing former employer/client for wrongful discharge "must comply with her duty of confidentiality to her former client and may reveal information to the extent necessary to establish her claim against her employer"); ABA Formal Op. 03-430, at 5-6 (2003) (noting that "[n]othing in the status of [in-house] counsel as employees diminishes their obligation or ability to comply with Rule 5.4[c] [requiring the lawyer to exercise independent judgment on behalf of client] or any of the other Model Rules").

protective order that Verizon has proposed in this case).  The government does not state

or even suggest that it will be unable to compel relevant information needed to analyze

mergers because third parties will fear revelation of such information in litigation to in

house counsel subject to a protective order.

5.      Finally, the government's concern about Verizon's proposed order

sweeping too broadly can easily be addressed:  Verizon is willing to specify that only Mr.

Thorne and Mr. Wheeler will become signatories to the order.  The government's stated

concern about sanctions is likewise misplaced.  All officers of the court, and counsel of

record, are subject to the same duties, and can suffer the same punishments for any

violation of a Court order.  The government's suggestion that the Court would need to

fashion some kind of complex, special provision for sanctioning in house counsel is

misplaced.  We are not aware of any such provision having been required in any of the

numerous protective orders to which undersigned counsel have been subject.  Simply put,

counsel must scrupulously abide by Court orders and should be expected to do so,

whether they are compensated by salary, by the hour, or otherwise.

Respectfully submitted,


/s/ Mark C. Hansen_____

John Thorne                           Mark C. Hansen
David E. Wheeler                      Aaron M. Panner
Verizon Communications Inc.           Evan T. Leo
1515 N. Courthouse Road               Kellogg, Huber, Hansen, Todd,
Arlington, Virginia 22201               Evans & Figel, P.L.L.C.
Telephone: (703) 351-3000             1615 M Street, N.W., Suite 400
Facsimile: (703) 351-3670            Washington, D.C. 20036-3209
                                      Telephone (202) 326-7900
                                      Facsimile (202) 326-7999


July 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July, 2006, I caused a copy of the foregoing Verizon's Reply to the United States' Opposition to Verizon's Motion for Entry of Protective Order to be served by overnight mail on the parties below:

| | |
|---|---|
| FOR THE ATTORNEY GENERAL OF THE STATE OF NEW YORK<br><br>Jay L. Himes<br>Chief, Antitrust Bureau<br>Office of the Attorney General<br>120 Broadway<br>26C54<br>New York, NY 10271<br><br><br>FOR SPRINT NEXTEL<br><br>Charles T. Kimmett<br>Harris, Wiltshire & Grannis LLP<br>1200 Eighteenth Street, N.W.<br>12th Floor<br>Washington, D.C.  20036 | FOR THE NATIONAL ASSOCIATION OF STATE UTILITY CONSUMER ADVOCATES<br><br>Kathleen F. O'Reilly<br>414 A Street, S.E.<br>Washington, D.C.  20003<br><br>FOR THE UNITED STATES<br><br>Lawrence M. Frankel<br>U.S. Department of Justice<br>City Center Building<br>1401 H Street, N.W.<br>Washington, D.C.  20530 |

_____

LaTanya T. Parker