IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SBC Communications, Inc. and ) <br> AT&T Corp., ) <br> ) <br> Defendants. ) | Civil Action No. <br> 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> Verizon Communications Inc. and ) <br> MCI, Inc., ) <br> ) <br> Defendants. ) | Civil Action No. <br> 1:05CV02103 (EGS) |

**VERIZON'S REPLY IN SUPPORT OF ITS
MOTION FOR ENTRY OF PROTECTIVE ORDER**

No party or amicus in this proceeding has filed a response to Verizon's or the Government's competing motions for entry of protective orders. Instead, Time Warner Telecom Inc. ("Time Warner") has filed an untimely and substantively deficient opposition to Verizon's proposal, and the New Jersey Division of Rate Counsel ("Rate Counsel") has filed a letter requesting a modification of the protective orders that would effectively relieve it of its obligations to comply with protective orders entered in other proceedings. Neither of these responses is well founded. The Court should grant Verizon's motion for entry of a protective order.

1.     Time Warner has filed a motion to participate – which was not served on the parties until an hour after the Court's 4:00 pm deadline – for the limited purpose of opposing Verizon's protective order.  Time Warner's request is premised on the assumption that Verizon's proposed order will allow "Verizon personnel who are involved in that company's strategic and competitive decision-making" to obtain access to Time Warner's sensitive information.  Time Warner Mem. at 2.  But as Verizon explained, neither of the two Verizon in-house counsel of record – the only in-house lawyers who would be covered by Verizon's proposed protective order – fits that description.  Although Time Warner points to a press release noting that Mr. Thorne's job description includes "strategic initiatives," those initiatives are legal in nature.  Indeed the "RIAA" case described in the release, *Recording Industry Ass'n of America v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003), *cert. denied,* 125 S. Ct. 309 (2004), in which Mr. Thorne was Verizon's counsel of record in the Supreme Court, is a perfect example of what Mr. Thorne does do – formulate and implement strategy for complex regulatory and legal matters, including the drafting of briefs and the crafting of legal arguments.  That is just the role he has played in this proceeding.   Nothing in Mr. Thorne's job description involves day-to-day *business* decisions that would place Mr. Thorne, if permitted access to confidential information here, "in an impossible position of conflict with respect to his own client."  Time Warner Mem. at 4.  Nothing other than the non-party's belated speculation supports that conjecture.

Nor is there merit to Time Warner's suggestion that Verizon's proposed order will "chill the willingness of companies to cooperate" with the Government in the future.  *Id.* As already explained, in a merger proceeding, the Government compels production of

relevant information from third parties pursuant to Civil Investigative Demands ("CIDs").  The red-herring Time Warner throws on the boat here – the supposed likelihood of government disclosure of highly-confidential long range business and pricing plans – has no connection to the dispute before the Court.  It is highly *unlikely* that this kind of information, which is utterly unrelated to the narrow issues arising in connection with co-called "stranded" buildings in a handful of locations, will be made part of the record by the Government (or any other party, for that matter).   In any event, third parties are fully aware that, when they supply information in a merger, it may be used in litigation regarding the merger and that counsel for the merger parties will be allowed to defend themselves (subject, of course, to the kind of protective order that Verizon has proposed in this case).  Time Warner acknowledges that if it does not wish to cooperate with such investigations it could seek additional judicial protection under the Antitrust Civil Process Act.  *Id.* at 5.

2.     Rate Counsel – which is neither a party nor amicus in this proceeding – filed a letter with the Court seeking to modify the Protective Order that the Court has issued to govern the use of the FCC merger orders.  Rate Counsel expresses no preference as to Verizon's or the Government's proposed protective order, but it requests a modification to permit it to use "any information" supplied to the FCC during the merger reviews "when such information was furnished or produced in any state proceeding reviewing the mergers."  But any information that the Rate Counsel seeks to use is, itself, subject to protective orders issued by state regulatory bodies.  Rate Counsel is effectively asking the Court to relieve it of the promises it made to those other regulatory bodies when it signed protective orders that required it to use the information

3

only in those particular proceedings. Rate Counsel provides no authority for seeking such an extraordinary result, and it has offered no reason for why such a result is necessary or even desirable in these circumstances.

## CONCLUSION

The Court should grant Verizon's Motion for Entry of Protective Order.

Respectfully submitted,

/s/ Mark C. Hansen

| | |
|---|---|
| John Thorne | Mark C. Hansen |
| David E. Wheeler | Aaron M. Panner |
| Verizon Communications Inc. | Evan T. Leo |
| 1515 N. Courthouse Road | Kellogg, Huber, Hansen, Todd, |
| Arlington, Virginia 22201 |   Evans & Figel, P.L.L.C. |
| Telephone: (703) 351-3000 | 1615 M Street, N.W., Suite 400 |
| Facsimile: (703) 351-3670 | Washington, D.C. 20036-3209 |
| | Telephone (202) 326-7900 |
| | Facsimile (202) 326-7999 |

August 2, 2006