IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., and AT&T CORP.<br>       Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., and MCI, INC.<br>       Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**MOTION OF TIME WARNER TELECOM INC.[1] FOR PERMISSION TO PARTICIPATE IN THESE PROCEEDINGS AND MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to the Tunney Act, 15 U.S.C. §16(f)(3), Time Warner Telecom Inc. ("Time Warner Telecom" or "TWTC") moves for permission to participate in these consolidated actions for the limited purpose of providing this Court TWTC's views on the competing proposed protective orders filed by the United States and by Verizon Communications Inc. ("Verizon"). Time Warner Telecom seeks this permission from the Court in order to assure that confidential information submitted by TWTC to the United States pursuant to the Antitrust Civil Process Act,

---

[1] Time Warner Telecom Inc., 10475 Park Meadows Drive, Littleton, Colorado, 80124.

1230211.1

- 2 -

15 U.S.C. §§ 1311-1314, is protected from disclosure to the in-house personnel of TWTC's competitors.

Pursuant to Local Rule 7 Time Warner Telecom has conferred with counsel for the United States, who has consented to this request; has conferred with counsel for Verizon and MCI, Inc., who oppose this request, and; has made a good faith effort to confer with counsel for SBC Communications, Inc., and AT&T Corp., who have not yet responded to TWTC.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Tunney Act gives this Court the discretion to allow participation of "interested persons" in any "manner and extent which serves the public interest as the court may deem appropriate." 15 U.S.C. §16(f)(3). Time Warner Telecom has a vital interest in this Court's disposition of competing proposed protective orders that will govern the distribution and review of some of Time Warner Telecom's most sensitive business information -- information provided to the United States pursuant to Civil Investigative Demands issued to TWTC in 2005.

Time Warner Telecom seeks permission from this Court to file the accompanying memorandum in order to assert that:

1) The United States has proposed a protective order that adequately protects the confidential information of companies like TWTC, while also allowing the Court to conduct a comprehensive review of the proposed Final Judgments in the consolidated actions before it;

2) The order proposed by Verizon provides inadequate protection against disclosure of TWTC's sensitive information to Verizon personnel who are involved in that company's strategic and competitive decision-making;

1230211.1

3) Allowing Verizon in-house personnel to review TWTC competitively sensitive information may chill cooperation by others in a similar position as TWTC with future merger investigations conducted by the United States; and,

4) Disclosure of TWTC's most competitively sensitive information threatens to undermine the very purpose of the antitrust laws and this proceeding -- to promote competition.

For these reasons, Time Warner Telecom respectfully requests that this Court grant its motion for permission to participate in these consolidated actions for the limited purpose of providing this Court the views of TWTC on the competing proposed protective orders filed by the United States and by Verizon.

Dated: August 2, 2006

Respectfully submitted,

By: /s/ Theodore C. Whitehouse

Theodore C. Whitehouse (D.C. Bar No. 298331)
Thomas Jones (D.C. Bar No. 444900)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel.:   (202) 303-1000
Fax:   (202) 303-2000

*Counsel to Time Warner Telecom Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2006, a true and correct copy of the Motion of Time Warner Telecom Inc. To Participate in These Proceedings and Memorandum of Points and Authorities was filed with the clerk's office and copies were serviced via U.S. mail to:

| | |
|---|---|
| *Attorneys for Plaintiff, United States:*<br>**Claude F. Scott, Jr.**<br>**Jared A. Hughes**<br>**Lawrence M. Frankel**<br>**Matthew C. Hammond**<br>**David T. Bonder**<br>Telecommunication and Media Enforcement,<br>Antitrust Division<br>U.S. Department of Justice<br>1401 H Street, N.W., Ste. 800<br>Washington, D.C. 20530 | *Attorneys for Defendant, SBC Communications, Inc.:*<br>**William Randolph Smith**<br>**Michael L. Lazarus**<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 |
| *Attorneys for Defendant, Verizon Communications, Inc.:*<br>**Aaron Martin Panner**<br>**Joseph S. Hall**<br>**Mark C. Hansen**<br>Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036 | *Attorneys for Defendant, AT&T Corp.:*<br>**Wilma A. Lewis**<br>**William Randolph Smith**<br>Crowell & Moring, LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 |
| **David Earl Wheeler**<br>Verizon Communications, Inc.<br>4445 Warren Street, N.W.<br>Washington, D.C. 20016-2439 | *Attorneys for Movant, Alliance for Competition in Telecommunications:*<br>**Gary L. Reback**<br>Carr & Ferrell, LLP<br>2200 Geng Road<br>Palo Alto, CA 94303 |
| **John Thorne**<br>Verizon Communications, Inc.<br>1320 North Courthouse Road<br>8th Floor<br>Arlington, VA 22201 | **Thomas Cohen**<br>Kelley, Drye & Warren LLP<br>3050 K Street, N.W., Suite 400<br>Washington, D.C. 20007 |

1230211.1

| | |
|---|---|
| *Attorneys for Movant, CompTel:*<br>**Kevin R. Sullivan**<br>King & Spalding LLP<br>1730 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20006 | *Attorney for Movant, American Antitrust Institute, Inc.:*<br>**Jonathan Laurence Rubin**<br>Jonathan L. Rubin, PC<br>14121 Saddle River Drive<br>North Potomac, MD  20878 |
| *Attorney for the Attorney General of the State of New York:*<br>**Jay L. Himes**<br>Chief Antitrust Bureau<br>120 Broadway<br>New York, NY  10271 | |

_____
Benjamin W. Jackson