IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>SBC COMMUNICATIONS, INC., and AT&T CORP.<br>                     Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., and MCI, INC.<br>                     Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**TIME WARNER TELECOM INC.'S MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR ENTRY OF PROTECTIVE ORDER AND IN OPPOSITION TO VERIZON'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

The Tunney Act gives this Court the discretion to allow participation of "interested persons" in any "manner and extent which serves the public interest as the court may deem appropriate." 15 U.S.C. §16(f)(3). Time Warner Telecom Inc. ("TWTC") has a vital interest in this Court's disposition of competing proposed protective orders that will govern the distribution and review of some of Time Warner Telecom's most sensitive business information. The United States has proposed a protective order that adequately protects the confidential information of companies like TWTC, while also allowing the Court to conduct a comprehensive review of the proposed Final Judgments in the consolidated actions before it. The order proposed by Verizon,

1230318.1

on the other hand, provides inadequate protection against disclosure of TWTC's sensitive information to Verizon personnel who are involved in that company's strategic and competitive decision-making. Further, allowing Verizon in-house personnel to review TWTC competitively sensitive information may chill cooperation by others in a similar position as TWTC with future merger investigations conducted by the United States. Finally, disclosure of TWTC's most competitively sensitive information threatens to undermine the very purpose of the antitrust laws and this proceeding -- to promote competition. Accordingly, the protective order proposed by the United States should be accepted by the Court and the protective order proposed by Verizon should be rejected.

In response to Civil Investigative Demands ("CIDs") issued in 2005, TWTC provided to the Antitrust Division of the U.S. Department of Justice ("the Division") a large volume of documents and data, virtually all of which TWTC considered (and still considers to be) highly confidential, competitively sensitive information. Declaration of Peter Nadel ¶ 4 (attached). The material provided to the Division included business plans with multi-year strategies and detailed pricing and revenue information. *Id.*. TWTC submitted these materials with the understanding that they would be protected from disclosure to the fullest extent provided by law -- precisely because it is the type of information that TWTC zealously guards from the eyes of its competitors. *Id.* ¶ 5. This is particularly true of competitors that are also suppliers to TWTC of local transport services -- such as Verizon. *Id.* ¶ 6. Disclosure of the information in question to Verizon executives involved in Verizon's business decisions would harm TWTC and competition in the telecommunications markets in which TWTC competes with Verizon.

On July 28, 2006, Time Warner Telecom was notified that the Division intended to submit information to this Court in order to aid the Court's public interest determination in these

1230318.1

consolidated actions under the Tunney Act. Nadel Decl., Ex. A. The Division stated that its submission might include information provided by TWTC pursuant to the CIDs issued in 2005. *Id.* The Division provided to TWTC a copy of a proposed protective order filed with this Court, and noted that another proposed protective order was also filed by Verizon. *Id.* The two proposed protective orders are substantially the same, except that the Verizon proposal allows information produced pursuant to a CID to be reviewed by two of Verizon's in-house lawyers. *Id.*; *see also* Verizon's Motion for Entry of Protective Order, filed July 27, 2006.

The proposed protective order filed by the United States appropriately guards against the potential to put CID respondents at a competitive disadvantage by shielding their materials completely from disclosure to any in-house personnel of the defendants in this action (or, indeed, from any in-house personnel of any competitor in this industry). Time Warner Telecom concedes that there is some risk associated with the disclosure of its competitively sensitive business information to outside counsel and consultants, as defined by the United States' proposed protective order. However, the provisions of this proposed order, at least on their face, are sufficiently strong to allay TWTC's concerns. Indeed, to the extent that TWTC has specific concerns about a particular recipient of the confidential information, the proposed order provides TWTC the ability to seek further protection from the Court.

The proposed protective order offered by Verizon, on the other hand, provides inadequate protection against disclosure of TWTC's sensitive information to senior Verizon personnel who are involved in that company's strategic decision-making. One of the in-house Verizon attorneys who would have access to TWTC's highly confidential information, under Verizon's proposed order, is Mr. Thorne. According to Verizon's own website, Mr. Thorne works on the "strategic initiatives" of the company. Nadel Decl., Ex. B. The protective order proposed by Verizon

1230318.1

would prohibit Mr. Thorne from disclosing confidential information to his colleagues. However, disclosure of TWTC's competitively sensitive information to Mr. Thorne, without the ability to further internally disclose it, places Mr. Thorne in an impossible position of conflict with respect to his own client. Moreover, Verizon's proposal offers no requirement whatsoever that Mr. Thorne recuse himself from participating in strategic decisions that implicate the intimate knowledge he gains from reviewing that same confidential information. It is by no means impugning Mr. Thorne's integrity to point out that such sensitive knowledge, once acquired, is difficult to disregard when faced with strategic decisions that affect the continued success of his company.[1] Such use of TWTC's sensitive information would be nearly impossible for this Court to detect, but the harm would be real and irreparable.[2]

Furthermore, accepting Verizon's proposed order can only serve to chill the willingness of companies to cooperate fully and freely with the Division (or any other government agency) in future investigations. Verizon is correct in observing in its opposition to the United States' motion for protective order that a Civil Investigative Demand is compulsory process. Verizon Reply to United States Opposition at 4. However, this statement ignores the practical reality of the CID process, where the time afforded to a government investigation is compressed, and

---

[1] Verizon's reliance on the *Sunguard* case is inapposite. *See* Verizon's Motion for Entry of Protect Order at 2-3 ( *citing United States v. Sunguard Data Sys., Inc.*, 173 F. Supp. 2d 20 (D.D.C. 2001)). The Court in *Sunguard* allowed in-house counsel to review confidential information, in part, because those attorneys were not "managers or decision makers in the competitive decisions made by the actual managers of their employers." *Sunguard*, 173 F. Supp. 2d at 24. Here, Verizon itself has described Mr. Thorne as someone who works on the company's strategic initiatives -- precisely the type of individual from whom confidential information must be shielded.

[2] That Mr. Thorne and Mr. Wheeler are considered by Verizon to be its "lead counsel" should not dissuade this court from barring them from reviewing the competitively sensitive information of Verizon's competitors. Verizon should not be able to force this Court to permit disclosure of the most intimate competitive secrets of Verizon's competitors simply because they chose to use senior in-house attorneys.

- 4 -

1230318.1

prompt and complete cooperation from third parties is essential to a full and comprehensive review of a pending transaction. Indeed, had TWTC believed that its sensitive business information would be available for review by in-house personnel of its competitors, it would have seriously considered exercising its rights under the Antitrust Civil Process Act to seek additional judicial protection of the information sought by the Division. Such a decision would have entailed a lengthy and costly process for all involved, and one that could seriously undermine the Division's ability timely to assess whether the transaction complied with the antitrust laws.

Finally, disclosure of the information and documents at issue would undermine the purpose of the antitrust laws and this proceeding -- namely, the promotion of competition. This Court should avoid jeopardizing the very goal that it seeks to promote while at the same time permitting the disclosure needed to conduct a thorough review. The United States' proposed protective order strikes that balance properly while Verizon's does not.

1230318.1

For these reasons, Time Warner Telecom respectfully requests that this Court grant the United States' Motion for Entry of Protective Order, and that it deny Verizon's Motion for Entry of Protective Order.

Dated: August 2, 2006

Respectfully submitted,

By: /s/ Theodore C. Whitehouse

Theodore C. Whitehouse (D.C. Bar No. 298331)
Thomas Jones (D.C. Bar No. 444900)
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel.:   (202) 303-1000
Fax:   (202) 303-2000
*Counsel to Time Warner Telecom Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2006, true and correct copies of Time Warner Telecom Inc.'s Memorandum in Support of United States' Motion for Entry of Protective Order and in Opposition to Verizon's Motion for Entry of Protective Order, and of the Declaration of Peter Nadel, were filed with the clerk's office and copies were serviced via U.S. mail to:

| | |
|---|---|
| *Attorneys for Plaintiff, United States:*<br>**Claude F. Scott, Jr.**<br>**Jared A. Hughes**<br>**Lawrence M. Frankel**<br>**Matthew C. Hammond**<br>**David T. Bonder**<br>Telecommunication and Media Enforcement, Antitrust Division<br>U.S. Department of Justice<br>1401 H Street, N.W., Ste. 800<br>Washington, D.C. 20530 | *Attorneys for Defendant, SBC Communications, Inc.:*<br>**William Randolph Smith**<br>**Michael L. Lazarus**<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 |
| *Attorneys for Defendant, Verizon Communications, Inc.:*<br>**Aaron Martin Panner**<br>**Joseph S. Hall**<br>**Mark C. Hansen**<br>Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036 | *Attorneys for Defendant, AT&T Corp.:*<br>**Wilma A. Lewis**<br>**William Randolph Smith**<br>Crowell & Moring, LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 |
| **David Earl Wheeler**<br>Verizon Communications, Inc.<br>4445 Warren Street, N.W.<br>Washington, D.C. 20016-2439 | *Attorneys for Movant, Alliance for Competition in Telecommunications:*<br>**Gary L. Reback**<br>Carr & Ferrell, LLP<br>2200 Geng Road<br>Palo Alto, CA 94303 |
| **John Thorne**<br>Verizon Communications, Inc.<br>1320 North Courthouse Road<br>8th Floor<br>Arlington, VA 22201 | **Thomas Cohen**<br>Kelley, Drye & Warren LLP<br>3050 K Street, N.W., Suite 400<br>Washington, D.C. 20007 |

1230318.1

| | |
|---|---|
| *Attorneys for Movant, CompTel:*<br>**Kevin R. Sullivan**<br>King & Spalding LLP<br>1730 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20006 | *Attorney for Movant, American Antitrust Institute, Inc.:*<br>**Jonathan Laurence Rubin**<br>Jonathan L. Rubin, PC<br>14121 Saddle River Drive<br>North Potomac, MD  20878 |
| *Attorney for the Attorney General of the State of New York:*<br>**Jay L. Himes**<br>Chief Antitrust Bureau<br>120 Broadway<br>New York, NY  10271 | |

_____
Benjamin W. Jackson