**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, ) | Civil Action No.:  1:05CV02102 (EGS) |
| Plaintiff, ) | |
| v. ) | **FILED UNDER SEAL** |
| SBC Communications, Inc. and ) | **PURSUANT TO PROTECTIVE ORDER** |
| AT&T Corp., ) | **ENTERED AUGUST 4, 2006** |
| Defendants. ) | **REDACTED FOR PUBLIC INSPECTION** |
| United States of America, ) | Civil Action No.: 1:05CV02103 (EGS) |
| Plaintiff, ) | |
| v. ) | |
| Verizon Communications Inc. and ) | |
| MCI, Inc., ) | |
| Defendants. ) | |

**AMENDED DECLARATION OF JARED A. HUGHES**

1.    My name is Jared A. Hughes. I am an attorney employed by the Antitrust Division of the United States Department of Justice. I worked on the Division's investigation of the proposed mergers of SBC and AT&T and Verizon and MCI. I provide this declaration to describe the materials submitted to the Court as attachments to the Declaration of W. Robert Majure, and to identify the sources of those materials.

2.    Most of the materials provided to the Court were either (1) produced by the merging parties pursuant to Second Requests, *see* 15 U.S.C. § 18a(e)(2); 16 C.F.R. § 803.20; or (2) produced by third parties pursuant to Civil Investigative Demands ("CIDs"), *see* 15 U.S.C. §§ 1311-1314. Both AT&T and MCI, in addition to producing materials pursuant to Second Requests, produced materials pursuant to CIDs.

3.     The documents at **Tab 1, Retail Customer Statements,** Bates range beginning DOJ-
CUSTLTRS-000001, are statements and declarations of retail customers in support of the
merger between SBC and AT&T that were provided by SBC and AT&T during the
Department's investigation. They are true and correct copies of the material provided to
the Department by SBC and AT&T.

- DOJ-CUSTLTRS-000001 was provided to the Department by SBC.
- DOJ-CUSTLTRS-000062 was provided to the Department by SBC.
- DOJ-CUSTLTRS-000176 was provided to the Department by AT&T.
- DOJ-CUSTLTRS-000240 was provided to the Department by SBC.

The customer statements in DOJ-CUSTLTRS-000001 and DOJ-CUSTLTRS-000240 are
publicly available at the FCC's web site at
<http://gullfoss2.fcc.gov/prod/ecfs/retrieve.cgi?native_or_pdf=pdf&id_document=65176
01200> and
<http://gullfoss2.fcc.gov/prod/ecfs/retrieve.cgi?native_or_pdf=pdf&id_document=65176
24100>.

4.     The document at **Tab 2, AT&T Network Maps,** DOJ-ATTMAPS-000001, is a true and
correct copy of an excerpt of an interrogatory response produced by AT&T pursuant to a
Second Request, containing the maps of AT&T's local fiber networks in the cities in SBC
franchise territory that are referenced in the Department's Complaint.

5.     The document at **Tab 3, AT&T Buildings List,** DOJ-ATT-000002, is a true and correct
copy of an excerpt of a nationwide list of "on-net" buildings that AT&T provided
pursuant to a Second Request, listing the "on-net" buildings in the cities referenced in the
Department's Complaints.

6.     The documents at **Tab 4, MCI Network Maps,** Bates range beginning DOJ-MCIMAPS-
000002, are true and correct copies of an excerpt of an interrogatory response produced
by MCI pursuant to a Second Request, containing maps of MCI's local fiber networks in

2

the cities in Verizon franchise territory that are referenced in the Department's
Complaint.

7. The document at **Tab 5, MCI Buildings List**, DOJ-MCI-000001, is a true and correct
copy of an excerpt of a nationwide list of "on-net" buildings that MCI provided pursuant
to a Second Request, listing the "on-net" buildings in the cities referenced in the
Department's Complaints.

8. The documents at **Tab 6, CLEC Network Maps and Building Lists**, are true and
correct copies of documents produced by CLECs pursuant to CIDs, except as noted.
They are of two types. First, there are maps showing the paths of the CLECs' fiber
networks in the cities referenced in the Complaints. Second, there are lists of the
locations reached by each CLEC's network, including end user buildings, carrier hotels,
points of presence ("POPs"), and ILEC central offices. Some CLECs produced all types
of buildings on one list; others provided multiple lists.

- The maps provided at **Tab 6** are very large when printed; accordingly, they are
neither Bates-numbered nor produced in hard copy, but they are provided on disk.
They were produced by the following CLECs pursuant to CIDs:

**[REDACTED]**

3

Some CLECs (including **[REDACTED]** ) provided narrative descriptions of their fiber networks rather than maps. Those narratives are not provided here.

- The building lists provided at **Tab 6** were produced by the following CLECs pursuant to CIDs:

**[REDACTED]**

**[REDACTED]**

**[REDACTED]**

9.     AT&T and MCI produced pursuant to Second Requests and CIDs electronic geographic
       information systems ("GIS") files that allow GIS software to analyze the data
       geographically and to plot the fiber paths on maps.  Several other CLECs (listed below)
       also produced GIS files pursuant to CIDs.  The maps at **Tab 7, Overlapping CLEC
       Fiber Maps**, were created using GIS software and are true and correct copies of the
       overlapping fiber networks of the following carriers:

**[REDACTED]**

6

**[REDACTED]**

**Tab 7** includes two maps for each relevant city.  For the Verizon cities, the first map shows MCI fiber in blue, and all other CLECs (including AT&T) in green.  The second map shows MCI fiber in blue, AT&T fiber in red, and all other CLECs in green.  For the SBC cities, the first map shows AT&T fiber in red, and all other CLECs (including MCI) in green.  The second map shows AT&T fiber in red, MCI fiber in blue, and all other CLECs in green.  Not all carriers who provided network information to the Department were able to provide data in a GIS format that the Department could display on these overlapping maps.  Thus, the maps for some cities, such as Hartford, Richmond, Kansas City, and St. Louis, do not show as much fiber as actually exists.  *See* **Tab 7, Note on the Overlapping Fiber Maps**.

10.    The documents at **Tab 8, CLEC Business Plans**, are true and correct copies of documents produced by CLECs in response to CIDs.  They include:

**[REDACTED]**

7

**[REDACTED]**

11.    The documents at **Tab 9, CLEC Interrogatory Responses**, are true and correct copies of excerpts from interrogatory responses relating to entry criteria produced by the following CLECs in response to CIDs:

**[REDACTED]**

8

[REDACTED]

12.   The documents at **Tab 10, Documents Pertaining to CLECs as Providers of Access**,
      are true and correct copies of documents that were produced pursuant to Second Request
      or CID.  They include:

      • ATT140024376 is an internal email dated Feb. 2, 2005, produced by AT&T
        pursuant to a Second Request.

            [REDACTED]

      • MCI-DOJ-TT0032025,         **[REDACTED]**                          is
        an internal business document produced by MCI pursuant to a Second Request.

      • SBC-004249185 is an internal email dated Oct. 24, 2004, produced by SBC
        pursuant to a Second Request.

      • SBC-005905607 is an internal email dated Aug. 25, 2004, produced by SBC
        pursuant to a Second Request.

      • SBC-018072096 is an internal email dated Jul. 22, 2004, produced by SBC
        pursuant to a Second Request.

      • SBC-018072098,     **[REDACTED]**          is an internal business
        document produced by SBC pursuant to a Second Request.

      • SBC-018072134,     **[REDACTED]**          is an internal business
        document produced by SBC pursuant to a Second Request.

      • VZ-074-0117279,     **[REDACTED]**                is a
        business document produced by Verizon pursuant to a Second Request.  Pertinent
        pages are VZ-074-0117290, -7292, -7296, -7330.

      • VZ-072-0014190,   **[REDACTED]**
                                           is a business document produced by
        Verizon pursuant to a Second Request.

      • VZ-066-0004678 is an internal email, dated Dec. 16, 2004, produced by Verizon

pursuant to a Second Request.

- DOJ-CLECVENDORS-ATT-000001 was produced by AT&T in response to a CID interrogatory requesting AT&T to identify the carriers from whom it purchased local access in selected cities in Verizon's franchise territory.

- DOJ-CLECVENDORS-MCI-000001 was produced by MCI in response to a CID interrogatory requesting MCI to identify the carriers from whom it purchased local access in selected cities in SBC's franchise territory.

- DOJ-CLECVENDORS-MCI-000007 was produced by MCI in response to a CID interrogatory requesting MCI to identify the carriers from whom it purchased local access in selected cities in SBC's franchise territory.

- DOJ-CLECVENDORS-██-000001 was produced by [REDACTED] in response to a CID interrogatory requesting [REDACTED] to identify the carriers from whom it purchased local access in selected cities in SBC's and Verizon's franchise territories.

- DOJ-CLECVENDORS-██-000001 was produced by [REDACTED] in response to a CID interrogatory requesting [REDACTED] to identify the carriers from whom it purchased local access in selected cities in SBC's and Verizon's franchise territories.

- DOJ-CLECVENDORS-██-000001 was produced by [REDACTED] in response to a CID interrogatory requesting [REDACTED] to identify the carriers from whom it purchased local access in selected cities in SBC's and Verizon's franchise territories.

13.    The documents at **Tab 11, AT&T Documents**, are true and correct copies of business documents produced by AT&T pursuant to a Second Request. They include:

- ATT130000848 is an internal email dated Mar. 30, 2004, produced by AT&T pursuant to a Second Request.

- ATT151006032 is an internal email dated Feb. 4, 2004, produced by AT&T pursuant to a Second Request.

- ATT401007830, [REDACTED] is a business document produced by AT&T pursuant to a Second Request. Pertinent pages are ATT401007833, -7837 through -7841.

14.    The documents at **Tab 12, MCI Documents**, are true and correct copies of business documents produced by MCI pursuant to a Second Request.

- MCI-DOJ-QQ0001028 is an email dated Mar. 21, 2005, produced by MCI pursuant to a Second Request.
- MCI-DOJ-QQ0001024,                    **[REDACTED]**
  is a business document produced by MCI pursuant to a Second Request. Pertinent pages are MCI-DOJ-QQ0001024, -1026.
- MCI-DOJ-DD0036067 is an internal business document produced by MCI pursuant to a Second Request. Pertinent pages are MCI-DOJ-DD0036070, -6080 through -6082.

15.    The document at **Tab 13, Letter from C. Douglas Jarrett, Keller and Heckman, to Marlene H. Dortch, FCC (Sept. 27, 2005),** Bates-numbered DOJ-ETUGAPI-000001, was downloaded from the FCC's public web-site and remains available at: <http://gullfoss2.fcc.gov/prod/ecfs/retrieve.cgi?native_or_pdf=pdf&id_document=65181 62662>.  It was filed in the FCC proceedings *SBC Communications Inc. and AT&T Corp. Applications for Approval of Transfer of Control,* WC Docket No. 05-65, and *Verizon Communications Inc. and MCI, Inc. Applications for Approval of Transfer of Control,* WC Docket No. 05-75.

16.    The document at **Tab 14, Declaration of Charles H. Carnes, Jr (Verizon) (Aug. 4, 2006),** was provided to the Department by Verizon.

17.    The document at **Tab 15, Declaration of Michael E. Todd (AT&T) (Aug. 3, 2006),** was provided to the Department by AT&T.

18.    Three companies have reached agreements to purchase Divestiture Assets from AT&T under the proposed Final Judgment which were approved by the Department. Copies of the purchase agreements, along with amendments and schedules thereto, were provided to the Department by AT&T. True and correct copies of those agreements are found at **Tab 16, Divestiture Assets Purchase Agreements.**

**[REDACTED]**

11

**[REDACTED]**

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed on August \_\_\_, 2006

_____

**Jared A. Hughes**

12