| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 1:05CV02102(EGS) |
| v. | ) | |
| SBC COMMUNICATIONS, INC And AT&T CORPORATION | ) | |
| Defendants | ) | |
| UNITED STATES OF AMERICA | ) | CIVIL ACTION NO |
| Plaintiff | ) | 1:05CV02103(EGS) |
| v. | ) | |
| VERIZON COMMUNICATIONS INC. And MCI INC. | ) | |
| Defendants | ) | |

### RESPONSE TO VERIZON'S OPPOSTION TO BRENDA SMITH'S MOTION TO INTERVENE

NOW COMES BRENDA SMITH, PRO Se Plaintiff, in response to Verizon's opposition To Brenda Smith's Motion to Intervene filed on August 8, 2006. Verizon's response to Court simply stated that Brenda Smith was exposed to carbonless copy paper, ccp, while Employed at Verizon and Smiths claims had nothing to do with the merger. The exact Opposite is true. It is my understanding that this Court is reviewing all documents Presented by the parties in these mergers to confirm that they be true and accurate Information in order to protect the consumers in all aspects. It is that basis where Smith

has reason to Motion to Intervene in this case. Smith has information to confirm that Verizon has not been truthful in many other aspects of business and therefore the Court Will want to review all documents presented by Verizon as true .Verizon is correct in that Smith worked with and used ccp while employed at Verizon, then Bell Atlantic. Verizon will surely argue that Smith worked for Bell Atlantic and was injured by ccp While employed at Bell Atlantic. That is true . However, Bell Atlantic became Verizon Shortly after Smith discovered that ccp was the cause of her injuries and has dealt with Verizon in trying to persuade Verizon to warn employees as they should have, provide Smith with her disability retirement, and pay back compensation for intentional injuries By ccp and the chemical components. Smith has discovered internal documents of Verizon on corporate letter head that clearly demonstrate that Verizon suspected ccp As causing injuries to employees in many locations, had contacted the manufacturers of The ccp that was used by Verizon, had received information from the manufacturers that Confirmed how dangerous ccp could be to users, had prepared warnings to give to all Employees that used and were exposed to ccp and then decided not to give these Warnings to employees.

Verizon knew that the ccp employees used and were exposed to contained many Carcinogens including but not limited to asbestos, polychlorinated biphenyls ( PCB's), Perfluoroctanosulfate ( PFOS), Perfluroroctanoic ( PFOA), dioxin, formaldehyde, acryl Amide, ethyl acryl ate, acetaldehyde, propylene oxide, benzene, toluene, toluene Diiosocyanate, (TDI), ethylene glycol smoothly ether, ( hereinafter known ad " Toxic Chemicals).

Verizon knew that the manufacturer of the ccp, Appleton Papers Inc., had purchased

various chemicals from various suppliers including a product known as Scotchban Protector from the 3M Company in St. Paul, Minnesota, which contains PFOS and/or PFOA, and has utilized the same in its manufacture of ccp under the trade name of FC-829A. Verizon knew that exposure to PFOS and/or PFOA could cause a wide variety Of adverse health related effects, or an increased likelihood for the same, including but Not limited to adverse sub-cellular changes, cancer, heart problems, respiratory problems, Postnatal death and developmental effects, liver problems, testicular tumors, mannary Gland tumors, prostrate gland problems, increase in estrogen levels, anorexia, prostration And trembling, lipid depletion in the adrenals, hypochlorite of the bone marrow, atrophy Of the lymphoid follicles in the spleen and lymph nodes, and in some instances death. Verizon knew that exposure to other toxic chemicals showed inhalation of vapors may Cause mucous membrane and respiratory irritation and central nervous system depression With symptoms of headache, dizziness, drowsiness, tingling, numbness and shooting Pains in the hands and arms, nausea, vomiting, and unconsciousness. High vapor Concentrations may cause burning sensation of the nose and throat and watering of the Eyes. Severe overexposure may cause respiratory depression, blurred vision, blindness, Liver and kidney damage, coma and death. Repeated or prolonged contact with the skin May cause irritation, defatting of the skin and dermatitis. The liquid may be absorbed Through the skin causing effects similar to those of inhalation and ingestion. Eye contact May cause irritation or eye injury. Ingestion may cause mucous membrane and Gastrointestinal irritation, visual disturbances and central nervous system depression With symptoms of headache, dizziness, nausea, vomiting, weakness, fatigue, leg cramps, Restlessness, confusion, drunken behavior, and unconsciousness. Methanol is very slowly

Eliminated from the body. Ingestion of methanol may cause central nervous system Effects, blurred vision, coma and death. Ingestion of methanol may cause central nervous System effects, blurred vision, coma and death. Chronic or prolonged occupational Exposure or overexposure may cause effects on vision and damage to the liver and Kidneys. Prolonged and repeated exposure or overexposure to high concentrations of Methanol vapors may have a cumulative effect, cause ringing in the ears, insomnia, Trembling, unsteady gait, vertigo and clouded or double vision, cancer and death. When Handling ccp, avoid breathing vapors and use only in adequate ventilation. Avoid contact With the eyes, skin, clothing. Wear impervious gloves, chemical safety goggles and Appropriate protective clothing when handling this material. Wash thoroughly after Handling. Do not eat, drink, or smoke in the work area when handling this material, ccp. Wash thoroughly after handling. Do not eat, drink, or smoke in the work area where ccp Is used. Persons that are shown to be sensitized to chemicals in ccp should not be re-Exposed to ccp as this could cause severe adverse health effects including death. Formaldehyde is used in ccp and would generate additional formaldehyde upon curing. Lack of adequate ventilation may result in airborne levels of formaldehyde above the Established exposure limits. Monitoring of the workplace to determine formaldehyde Exposure levels is recommended.

Verizon knew that exposure to asbestos containing materials jeopardize the future health And well being of exposed employees and dramatically increase the risk of developing And of the following diseases: A. Asbestos: This is by definition a fibrosis of the lung That is progressive in nature and that can be disabling and life threatening. B: Lung Cancer: Neoplasms of the lung have long been associated with asbestos exposure.

Asbestos itself is accepted as a human carcinogen by the International Agency

For Research on Cancer and the World Health Organization, and agencies of the

U.S. Government such as NIOSH, and the lung is an established target organ for the

Carcinogenetic effects of asbestos. C. Other Cancer: Laryngeal and other respiratory

Tract. ( Smith was fired because of Laryngeal edema). GI tracts carcinomas are also

Significantly promoted and occur at an increased rate as a result of asbestos exposure. D.

Mesothelima: this disease, absent asbestos exposure, is and extremely rare tumor of the

Lining of the lung ( pleural mesothelioma) or the lining of the lung resting on the

Diaphragm ( peritoneal mesotelioma). However, it is a tumor that marches through

Asbestos exposed populations at an alarming rate. In fact, the only established cause of

This tumor is man, except for radiation exposure in asbestos. It has no known cure and is

Invariably a terminal diagnosis.

Not only was Bell Atlantic aware of all this but also Verizon for over 14 years. Smith has

Been in contact with, corresponded with persons at Verizon all during this time. Internal

Documents of Verizon confirm that Verizon knew of the potential for injuries,

Disabilities, cancer and death to employees from use and exposure to ccp and the

Chemical components, had prepared warnings to give to employees, ( now possibly tens

Of thousands of current and former employees ), had not given those warnings,

Apparently to save money for such business actions as the merger with MCI and

Continued to deny disability retirements, health benefits and medical coverage and

Treatment for adversely affected employees that had been injured by ccp.

Smith had been in contact with dozens of persons at Verizon and associated insurance

And benefit agencies for over 14 years, up to and including today, August 11, 2006.

These persons included inside and outside counsel for Verizon, health and safety Persons, corporate officers including Ivan Seidenberg, Lawrence Babbio Jr., John Thorne, David Wheeler ( inside counsel for Verizon before this Court), William Barr, John Dierksen, Marc Reed, Thomas Tauke, Dennis Strigl, Doreen Toben, Virginia Ruesterholz, Thomas Bartlett, Marianne Drost, Ronald Lataille, Catherine Webster, David Feldman and many others. Over the years, Smith has tried to warn Verizon not only of the dangers to thousands of current and former employees by not Warning of the potential adverse health problems that Verizon knew could happen to These employees from use and exposure to ccp, but also of the potential liability by not Warning these employees. This potential of liability could be in the form of personal Injury claims, intentional tort, workers compensation, disability retirements, class actions And many other types of litigation against Verizon for failure to warn employees. This Possibility has been stressed even more in the last two years though today. With the Prospect of great losses, many corporate officers have sold great amounts of stock. I Would have to assume this insider information prompted this great sales of stock by the Corporate officers including Ivan Seidenberg, William Barr. Doreen Toben, Lawrence Babbio, Marc Reed, Catherine Webster, Thomas Tauke, Dennis Strigl, and many others. Such stock sales apparently were done at a time when the great losses for Verizon from Such massive litigation would not cause great losses for these corporate officers. Verizon has continued, though today, not to warn employees of the potential dangers From use and exposure to ccp, have continued to deny disability and other benefits to Employees that Verizon knew had been injured and disabled from use and exposure to Ccp, has presented false and misleading information to thousands of current and former

Employees by stating they worked in a safe work environment, have allowed possibly Thousands of employees to become injured, disabled, develop cancer and die and have Purposely withheld knowledge of the potential causes from these thousands of Employees.

Since Verizon has acted in such an unforgivable and unbelievable manner to thousands of Innocent employees, it would appear that Verizon and persons of responsibility at Verizon, including counsel for Verizon before this Court, John Thorne and David Wheeler and all corporate officers should not be believed or trusted in anything they Present as truth and fact to either this Court, the FCC or any other parties involved with The merger with MCI Inc..

Smith prays the Court will allow her to Intervene in the above captioned case.

Respectfully submitted,

Brenda Smith
Brenda Smith


5445 Old Providence Road
Virginia Beach, Virginia 23464
757-420-1277
Bsmith594@cox.net


CERTIFICATE OF SERVICE

I, Brenda Smith, certify that I sent a copy of this motion to the following parties on August, 11, 2006, via US Mail and email.

Brenda Smith
August ,11 2006

William Randolph Smith, Esq.
Crowell & Moriay LLP
1001 Pennsylvania Ave. NW
Washington , DC 20006
Counsel for SBC Communications

David L. Lawson, Esq.
Sidley, Austin, Brown, & Wood
1501 K Street NW
Washington, DC 20005
Counsel for AT&T Corporation

John Thorne, Esq.
Verizon Communications, Inc.
1515 North Courthouse Road
Arlington, VA. 22201
Counsel for Verizon Communications Inc.

Mark Hansen, Esq.
Kellogg, Huber, Hansen, Todd,
Evans, & figel, PLLC
1615 M Street, NW, Suite 400
Washington, DC 20036
Counsel for MCI INC.

Kevin R. Sullivan, Esq.
King & Spalding, LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Counsel for COMPTEL

Paul M. Eskildsen, Esq.
MCI INC.
22001 Loudoun County Parkway
Ashburn, VA 20147
counsel for MCI INC.

Claude F. Scott, Esq.
Telecommunications Task Force
Antitrust Division
United States Department of Justice
1401 H Street, NW
Washington, DC 20530         - Counsel for USDOJ