IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>    Defendants. | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>Verizon Communications, Inc. and<br>MCI, Inc.,<br><br>    Defendants. | Civil Action No. 1:05CV02103 (EGS) |

**MOTION OF AMICI FOR MODIFICATION OF MINUTE ORDER AND RESPONSE
TO THE AUGUST 10, 2006 MOTION OF THE UNITED STATES**

COMPTEL, the National Association of State Utility Consumer Advocates ("NASUCA"), and the Office of the Attorney General of the State of New York ("Movants") respectfully request that the Court modify the schedule set forth in its Minute Order of July 25, 2006 to allow additional time for all parties to file a response to the Department of Justice's ("DOJ") Supplemental Submission of August 7, 2006. The Movants seek an extension of time to and including September 15, 2006. In light of the relatively short response time specified in the Minute Order and the significant delays built into the Protective Order, especially as they relate to the advance notice that Movants must provide before they can even file Agreements Concerning Confidentiality for their outside consultants and the additional waiting period before

such consultants can get access to the Department's unredacted supplemental submission dated August 7, 2006, Movants request that the Court grant an extension of the time to reply from August 17, 2006 to September 15, 2006.

Movants also respectfully submit that the brief four calendar day extension of time proposed by DOJ in its motion to modify the Minute Order is insufficient.

### I. The Terms of the Protective Order, and the Circumstances of Its Service, Severely Delayed Access to Highly Confidential Information By Outside Consultants

The Protective Order, by its terms, requires parties to wait three business days, after filing the executed Agreement Concerning Confidentiality with the Court, before getting access to the full submission of the DOJ. Protective Order, Section C.8. In addition, the Order requires that parties seeking to use Outside Consultants "assure that the Protected Persons receive notice of the identity of their selected Outside Consultants at least two days before filing the Agreements Concerning Confidentiality applicable to those Outside Consultants." Protective Order, Section B. 2.(d). Thus, the Order essentially requires a 5 day notice period, three of which must be business days. Because the Order was not signed until Friday August 4, and the Department filed its submission on Monday August 7, Interested Persons at the very least lost five of the ten day response time before their Outside Consultants could access the Highly Confidential Business Information. Because the Court's filing dates are calculated using calendar days, the effect of the business day provision in the Protective Order is to significantly limit the time in which Outside Consultants will have access to the information which the DOJ could have, and should have, provided the Court much earlier in the Tunney Act Review process.

In order for Movants to have been in a position to provide the requisite 5 day notice to "Protected Persons" that they intended to use Outside Consultants, and still be allowed 10 days to respond to the DOJ's submission, the Movants would have had to have been able to notify the

2

Protected Persons 5 days prior to the DOJ's filing. However, in reality, the earliest any party could have filed the executed Agreements Concerning Confidentiality for Outside Consultants was August 7, 2006, two days after receiving the list of Protected Persons from the DOJ. Another three business days would then have had to pass before the consultants could review the DOJ's unredacted submission, thereby cutting the response time effectively in half.

Moreover, in its Notice of Notification To Interested Persons Pursuant To the Court's Protective Order of August 4, 2006, the DOJ represented that it had provided a list of Protected Persons and their contact information to "each Interested Person (AT&T, Verizon, the Office of the Attorney General of the State of New York, the National Association of State Utility Consumer Advocates and Sprint.)" NASUCA's counsel did not actually receive the list until it was provided to her by COMPTEL on August 9, 2006. The Department did not even identify COMPTEL as a recipient of the list of Protected Persons. The list was not provided to COMPTEL's counsel of record Jonathan Lee on August 4, but was only e-mailed to its outside counsel, who was out of the country and did not have access to email. COMPTEL did not receive the list until contacting DOJ on August 9, 2006. Because two of the Movants (COMPTEL and NASUCA) did not even receive the list of Protected Persons until August 9, 2006, the earliest that they could provide the Department's unredacted submission to their Outside Consultants is August 16, 2006. Under the July 25, 2006 Minute Order, Amici's responses are due on August 17, 2006, *i.e.*, leaving Movants' Outside Consultants *less than one day to analyze DOJ's submission.*

3

II. **The DOJ Recognizes the Need for an Extension, and an Extension of Time Would Avoid Disruption of Longstanding Personal Commitments of Counsel and Outside Consultants**

By its motion to modify the Minute Order, DOJ implicitly recognizes that an extension of time to file a response is necessary. However, the modification proposed by DOJ—four calendar days, including a weekend—is insufficient and will not serve the interests of justice. At the very least, Movants should have ten full calendar days to review, and respond to, the unredacted DOJ submission, which would mean extending the response date until August 29, 2006. Unfortunately, counsel for the Movants have had longstanding vacations scheduled for that week. Indeed, COMPTEL's counsel already incurred penalty charges to move a pre-paid vacation to the week of the August 21, in order to accommodate the original response date of August 17. Given vacation plans of counsel, consultants, and their families in the week prior to Labor Day, and the initiation of the first week of school for others during that same week, and the week after Labor Day, the Movants request that the Court extend the time for all parties to file replies to September 15, 2006.

The extension that Movants request would allow for a more thorough analysis of, and response to, the materials submitted by the DOJ, which will not be fully accessible to all members of Movants' teams until at least August 16, 2006. In making this request, Movants do acknowledge that attorneys must sometimes make personal sacrifices in order to provide their clients with the best representation, and, in some cases it is not possible for the Court to accommodate counsel and their clients. If this is such a case, counsel for Movants are prepared to accept what the Court believes to be a fair extension that allows for meaningful participation by the Movants. However, because a filing deadline that allows Movants a fair opportunity to use their Outside Consultants to the Court's full advantage, but that requires Movants to respond

4

prior to September 8, 2006 will require counsel, and/or consultants, for Movants to cancel travel plans, Movants respectfully request an expedited ruling on this Motion.

Movant's respectfully submit that the proposed modification to the Minute Order will not unduly prejudice the parties or the public. Rather, the additional time will advance the interests of justice by facilitating the Court's review under the Tunney Act.

Counsel for the plaintiff, defendants and amici have been informed of the filing of this Motion, and only the DOJ, AT&T, and Verizon object. Counsel for AT&T indicated that AT&T will file a written response to this Motion, after being served.

## CONCLUSION

For all of the foregoing reasons, Movants respectfully request that the Court modify the July 25, 2006 Minute Order and extend the time for all parties to respond to the DOJ's August 7 submission to and including September 15, 2006. A proposed order is attached.

Dated: August 11, 2006

Respectfully submitted,

/s/
Jonathan D. Lee, D.C. Bar No. 435586
Mary C. Albert, D.C. Bar No. 347617
COMPTEL
1900 M Street N.W., Suite 800
Washington, D.C. 20036

ELIOT SPITZER
Attorney General of the State of New York

/s/
By:   Jay L.Himes
120 Broadway
New York, New York 10271

/s/
Kathleen F. O'Reilly
414 A Street , S.E.
Washington, D.C. 20003
Counsel for NASUCA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )   Civil Action No. 1:05CV02102(EGS)<br>)<br>SBC Communications, Inc. and )<br>AT&T Corp., )<br>)<br>Defendants. ) | |
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )   Civil Action No. 1:05CV02103 (EGS)<br>)<br>Verizon Communications, Inc. and )<br>MCI, Inc., )<br>)<br>Defendants. ) | |

**[PROPOSED] ORDER GRANTING AMICI'S MOTION
FOR MODIFICATION OF MINUTE ORDER**

Upon consideration of the Motion for Modification of Minute Order filed by Amici COMPTEL, NASUCA and Office of the New York Attorney General, the motion is hereby GRANTED for good cause shown.

The deadline for responses to the United States' Submission in Response to the Court's Minute Order of July 25, 2006 is hereby extended until September 15, 2006. The deadline for the parties to reply is hereby extended to September 25, 2006.

Dated_____          _____
                                UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August 2006, a true and correct copy of the foregoing Motion of Amici For Modification of the Minute Order was filed with the Court's ECF system and the following were noticed electronically:

Attorneys for the United States

David T. Blonder
David.blonder@usdoj.gov

Claude F. Scott, Jr.
Claude.scott@usdoj.gov

Attorneys for Verizon Communications

Joseph S. Hall
jhall@khhte.com

Mark C. Hansen
mhansen@khhte.com

Aaron Martin Panner
apanner@khhte.com

John Thorne
John.thorne@verizon.com

David Earl Wheeler
David.e.wheeler@verizon.com

Attorneys for Sprint Nextel

Charles Thomas Kimmett, Jr.
ckimmett@harriswiltshire.com

Timothy J. Simone
tsimeone@harriswiltshire.com

Attorneys for AT&T Corp.

Michael L. Lazarus
mlazarus@crowell.com

Wilma A. Lewis
wlewis@crowell.com

William Randolph Smith
wrsmith@crowell.com

Attorneys for NASUCA

Kathleen F. O'Reilly
kforeilly@igc.org

Attorneys for ACTel

Gary Reback
greback@carrferrell.com

Thomas Cohen
tcohen@theKDWGroup.com

Attorney for the NJRPA

Christopher J. White
cwhite@rpa.state.nj.us

Attorney for NY Attorney General

Jay L. Himes
jay.himes@oag.state.ny.us

_____
Mary C. Albert