IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SBC Communications, Inc. and ) <br> AT&T Corp., ) <br> ) <br> Defendants. ) | Civil Action No. 1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Verizon Communications, Inc. and ) <br> MCI, Inc., ) <br> ) <br> Defendants. ) | Civil Action No. 1:05CV02103 (EGS) |

**DEFENDANT AT&T INC.'S OPPOSITION
TO ACTEL'S MOTION TO FILE SURREPLY**

In its last filing, ACTel told the Court quite plainly: "No further proceedings are warranted. It is time for the Court to rule."[1] ACTel now seeks to reverse course and delay resolution of this matter by seeking leave to file a surreply to brief yet again its position that the Government's Complaint should be expanded to cover 4-to-3 and 3-to-2 buildings. While defendant AT&T Inc. ("AT&T") has not yet had an opportunity to review the proposed surreply

---

[1]  See ACTel's Response to the United States' Submission Pursuant to the Court's Minute Order of July 25, 2006 at 33.

that ACTel is filing under seal today, it is nonetheless clear from the face of ACTel's motion that further briefing is neither necessary or appropriate. It is clear that Actel can and will continue to re-characterize and re-argue the same points until the Court draws the line. As Actel's last brief states, it is plainly time to do so.

At some point, there must be a conclusion to the briefing on the Government's motion for entry of final judgment, and someone must have the final word on that motion. The Court's Order of July 25, 2006 established what the concluding point was to be. It gave the parties the right to have the last word by way of reply brief. It made no provision for surreplies.

The Court is now witnessing an attempt by the *amici* to circumvent the procedure it ordered. First, COMPTEL wanted to "correct" the record. *See* Motion to Correct Record (Dkt #201). This then caused a response to be filed by the Government. *See* Dkt #202. Now if ACTel files a brief, the Government will again file a response. According to past form, that will no doubt trigger further filings by ACTel and COMPTEL. And then, of course, there are all the other *amici* waiting in the wings to make their supplemental filings also, only to produce further Government responses to those filings and additional *amici* surreplies. The briefing could therefore go on indefinitely.

The only result of such iterative briefing is delay, which is inconsistent with the goals of the Tunney Act.[2] The Court should, therefore, stand by its case management decision and deny any further briefing on the Government's motion for entry of final judgment.

---

[2] *See, e.g.*, S. Rep. No. 93-298, quoted with approval in House Rep. No. 93-1463, reprinted in U.S. Code and Admin. News, 93d Cong. 2d Sess., at 6538-39 (1974) ("It is anticipated that the trial judge will adduce the necessary information through the least complicated and least time consuming means possible.").

The briefing schedule embodied in the Court's July 25 Order is entirely consistent with the Court's customary practice. Surreplies are not contemplated by the Local Rules. *See* Local Civil Rule 7. The standard practice of this Court, as well as many other courts around the country, is to let the movant have the final word in the form of a reply brief. Here the movant is the Government. It is the party seeking entry of the proposed final judgment. Under the rules of this Court, it is entitled to the last word.

The standard for altering this practice is very high, and certainly has not been met by ACTel. A surreply may be filed "only to address new matters raised in a reply, to which a party would otherwise be unable to respond. . . . A surreply is most appropriate where the new matter introduced is factual." *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 276 (D.D.C. 2002); *see also Robinson v. The Detroit News, Inc.*, 211 F. Supp.2d 101, 112 (D.D.C. 2002). Here, ACTel asserts as "new" matters that have been briefed at length by both sides. It requests (at 2) yet another opportunity to tell the Court why the scope of the Government's complaint should be expanded from 2-to-1 buildings to 3-to-2 and 4-to-3 buildings. ACTel also proposes additional briefing on what legal "standard should be employed in the 3-to-2 or 4-to-3 building merger context." *See id.*[3]

The issue of expanding the scope of the Government's complaint beyond 2-to-1 buildings is hardly a new matter worthy of a surreply. It already has been the subject of numerous filings in this Court, even though it is outside the scope of the Government's complaint and not relevant to the proposed remedy before the Court. Moreover, ACTel has had ample opportunity to brief

---

[3] S*ee* also ACTel's Response to the United States' Opposition to COMPTEL's Motion to Correct the Record at 2 (stating ACTel's intent to use its surreply to analyze "traditional antitrust law and procedure" and to debate the Government's proposed legal "standard for merger analysis").

3

the legal standards for merger analysis. There is nothing new to say, and even if there were, ACTel should have and could have said it before.

It is clear from ACTel's motion that it seeks only to restate its factual disagreement with the conclusions the Government drew from its investigation. In its last brief, ACTel took the position that old AT&T and MCI were large-scale suppliers in the local private line market that supposedly provided important low-cost alternatives to ILECs SBC and Verizon.[4] In its reply, the Government responded to these points and reiterated that these assertions were not supported by its factual investigation.[5] ACTel's contention that the Government has advanced a new legal standard is simply a pretext for telling the Court once again its view of (1) the "competitive characteristics" of old AT&T and MCI and (2) the "prices in the market" charged by old AT&T and MCI. In reality, this will be nothing more than a rehash of a factual disagreement that the Court has already heard. Nothing is to be gained by permitting further briefing, particularly as it relates to 4-to-3 and 3-to-2 buildings outside the scope of the Government's Complaint. Accordingly, the Court should not grant ACTel leave to file a surreply.

The Government's motion for entry of final judgment was filed on April 5, 2006 (Dkt #22). Over five months have passed since then. During this period, the Court has received seventeen briefs from ACTel and the other *amici*, as well as the public comments of ACTel, COMPTEL, and the New York Attorney General to the proposed consent decree, as filed by the Government in its Response to Public Comments. *See* Dkt ## 10, 16, 19, 23, 26, 28, 42, 72, 77, 81, 98, 148, 149 150, 151, 154, 155 & 193. Five months of briefing has created a more than

---

[4] *See* ACTel's Response to the United States' Submission to the Court's Minute Order of July 25, 2006 (Dkt #149), at 18-19, 26.

[5] *See* United States' Reply Submission in Response to the Court's Minute Order of July 25, 2006 (Dkt #194), at 28-32.

adequate record from which the Court can make its public interest determination.  The time has come to close the record so that the Court may rule on the pending motion.

For the foregoing reasons, the Court should deny ACTel's motion for leave to file a surreply.

                                              Respectfully submitted,

                                                /s/  Wilma A. Lewis
                                              Wilma A. Lewis (D.C. Bar No. 358637)
                                              Wm. Randolph Smith (D.C. Bar No. 356402)

                                              **CROWELL & MORING LLP**
                                              1001 Pennsylvania Avenue, N.W.
                                              Washington, DC  20004
                                              Telephone:  (202) 624-2500
                                              Facsimile:  (202) 628-5116

                                              Counsel for Defendant AT&T Inc.

Dated:  September 25, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2006, an electronic copy of the foregoing Defendant AT&T Inc.'s Opposition to ACTel's Motion for Leave to File Surreply was filed electronically with the Court, and that I caused true and correct copies of the foregoing filing to be sent on September 26, 2006 by first class mail, postage prepaid, to the following:

*Attorneys for Plaintiff, United States*
Laury E. Bobbish
Lawrence M. Frankel
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

Matthew C. Hammond
Antitrust Division
U.S. Department of Justice
City Center Building
1401 H Street, N.W.
Suite 8000
Washington, DC  20530

*Attorney for Verizon Communications*
John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

*Attorneys for ACTel*
Gary Reback
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA  94303

Thomas W. Cohen
Special Counsel
Kelley, Drye & Warren LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007

*Attorney for New Jersey Division of the
 Ratepayer Advocate*
Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street, 11th Floor
P.O. Box 46005
Newark, NJ  07101

*Attorney for American Antitrust Institute*
Jonathan L. Rubin, Esquire
Jonathan L. Rubin, P.A.
1717 K Street, N.W.
Suite 600
Washington, DC  20036

Jonathan L. Rubin, Esquire
14121 Saddle River Drive
Potomac, MD  20878

*Attorney for MCI*
Paul M. Eskildsen
MCI, Inc.
22001 Loudoun County Parkway
Ashburn, Virginia 20147

*Attorney for COMPTEL*
Kevin R. Sullivan
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for NASUCA*
John R. Perkins
Iowa Consumer advocate
President of NASUCA
Office of Consumer Advocate
310 Maple Street
Des Moines, IA  50319

NASUCA
8380 Colesville Road, Suite 101
Silver Spring, MD  20910

Michael Lovern
3713 Park Drive
Edgewater, MD  21037

*Attorneys for Time Warner Telecom, Inc.*
Theodore C. Whitehouse
Benjamin W. Jackson
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC  20006

*Attorney for Sprint Nextel Corporation*
Timothy J. Simeone
Harris Wiltshire & Grannis LLP
1200 – 18th Street, N.W., 12th Floor
Washington, DC  20036

Kathleen F. O'Reilly
414 A Street, SE
Washington, DC 20003

Brenda Smith
5445 Old Providence Road
Virginia Beach, Virginia 23464

*Attorney for Attorney General for the State of New York*
Jay L. Himes
Chief Antitrust Bureau
Office of the Attorney Genera
120 Broadway
New York, NY  10271

*Attorney General for the State of New York*
Eliot Spitzer, Attorney General
State of New York
Office of the Attorney General
120 Broadway, Suite 2601
New York, NY  10271

  /s/  David Schnorrenberg