## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 1:05CV02102 (EGS)** |
| **SBC Communications, Inc. and AT&T Corp.,** | ) | |
| **Defendants.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **Civil Action No. 1:05CV02103 (EGS)** |
| **Verizon Communications, Inc. and MCI, Inc.,** | ) | |
| **Defendants.** | ) | |

### AT&T INC.'S OPPOSITION TO MICHAEL LOVERN'S
### MOTION TO FILE SUPPLEMENTAL EVIDENTIARY BRIEF

AT&T Inc. opposes Mr. Lovern's most recent motion.  As discussed below, nothing in this new, opaquely written submission alters the conclusion that this Court should deny any participation by Mr. Lovern in these proceedings.

1.  Mr. Lovern's alleged "personal claims" involving a fifteen year old dispute over the InterCompany Settlement System ("ISS") and AT&T's billing and collection processes do not relate to any of the competitive harms specified in the DOJ's Complaint, nor is any harm that

Mr. Lovern alleges related to the divestiture remedy.[1]  Thus, Mr. Lovern's claims are completely

outside the scope of the current public interest inquiry.

2.    The Tunney Act does not confer *any* right to intervene, much less "a guaranteed

right to intervene in [the] capacity as an Expert."  15 U.S.C. § 16(e)(2); *United States v.*

*American Telephone and Telegraph Co.*, 552 F. Supp. 131, 218 (D.D.C. 1982) ("It is clear from

the language of the Tunney Act, its legislative history, and from the cases that there is no right to

intervene"), *aff'd*, 460 U.S. 1001 (1983).  The cases cited by Mr. Lovern were not Tunney Act

cases.  Where, as here, both Mr. Lovern's claims and his alleged related "expertise" are

completely irrelevant to the matter before this Court, intervention is wholly unwarranted.

3.    Finally, granting Mr. Lovern leave to file further materials or to participate in any

respect in this proceeding will only cause additional and unnecessary delay.  As AT&T noted in

an earlier filing, Mr. Lovern previously earned the distinction of having burdened the federal

judiciary with claims that were determined to be "obviously without merit" and "a monument to

what ought not to be in a federal court."[2]  To allow participation by Mr. Lovern in these

proceedings, including by granting his request to file a supplemental evidentiary brief, will

inappropriately sidetrack the Court's attention from the matter at hand without offering any

conceivable benefit to the Court's adjudication of the matter before it.  Accordingly, Mr.

Lovern's motion should be denied.

---

[1]    *See* Supplemental Evidentiary Brief Pursuant to Rule 15 by Michael Lovern, Sr., et al., at 22 (D.D.C. Oct. 12, 2006).

[2]    *See* AT&T Inc.'s Opposition to Michael Lovern, Sr.'s, Motion to Intervene and Appear as Amicus Curiae, at 3 (D.D.C. May 24, 2006) (*quoting Lovern v. Edwards*, 190 F.3d 648, 656 (4th Cir. 1999)).

Respectfully submitted,


  /s/  Wilma A. Lewis
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No. 356402)

**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

Counsel for Defendant AT&T Inc.

Dated:  October 27, 2006

3

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 27th day of October, 2006, a true and correct copy of AT&T Inc.'s Opposition to Michael Lovern's Motion to File Supplemental Evidentiary Brief was sent by first class mail, postage prepaid, to the following:

Michael Lovern
3713 Parke Drive
Edgewater, Maryland  21037
(206) 202-9074


 /s/  Valerie Hinko