IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>SBC COMMUNICATIONS, INC.,<br>and AT&T CORP.,<br><br>　　　　　　Defendants. | Civil Action No.<br>1:05CV02102 (EGS) |
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>VERIZON COMMUNICATIONS, INC.,<br>and MCI, INC.,<br><br>　　　　　　Defendants. | Civil Action No.<br>1:05CV02103 (EGS) |

**RESPONSE OF ANDREW M. CUOMO,
ATTORNEY GENERAL OF THE STATE OF NEW YORK,
TO AT&T'S OPPOSITION TO SPRINT NEXTEL CORPORATION'S
MOTION TO SUPPLEMENT**

We are reluctant to burden the Court with more papers. However, AT&T's opposition to Sprint Nextel's motion includes an assertion that warrants response.

In its motion, Sprint Nextel refers to AT&T's recent promise to the FCC to divest access to certain buildings. In that context, Sprint Nextel noted:

> The divestitures themselves relate to only 31 buildings in the entire AT&T/BellSouth overlap regions. Even the briefest review of AT&T's building list (Exhibit A at 19) discloses gross errors in identifying divestiture locations. Buildings are said to be located in "Lauderhill, TN" and "Sunrise, TN," but the addresses bear Florida zip codes. Lauderhill and Sunrise are in fact in Florida. Other buildings are said to be located in "Nashville, FL," although the

> corresponding zip code is in Tennessee. Of course, at some point, these errors will be discovered and corrected. The fact that they exist at all, however, is telling: the lack of attention that produced these mistakes is a by-product of the trivial value of the divestiture offer itself.

Sprint Motion at 2, n.3.

In opposing Sprint's motion, AT&T writes that:

> Sprint goes so far as to suggest this Court should consider the FCC's alleged "lack of attention" to conditions it imposed on the BellSouth transaction, pointing to typographical errors in the attachment to the FCC press release. Motion at 2, n.3.

AT&T Opposition at 2, n.1.

The attachment to the FCC's press release, however, is AT&T's own December 28, 2006 letter to the agency. AT&T's letter included the list of buildings where AT&T offered to divest access. The errors in that list, and the lack of attention that produced them, are those of AT&T. *See* Robert W. Quinn, Jr.'s December 28, 2006 letter to the FCC, and annexed Attachment B, included as Exhibit A to Sprint Nextel's motion.

We would not wish the Court to be misled by AT&T's effort to attribute its own mistakes to the FCC.

Dated: New York, New York
       January 10, 2007

                                        Respectfully Submitted,

                                        ANDREW M. CUOMO
                                        Attorney General of the State of New York


                                        By: /s/ Jay L. Himes
                                            Jay L. Himes
                                            Chief, Antitrust Bureau
Mary Ellen Burns                            120 Broadway
Special Counsel                             Suite 26C
Public Advocacy Division                    New York, NY 10271
                                            212-416-8282

2

Keith H. Gordon
Assistant Attorney General
Consumer Frauds and Protection Bureau

Jeremy Kasha
Assistant Attorney General
Antitrust Bureau

3