**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) Civil Action No.: 1:05CV02102 (EGS) |
| v. | ) |
| SBC Communications, Inc. and AT&T Corp., | ) |
| Defendants. | ) |
| United States of America, | ) |
| Plaintiff, | ) Civil Action No.: 1:05CV02103 (EGS) |
| v. | ) |
| Verizon Communications Inc. and MCI, Inc., | ) |
| Defendants. | ) |

**UNITED STATES' OPPOSITION TO MOTION BY AMICI CURIAE MICHAEL LOVERN, SR. ET AL, FOR LEAVE TO INTERVENE FOR PURPOSES OF APPEAL**

The United States opposes the motion of Michael Lovern, Sr., et al. ("Lovern") to intervene for the purposes of appeal.[1]  This is a Tunney Act proceeding in which "[t]he only question facing this Court ... is whether the divestitures agreed upon by the merging parties and

---

[1] Mr. Lovern purports to file the instant motion on behalf of not only himself, but also of National TeleProcessing, Inc. and American TeleDial Corp. Memorandum of Points and Authorities in Support of Joint Motion by Amici Curiae Michael Lovern, Sr., National TeleProcessing, Inc. and American TeleDial Corp., for Leave to Intervene for Purposes of Appeal at 1-2 (Apr. 30, 2007) ("Lovern Mot."). It is our understanding that Mr. Lovern is not licensed to practice law in the District of Columbia, and thus may not represent these corporations here. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993).

the Department of Justice are 'in the public interest,'"[2] as determined by examining the relationship between the complaints' claims and the proposed decrees. Lovern's claims are unrelated to the claims and the remedies. The Court should, therefore, deny the motion.

## Argument

Intervention in Tunney Act proceedings is governed by Rule 24 of the Federal Rules of Civil Procedure.[3] Because Lovern does not meet any of Rule 24's standards for intervention, his motion should be denied.

### I. Lovern Is Not Entitled to Intervention as of Right

To intervene as of right, Lovern must demonstrate that he has "an interest relating to the property or transaction which is the subject of the action," that "disposition of the action may as a practical matter impair or impede [his] ability to protect that interest," and that his interest is not "adequately represented by existing parties."[4] He has failed to do so. Lovern has not suggested any connection between entry of the proposed Final Judgments and his ability to pursue any alleged claim he might have against the merging parties, beyond his bare assertion that the mergers will somehow allow the former SBC to destroy evidence related to an alleged "racketeering enterprise." Lovern Mot. at 7. Absent such a connection, Lovern has no claim to

---

[2] Memorandum Opinion at 2 (Mar. 29, 2007).

[3] Lovern argues that even if he is not entitled to intervention under the "literal parameters of Rule 24, the Court should grant intervention for purposes of appeal in accordance with its broad authority to ensure the fair administration of justice." Lovern Mot. at 17. Lovern's argument has no basis in law, because Rule 24 exclusively governs intervention in Tunney Act cases. *See* 15 U.S.C. § 16(f)(3) (permitting court to grant "intervention as a party pursuant to the Federal Rules of Civil Procedure"); *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*") ("[T]he Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention.").

[4] Fed. R. Civ. P. 24(a)(2). Lovern admits that the Tunney Act provides no "unconditional right to intervene" and that he has no basis for intervention under Fed. R. Civ. P. 24(a)(1). Lovern Mot. at 18.

intervention as of right.

## II.     Lovern Is Not Entitled to Permissive Intervention

A court may, at its discretion, grant permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."[5]  Lovern argues that he has raised "questions of law or fact in common" with the main action here.  Lovern Mot. at 16. But Lovern's apparent alleged claim relates only to the Intercompany Settlement System (ISS) and has no question of law or fact in common with this Tunney Act proceeding.[6]   In short, as the Court stated in denying two of Lovern's earlier motions, Lovern's "matters are beyond the scope of these proceedings."[7]

---

[5] Fed R. Civ. P. 24(b).  Lovern does not contend any statute creates a relevant "conditional right to intervene."  *Cf.* Fed. R. Civ. P. 24(b)(1).

[6] *See* Opposition of the United States to Michael Lovern, Sr.'s Motion for *Amicus Curiae* Status and Intervenor Status (May 23, 2006); Opposition of the United States to Michael Lovern's Motion for Leave to File Motion for Reconsideration (Aug. 2, 2006). Lovern admits that "[t]he Government did not raise the issue of the ISS[.]" Lovern Mot. at 16.

[7] Minute Order of Feb. 21, 2007.

**Conclusion**

Because Lovern's claims are not related to the issues of law and fact in these Tunney Act proceedings, he does not meet Rule 24's standards for intervention. Accordingly, the Court should deny Lovern's motion to intervene for purposes of appeal.

Respectfully submitted,

_____/s/_____
Laury E. Bobbish
Assistant Chief

_____/s/_____
Claude F. Scott, Jr. (D.C. Bar No. 414906)
Jared A. Hughes

Trial Attorneys

Telecommunications and Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States

Dated: May 8, 2007

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 8th day of May, 2007, I caused a copy of the foregoing United States' Opposition to Motion by Michael Lovern, Sr., et al, for Leave to Intervene for Purposes of Appeal, along with a proposed Order, to be mailed, by U.S. mail, postage prepaid, to the movant listed below:

Michael Lovern, Sr.
3713 Parke Drive
Edgewater, Maryland 21037

                                                /s/
                                      Jared A. Hughes
                                      Attorney, Telecom & Media
                                      Antitrust Division
                                      U.S. Department of Justice
                                      City Center Building
                                      1401 H Street, N.W., Suite 8000
                                      Washington, D.C. 20530