**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br>  v.<br><br>**SBC Communications, Inc. and AT&T Corp.,**<br><br>    **Defendants.** | Civil Action No. 1:05CV02102 (EGS) |
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiffs,**<br>  v.<br><br>**Verizon Communications, Inc. and MCI, Inc.,**<br><br>    **Defendants.** | Civil Action No. 1:05CV02103 (EGS) |

**COMPTEL'S EX PARTE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5)**

Pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, current *amicus* and proposed intervenor COMPTEL respectfully submits this Ex Parte Motion for an Extension of Time to File a Notice of Appeal.

**INTRODUCTION**

Contemporaneous with this Motion, COMPTEL has timely filed its Motion for Leave to Intervene for Purposes of Appeal. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977). Under Federal Rule of Appellate Procedure 4(a)(1)(B), a notice of appeal in this action

is due on May 29, 2007.[1] Thus, in the absence of an extension of time, COMPTEL may be required to file a notice of appeal prior to a decision on its Motion to Intervene, causing potential procedural inefficiencies. To avoid such inefficiencies, to give the parties sufficient time to brief the issues presented by COMPTEL's Motion to Intervene, and to give the Court ample time to decide the Motion to Intervene, COMPTEL hereby respectfully requests a thirty-day extension of time pursuant to Federal Rule of Procedure 4(a)(5).[2] These circumstances provide good cause for granting COMPTEL's request that the time to file a notice of appeal be extended thirty days to June 28, 2007.

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(B), the Court may consider and grant this Motion *ex parte*. Counsel for COMPTEL has notified by telephone counsel for the parties of COMPTEL's intention to move for an extension of time. Further, the parties will be served with a copy of this Motion via the Court's ECF system. A proposed order is attached.

## ARGUMENT

**I.    COMPTEL's Motion to Intervene for Purposes of Appeal Is Timely**

COMPTEL's concurrently filed Motion to Intervene for Purposes of Appeal is timely because it was filed prior to the deadline for filing a notice of appeal. *United Airlines,* 432 U.S. at 395-96 ("Here, the [intervenor] filed her motion within the time period in which the named plaintiffs could have taken an appeal. We therefore conclude that the Court of Appeals was correct in ruling that the [intervenor]'s motion to intervene was timely filed and should have been granted."). In addressing a motion to intervene filed the day before the notice of appeal

---

[1]    A more complete procedural history of this case is contained in COMPTEL's Motion for Leave to Intervene.

[2]    Even though COMPTEL is not a party to the action, it may file a motion for extension of time to preserve its right to appeal the Final Judgments. *Roe v. Town of Highland*, 909 F.2d 1097, 1099 (7th Cir. 1990) (recognizing an enlargement of time as a proper way to address the situation in which a timely motion for intervention has not been decided prior to the deadline for filing a notice of appeal); *Thurman v. Fed. Deposit Ins. Corp.*, 889 F.2d 1441, 1443-44 (5th Cir. 1989) (district court properly granted a proposed intervenor's request for an extension of time for filing a notice of appeal).

2

was due, the Ninth Circuit cited *United Airlines* and stated, "[S]o long as the motion to intervene is filed within the time within which the named plaintiffs could have taken an appeal, the motion is timely as a matter of law." *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997). It added that "[b]ecause [the proposed intervenor's] motion was timely filed under the *United Airlines* rule, it was unnecessary for him to offer any excuse for not having filed his motion sooner than he did." *Id.*

## II.    An Extension of Time Would Give the Parties and the Court Ample Time to Brief and Consider the Issues Presented by COMPTEL's Motion to Intervene

Whether COMPTEL should be granted the opportunity to bring the important issues presented in this Tunney Act action before the D.C. Circuit Court of Appeals is worthy of thoughtful briefing, and consideration by the Court. As discussed more fully in the accompanying Motion to Intervene, the procedural circumstances presented by a Tunney Act action are unique and not usually seen in typical Rule 24 intervention situations.

Granting an extension of time to notice an appeal until June 28, 2007 allows the parties sufficient time to brief the issues raised. Under Local Rule 7, the parties will have fully briefed the issues raised in COMPTEL's Motion to Intervene by June 5, 2007. Such a schedule would give this Court ample time to decide the Motion in advance of June 28, 2007.

## III.    An Extension of Time Would Prevent a "Procedural Tangle"

As the Seventh Circuit recognized, a "procedural tangle" results when a proposed intervenor files a notice of appeal to preserve its right to do so before a district court decides a pending motion to intervene. *Roe*, 909 F.2d at 1098. In *Roe*, the Seventh Circuit noted that a district court may be divested of its jurisdiction to decide the pending motion to intervene for purposes of appeal. *Id.* at 1100, *citing Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989). In addressing this problem, the Seventh Circuit explicitly endorsed using the thirty-day extension

3

allowed by Federal Rule of Appellate Procedure 4(a)(5) to prevent this "procedural tangle". *Roe*, 909 F.2d at 1098-99.

To complicate matters further, other courts have decided inconsistently the same procedural situation the Seventh Circuit termed a "tangle." For instance, the Third Circuit held that the district court retains jurisdiction to rule on the pending motion to intervene for purposes of appeal even though a notice of appeal has been filed. *Halderman v. Pennhurst State Sch. and Hosp.*, 612 F.2d 131, 134 (3d Cir. 1979). The Fifth Circuit, on the other hand, held that the filing of a notice of appeal divested the district court of jurisdiction to rule on the motion to intervene for purposes of appeal. *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983).

Furthermore, the law in the D.C. Circuit concerning the proper procedure for the situation presented here appears unclear. In *Associated Builders and Contractors, Inc. v. Herman*, the D.C. Circuit declined to decide whether the district court had jurisdiction to decide a motion to intervene after a notice of appeal was filed. 166 F.3d 1248, 1256-57 (D.C. Cir. 1999). A recent case in this Court stated, "Generally, once a timely notice of appeal is filed, jurisdiction over all matters pertaining to the appeal passes to the Court of Appeals, including motions to intervene." *Perles v. Kagy*, No. Civ.A. 01-0105, 2005 WL 3262905 *3 (D.D.C. Aug. 29, 2005). The *Perles* court also noted, however, that when faced with the same question in *Associated Builders* the D.C. Circuit declined to decide it and noted conflicting authority. *Id.* (citing *Associated Builders*, 166 F.3d at 1256-57). Especially given the uncertainty of the law, extending the time for a notice of appeal likely would avoid the potential procedural inefficiencies that in previous cases have resulted from the filing of a notice of appeal while a motion to intervene is pending.

4

## CONCLUSION

For the reasons stated above, COMPTEL's Motion for an Extension of Time should be granted.

Dated: May 18, 2007                                   Respectfully submitted,


                                                                     /s/
                                       Kevin R. Sullivan (D.C. Bar No. 411718)
                                       Peter M. Todaro (D.C. Bar. No. 455430)
                                       King & Spalding LLP
                                       1700 Pennsylvania Avenue N.W.,
                                       Washington, D.C. 20006
                                       (202) 737-0500
                                       (202) 626-3737 (fax)

                                       Jonathan D. Lee (D.C. Bar No. 435586)
                                       Mary Albert (D.C. Bar No. 347617)
                                       COMPTEL
                                       900 17th Street N.W., Suite 400
                                       Washington, D.C. 20006
                                       (202) 296-6650
                                       (202) 296-7585 (fax)

                                       *Attorneys for Amicus and Proposed*
                                       *Intervenor COMPTEL*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2007, a true and correct copy of COMPTEL'S Ex Parte Motion For An Extension of Time to File a Notice of Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5) was filed via the Court's ECF system and the following were served by U.S. mail:

Lawrence M. Frankel
Matthew C. Hammond
U.S. DEPARTMENT OF JUSTICE
City Center Building
1401 H Street, NW
Antitrust Division
Washington, DC 20530

*Attorneys for the United States*

Michael Lovern, Sr.
3713 Parke Drive
Edgewater, MD 21037

Wendy Carrillo
Senior Paralegal