# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
          Plaintiff,                )
                                    )
          v.                        )          Civil Action No. 1:05CV02102 (EGS)
                                    )
SBC Communications, Inc. and        )
AT&T Corp.,                         )
                                    )
          Defendants.               )
_____)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
          Plaintiffs,               )
                                    )
          v.                        )          Civil Action No. 1:05CV02103 (EGS)
                                    )
Verizon Communications, Inc. and    )
MCI, Inc.,                          )
                                    )
          Defendants.               )
_____)
```

## AT&T INC.'S OPPOSITION TO COMPTEL'S MOTION
## FOR LEAVE TO INTERVENE FOR PURPOSES OF APPEAL

AT&T Inc. opposes Comptel's most recent attempt to intervene in these proceedings because Comptel does not meet the requirements for permissive intervention and fails to raise any valid arguments for appeal. Contrary to Comptel's attempt at circumvention, there is no special standard for third-party intervenors in Tunney Act appeals. Comptel cannot meet the requirements of the Federal Rules, as this Court correctly found last year in denying Comptel's original motion under F.C.R.P. 24(b). Order (May 18, 2006). Comptel now simply renews that motion, raising precisely the same points, but nothing has changed to lend merit to its arguments.

First, Comptel wrongly argues that potential intervenors get special treatment in Tunney Act appeals, claiming that "in Tunney Act proceedings permission to intervene is appropriate when such intervention provides the sole means of appeal." Comptel Brief at 5. On the contrary, the Tunney Act specifically provides that "[n]othing in this section shall be construed to require the court . . . to permit anyone to intervene." 15 U.S.C. § 16(e)(2) (2004). The plain language of the statute creates no special exception for appeals.

Further, the D.C. Circuit has held that the Federal Rules provide the single source of authority for intervention in Tunney Act proceedings, and that standard is the same in the district court and on appeal. In *Massachusetts School of Law v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997), the court ruled that the Tunney Act "directs us to look to the Federal Rules of Civil Procedure for the legal standard governing intervention." *Id.* The court concluded that no special exception applies "where intervention is sought solely for purposes of filing an appeal" and that the same Federal Rule applied in both district court and appellate Tunney Act proceedings. *Id.* As a result, the D.C. Circuit denied a third party's motion to permissively intervene to appeal the court's approval of a consent decree, even though no other party was appealing that issue. *Id.* at 782-84 (denying permissive intervention to appeal the court's review of the consent decree and allowing appeal limited solely to the adequacy of the DOJ's production of determinative documents).[1] Comptel's suggestion that a court should relax the intervention

---

[1]     Thus, contrary to Comptel's suggestion, Comptel Br. at 6, the D.C. Circuit has never applied a "flexible" approach to the permissive intervention requirements to allow third parties to bend the Federal Rule requirements where they are the only parties to appeal. In *Massachusetts School of Law*, the D.C. Circuit **denied intervention** on the merits of the appeal of a consent decree in precisely such a situation, and allowed a third party to intervene only for the purpose of seeking confidential documents from the DOJ. *Massachusetts School of Law*, 118 F.3d 782-84. While it is well recognized that federal courts will allow third parties to intervene for the limited purpose of seeking confidential documents, this exception in no way undermines the general

(continued…)

standard in F.R.C.P. 24(b) for purposes of an appeal in a Tunney Act proceeding therefore conflicts with both the Tunney Act and D.C. Circuit precedent.[2]

It is clear that Comptel seeks to relax the Federal Rules' standard for permissive intervention because it cannot otherwise meet these requirements. Last year this Court determined that Comptel did not satisfy F.R.C.P. 24(b) and denied its motion for permissive intervention. Order (May 10, 2006). Comptel offers no basis to support a contrary finding now. Specifically, Comptel fails to satisfy the Federal Rules requirements for permissive intervention for two reasons: (1) Comptel does not raise compelling arguments for appeal as required under the D.C. Circuit's "peek at the merits" inquiry; and (2) Comptel does not share a question of fact or law in common with the main action. *Massachusetts School of Law*, 118 F.3d at 782.

In order to determine whether intervention should be permitted, the D.C. Circuit looks at the merits of the issues that the potential intervenor will raise: "[I]f the would-be intervenor is unable to show grounds for upsetting the judgment, there would be no fear of delay – but by the same token no prospect of any gain from intervention." *Massachusetts School of Law*, 118 F.3d

---

(…continued)

rules for permissive intervention that must be satisfied to fully participate as a party in the merits issues of a case. *See id.*; *EEOC v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (allowing intervention limited solely to seeking confidential documents).

Similarly, in *Textile Workers Union v. Allendale Co.*, intervention was granted to third-party union members in a challenge to the Department of Labor's increase of the minimum wage where the union members would possess a future administrative claim or defense in common with the proceeding if the wage increases were overturned and where a statute specifically provided that "any person affected or aggrieved" by a minimum wage determination could initiate judicial review. 226 F.2d 765, 766, 769 (D.C. Cir. 1955). The D.C. Circuit did not apply a special rule to intervene for purposes of appeal, and the case has not since been understood to negate or relax the basic requirements of F.R.C.P. 24(b) for the purposes of appeal.

[2]     To the extent that *United States v. Thompson Corp.*, Civ. No. 96-1415, 1997 WL 90992 (D.D.C. Feb. 27, 1997) suggests that permissive intervention may be granted in Tunney Act proceedings without meeting the full requirements of F.R.C.P. 24(b), this view has not been adopted by the D.C. Circuit. *See Massachusetts School of Law*, 118 F.3d at 779.

at 782-83.  Comptel fails this test because it points to no flaw in the Court's opinion and raises no meritorious issue for appeal.  Rather, it offers only vague references to issues such as "the lack of access to" the buyer's network, failure "to address the anticompetitive concerns" and "increased risk of coordination."  Comptel Br. at 7.  Comptel argues that the DOJ should have required divestiture of customers or an entire line of business, Comptel Br. at 7, but the Court's review of this issue set out the rational explanation that such divestitures would have been disruptive and costly to existing customers.  Slip Op. at 53-54.  Similarly, Comptel argues that the ten year IRU term is not sufficient, Comptel Br. at 7-8, but the Court noted that "customer contracts are relatively short in duration (typically one to three years) and thus will soon be up for competitive bidding."  Slip Op. at 53.  Because Comptel only raises arguments that are either clearly without merit or outside the scope of these proceedings, there is "no prospect of any gain from intervention."

Comptel also has not identified any claims it possesses that have questions of law or fact in common with those in the main action.  F.R.C.P. 24(b).  Instead, aside from weak, nonmeritorious assertions, it proposes issues for appeal that fall far outside the scope of this proceeding.  *See, e.g.*, Comptel Brief at 7 (challenging the "increased risk of coordination among post-merger firms.").  Allowing Comptel to intervene to raise such tangential issues on appeal would completely defeat the purpose of the intervention rules, which is to promote the "public interest in the efficient resolution of controversies."  7C Charles Alan Wright, *Federal Practice and Procedure* § 1901, at 230 (2d ed. 1986).  Without the requisite overlap in questions of law or fact, permitting intervention would not produce – and in fact would thwart – the "hoped-for advantages" that intervention is intended to provide such as "litigative economy, reduced risks of inconsistency, and increased information."  *Massachusetts School of Law*, 118 F.3d at 782.

When a third party raises such collateral issues under 24(b), denial of permissive intervention is

appropriate.  *See, e.g.*, *Lipsett v. United States*, 359 F.2d 956 (2d Cir. 1966) (denying

intervention to third party even when there are common questions if other matters are outside the

scope); *Fisher Foods, Inc. v. Ohio Dep't of Liquor Control*, 555 F. Supp. 641, 651 (N.D. Ohio

1982) (same); *FTC v. First Capital Consumer Membership Servs.*, 206 F.R.D. 358, 366

(S.D.N.Y. 2001) (denial of intervention is appropriate where third party raises collateral issues).

Where, as here, a third party files a request for intervention that does not satisfy the

Federal Rule standards for permissive intervention and does not raise meritorious issues for

appeal, that third party should not be granted leave to intervene.  Because Comptel has failed on

all of these fronts, its motion to intervene for the purposes of appeal should  be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny COMPTEL's Motion for Leave to

Intervene for Purposes of Appeal.

Respectfully submitted,


_____/s/_____
Wilma A. Lewis (D.C. Bar No. 358637)
Wm. Randolph Smith (D.C. Bar No. 356402)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

Counsel for Defendant AT&T Inc.


Dated:  May 25, 2007