**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America,  <br>  Plaintiff,  <br>  v.  <br> SBC Communications, Inc. and AT&T Corp.,  <br>  Defendants. | Civil Action No.: 1:05CV02102 (EGS) |
| United States of America,  <br>  Plaintiff,  <br>  v.  <br> Verizon Communications Inc. and MCI, Inc.,  <br>  Defendants. | Civil Action No.: 1:05CV02103 (EGS) |

**UNITED STATES' OPPOSITION TO COMPTEL'S MOTION FOR LEAVE TO
INTERVENE FOR PURPOSES OF APPEAL**

The United States opposes COMPTEL's Motion for Leave to Intervene for Purposes of Appeal. Because COMPTEL does not meet Rule 24's standards for intervention, its motion should be denied.

**Argument**

"[T]he Tunney Act looks entirely to Fed. R. Civ. P. 24 to supply the legal standard for intervention." *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 780 n.2 (D.C. Cir. 1997) ("*MSL*"); *see* 15 U.S.C. § 16(f)(3) (permitting court to grant "intervention as a party

pursuant to the Federal Rules of Civil Procedure"). Accordingly, COMPTEL seeks permissive intervention under Rule 24(b)(2), which provides for intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2).

The requirements for permissive intervention reflect the purpose of the rule, which is to promote the "public interest in the efficient resolution of controversies." 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1901, at 230 (2d ed. 1986). The requirement of claims or defenses in common with the main action "appears to limit permissive intervention to circumstances in which the putative intervenor seeks to become involved in an action in order to litigate a legal claim or defense on the merits," *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (recognizing an exception for intervention to challenge confidentiality orders), with the "apparent goal of disposing of related controversies together," *id.*

COMPTEL has failed to file any "pleading setting forth the claim or defense for which intervention is sought" as required by Rule 24(c). *Cf. Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring) ("The words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit, as is confirmed by Rule 24(c)'s" pleading requirement.). Moreover, it has not otherwise identified any claims that have questions of law or fact in common with those in the main action.

This is a Tunney Act proceeding, in which "[t]he only question facing this Court ... is whether the divestitures agreed upon by the merging parties and the Department of Justice are 'in the public interest.'" *United States v. SBC Communications, Inc.,* 2007-1 Trade Cas. (CCH) ¶ 75,655, 2007 WL 1020746, at *1 (D.D.C.) (Mar. 29, 2007). As this Court recognized, its task was not to decide "whether these mergers as a whole run afoul of the antitrust laws, nor whether

they are altogether in the public interest." *Id.* COMPTEL has made it clear that it seeks to appeal primarily to address these issues which are outside the scope of these proceedings.[1]

COMPTEL relies on the *MSL* and *Thomson* cases as examples where courts have allowed post-judgment intervention in Tunney Act proceedings. COMPTEL Motion at 4-5 (citing *MSL* and *United States v. Thomson Corp.*, 1997-1 Trade Cas. (CCH) ¶ 71,735, 1997 WL 90992 (D.D.C. Feb. 27, 1997) ("*Thomson*")). Neither case, however, applies here. In those cases, the court found that the intervenors had identified particular interests that could be harmed as a result of the entry of a decree. In *MSL*, the court allowed an intervenor to appeal only the district court's decision not to order the government to turn over certain documents to which the intervenor claimed to be entitled. *MSL*, 118 F.3d at 784-795. The Court of Appeals affirmed the district court's denial of intervention for purposes of appealing the substance of the decree. *Id.* at 785. In *Thomson,* competitor HyperLaw was allowed to intervene for the purposes of appeal because the court found that "HyperLaw has sufficiently demonstrated that it will suffer actual, concrete, particularized injury traceable to the entry of the Final Judgment." *Thomson*, 1997 WL 90992 at *4.

COMPTEL has not attempted to make such a showing of harm from the entry of the decrees here. Instead, it argues on behalf of its members that the government should have obtained broader relief. *Cf. MSL,* 118 F.3d at 780 ("[T]he district court is not to reject an otherwise adequate remedy 'simply because a third party claims it could be better treated.'")

---

[1] COMPTEL Motion for Leave to Intervene for Purposes of Appeal at 5 (May 18, 2007) ("COMPTEL seeks to appeal the Final Judgments, which fail to remedy the anticompetitive harms caused by these mergers."). While it cites in its motion (and in earlier filings) some issues specific to the decrees (such as the ten-year term), COMPTEL has consistently focused its objections throughout these proceedings on the scope of the cases brought by the government rather than the impact of the proposed relief on its members.

(quoting *United States v. Microsoft Corp.,* 56 F.3d 1448, 1461 n.9 (D.C. Cir. 1995)).

## Conclusion

Because COMPTEL's concerns lie with issues outside the scope of these proceedings, it does not meet the Rule 24(b) standard for permissive intervention. Accordingly, its motion should be denied.

        Respectfully submitted,

        /s/
        Laury E. Bobbish
        Assistant Chief

        /s/
        Claude F. Scott, Jr. (D.C. Bar No. 414906)
        Jared A. Hughes

        Trial Attorneys

        Telecommunications and Media Section
        Antitrust Division
        U.S. Department of Justice
        1401 H Street, N.W., Suite 8000
        Washington, D.C. 20530
        (202) 514-5621
        Attorneys for the United States

Dated: May 25, 2007