**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SBC COMMUNICATIONS, INC. and<br>AT&T CORP.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 05-2102 (EGS)<br>)<br>)<br>)<br>)<br>)<br>) |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VERIZON COMMUNICATIONS, INC.<br>and MCI, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 05-2103 (EGS)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Pursuant to the Tunney Act, 15 U.S.C. § 16(b)-(h), this Court approved entry of the final judgments in each of these cases. *See United States v. SBC Commc'n, Inc.*, __ F. Supp. 2d __, 2007 WL 1020746, at *24 (D.D.C. 2007). Pending before the Court are two motions to intervene for purposes of appealing this decision, one filed by COMPTEL, the other filed by Michael Lovern on behalf of himself and two companies. Of the two movants, only

1

COMPTEL was allowed to participate in this Court's Tunney Act proceedings as an amicus curiae.  *Id.* at *7.  The Untied States and the defendants oppose these motions.  For the reasons stated herein, the Court concludes that neither party is entitled to intervene for purposes of appeal, and thus both motions are **DENIED**.

## ANALYSIS

Federal Rule of Civil Procedure 24 governs intervention for the purpose of filing an appeal of a Tunney Act determination.  *Mass. School of Law at Andover, Inc. ("MSL") v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997).  COMPTEL has moved for permissive intervention under Rule 24(b).[1]  The threshold requirement under Rule 24(b)(2) is that the applicant's claim or defense "have a question of fact or law in common with those of the 'main action.'"  *Id.* at 782.[2]  COMPTEL contends that it has claims in common with the underlying action because it has consistently been arguing that the government's complaints allege anti-competitive harms that affect COMPTEL's members and the final judgments do not adequately remedy those harms.

---

[1] Michael Lovern moves to intervene as of right under Rule 24(a)(2) as well as for permissive intervention.  Like the party in *MSL*, however, Lovern has presented no grounds to find a right to intervention under the Tunney Act.  *See id.* at 780-81.

[2] COMPTEL has not argued that the Tunney Act contains a "conditional right to intervene" under Rule 24(b)(1).  *See id.* at 780 n.2 (casting doubt on such an argument).

In *MSL*, the D.C. Circuit found that a Tunney Act intervenor presented an overlapping issue because it had brought its own antitrust suit challenging the same antitrust harm pursued by the government. *Id.* Similarly, in *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199 (D.C. Cir. 2004), the court allowed two associations to intervene for purposes of a Tunney Act appeal because members of those associations had brought antitrust suits that overlapped with the government's case. *Id.* at 1234-35. Finally, in *United States v. Thompson Corp.*, No. 96-1415, 1997 WL 90992 (D.D.C. Feb. 27, 1997), a case decided before *MSL*, the court allowed a small competitor to intervene to appeal a Tunney Act decision because the competitor would suffer injury due to the final judgments at issue. *Id.* at *4-5.

Neither COMPTEL nor its members have filed a separate antitrust suit challenging the mergers at issue here. Nor has COMPTEL alleged that the final judgments themselves, as opposed to the mergers, will harm its members. Nonetheless, COMPTEL, participating as an amicus, presented arguments against the final judgments that were squarely within the scope of the Tunney Act proceedings. *See United States v. SBC Commc'n, Inc.*, 2007 WL 1020746, at *18-20 (discussing arguments raised by COMPTEL). COMPTEL seeks to pursue these arguments on appeal. For these reasons, the Court concludes that COMPTEL meets the threshold requirement under Rule 24(b)(2).

The D.C. Circuit has not confronted the situation where a proposed intervenor in a Tunney Act case has not filed its own antitrust suit.  The D.C. Circuit, however, has "expressed a willingness to adopt flexible interpretations of Rule 24 in special circumstances."  *EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1045-46 (D.C. Cir. 1998).  Tunney Act proceedings present a special circumstance because outside parties will often be the only ones opposing the entry of proposed consent decrees, both in the district court and on appeal.  Even if an outside party has not brought its own antitrust suit, it may be able to present reasons why the consent decrees reached by the parties should be rejected under the Tunney Act.  Therefore, it is appropriate to find that a party has raised overlapping issues of fact or law if it has raised arguments against the consent decree that are within the scope of Tunney Act review.  As COMPTEL has done so in this Court, and attempts to do so on appeal, it has met the threshold requirement under Rule 24(b)(2).[3]

Once the threshold requirement is met, the Court, in exercising its discretion, "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b).  In

---

[3] In contrast, Lovern has consistently attempted to intervene to raise issues outside the scope of the Tunney Act proceedings, *see* Order, Feb. 21, 2007, and does so again in his motion to intervene for purposes of appeal.  Therefore, he has not satisfied the threshold requirement of Rule 24(b)(2).

4

*MSL*, the D.C. Circuit concluded that, "for intervention for purposes of appeal of a Tunney Act case," the "delay or prejudice standard" requires "consideration of the merits of the would-be intervenor's claims." *MSL*, 118 F.3d at 782. The court then held that if the would-be intervenor cannot demonstrate why the consent decree is not in the public interest under the Tunney Act, intervention under Rule 24(b)(2) will not be warranted. *Id.* at 783. Thus, the court merged the intervention issue and merits of the appeal. *Id.* This Court has already concluded that COMPTEL has not presented any meritorious arguments under the Tunney Act. *United States v. SBC Commc'n, Inc.*, 2007 WL 1020746, at *24. Therefore, under *MSL*, COMPTEL's motion to intervene must be denied.

COMPTEL relies on *Thompson* to justify its motion, but that case was decided before *MSL*, and thus is overruled to the extent inconsistent with *MSL*. The D.C. Circuit's 2004 *Microsoft* decision, however, provides somewhat more fertile ground for COMPTEL's position. In that case, the district court had found the consent decrees in the public interest under the Tunney Act, and thus denied the would-be intervenors' motions for intervention. *Microsoft*, 373 F.3d at 1235. The D.C. Circuit reversed this decision, and allowed the two associations to intervene for purposes of appeal. *Id.* at 1236. The court concluded that there was no risk of delay or prejudice due to the

appeal because the associations had participated as amici in the Tunney Act hearing and the district court had already confronted the associations' arguments in rendering its public interest decision. *Id.*

COMPTEL would appear to present a similar situation, but the *Microsoft* decision was based on "unusual procedural and substantive circumstances" in the case. *Id.* In particular, there was a separate consent decree apart from Microsoft's decree with the federal government, and this separate decree imposed the same requirements on Microsoft as the government's decree. *Id.* Therefore, Microsoft would have remained bound by the same restrictions even if the government's decree was overturned on appeal under the Tunney Act. It appears that for this reason the court did not evaluate the merits of the appeal as it did in *MSL*. In this case, there is no other consent decree covering the merged parties. Therefore, this Court follows *MSL*'s "peek at the merits" approach, and denies COMPTEL's motion.[4]

---

[4] Although this leaves no party opposed to the final judgments to directly appeal the Court's Tunney Act decision, it appears that some review of the merits is still available in the D.C. Circuit. *See MSL*, 118 F.3d at 785 (Wald, J., concurring) (explaining the majority's unusual standard for evaluating Tunney Act interventions as allowing the Circuit to "reserve the discretion to review and correct a district court's 'public interest' determination when the record indicates that the determination is contrary to the dictates of the Tunney Act and a non-party well-situated to demonstrate that this is so seeks to subject that determination to appellate review").

**CONCLUSION**

For the foregoing reasons, both motions to intervene for purposes of appeal are **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
**United States District Judge**
**June 26, 2007**