IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SBC Communications, Inc. and<br>AT&T Corp.,<br><br>　　　　　　Defendants. | Civil Action No.:  1:05CV02102 (EGS) |
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Verizon Communications Inc. and<br>MCI, Inc.,<br><br>　　　　　　Defendants. | Civil Action No.:  1:05CV02103 (EGS) |

**UNITED STATES' OPPOSITION TO MOTION BY AMICI CURIAE
MICHAEL LOVERN, SR. FOR LEAVE TO INTERVENE
FOR PURPOSES OF FILING A RULE 60(B) MOTION**

　　The United States opposes the motion of Michael Lovern, Sr., et al. ("Lovern") to intervene for the purposes of filing a Rule 60(b) motion.  Lovern continues to raise concerns well beyond the scope of these proceedings.  This is a Tunney Act proceeding in which "[t]he only question facing this Court ... is whether the divestitures agreed upon by the merging parties and the Department of Justice are 'in the public interest,'"[1] as determined by examining the

---

[1] *United States v. SBC Communications, Inc.*, 489 F. Supp. 2d 1, 3 (D.D.C. 2007).

relationship between the complaints' claims and the proposed decrees. Lovern's new claims are unrelated to the claims and the remedies, therefore he does not meet the Rule 24 standard for intervention. In addition, the Rule 60(b) motion Lovern seeks leave to file presents no reasonable argument for vacating this Court's judgments. Accordingly, the Court should deny his motion to intervene.

**Argument**

I.  **Lovern Is Not Entitled to Permissive Intervention**[2]

A court may, at its discretion, grant permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."[3] Lovern has presented no argument that he has a claim or defense in common with the main action here. Lovern's newly raised claim relates not to the final judgments in these proceedings, nor even to the mergers themselves, but only to an alleged lawsuit he plans to file regarding a "conspiracy" involving Mastercard and Visa.[4] As this Court has recognized before, Lovern seeks to raise issues outside the scope of these proceedings, and thus he does not satisfy the requirements of

---

[2] Lovern apparently seeks to intervene under Rule 24(b)(2). Mem. of Points and Authorities in Support of Motion by Amici Curiae Michael Lovern Sr. for Leave to Intervene for Purposes of Filing a Rule 60(b) Motion at 18 ("Lovern Mem."). He has presented no argument that he is entitled to intervene as of right under Rule 24(a), and the United States has argued elsewhere why intervention as of right is unavailable to Lovern in these proceedings. United States' Opp. to Mot. of Amici Curiae Michael Lovern, Sr. et al, for Leave to Intervene for Purposes of Appeal at 2-3 (May 8, 2007).

[3] Fed R. Civ. P. 24(b). Lovern does not contend any statute creates a relevant "conditional right to intervene." *Cf.* Fed. R. Civ. P. 24(b)(1).

[4] The sole basis stated by Lovern for why the mergers will impact his potential lawsuits is the effect of the remedy he will seek on shareholders of "new AT&T" and the public. Lovern Mem. at 4. His future lawsuits are totally unrelated to the violations alleged in the complaints, which concerned the impact of the mergers on local private line services in hundreds of buildings in a number of metropolitan areas or to the divestiture remedies in the final judgments.

Rule 24(b).[5]

## II. Lovern's Motion Does Not Meet the Requirements of Rule 60(b)

Should the Court determine that Lovern has met the requirements of Rule 24, it nonetheless should deny his motion because the Rule 60(b) motion he seeks to file is deficient. His motion seeks to set aside the final judgments in these proceedings, although it is unclear whether he seeks to unwind the merger between SBC and AT&T or modify the judgments to impose new conditions. Although Lovern claims to file the motion "using the standards of Rule 60(b)(2)(3)(5) & (6),"[6] he meets none of those standards.

In order to prevail under Rule 60(b)(2), Lovern would need to present "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed R. Civ. P. 60(b)(2). In this case, Lovern claims that the "evidence" he seeks to present

> **did not ripen until the court's order in this case became final May 29, 2007,** because the massive Antitrust, RICO, 'joint & several' liability [Trillions of Dollars] owned by the old AT&T - connected to MasterCard (MC) & Visa [the old AT&T use to own a bank that issued MC & Visa for 7 years], **unknown by the court,** did not officially transfer to SBC Communications, Inc.(hereinafter referred to as the 'New AT&T') until this Court's Order became final.

Lovern Mem. at 2 (emphasis in original).

This is not a basis for granting a Rule 60(b) motion. First, as discussed above, the Court's entry of judgments in these proceedings has no bearing on any alleged claims arising from the issuance of MasterCard and Visa credit cards by a bank that AT&T allegedly owned

---

[5] *United States v. SBC Communications, Inc.*, 2007-1 Trade Cas. ¶ 75,772 at 2 n.3 (D.D.C. June 26, 2007).

[6] Lovern Mem. at 2.

prior to the consummation of its merger with SBC.  Second, Lovern presents no basis upon which to conclude that the evidence he seeks to introduce was not available to him long before the Court entered the final judgments in these proceedings.  Rather, Lovern seems to admit that the evidence he seeks to present is not "newly discovered" at all, as he claims that he has led a "nine year global investigation" into AT&T's alleged misconduct[7] and that his "attempt to mitigate is well documented and starts in 2003."[8]  Accordingly, Lovern has not met the standards of Rule 60(b)(2).

Lovern also claims that AT&T and SBC engaged in misrepresentation and misconduct such that he should be allowed to vacate the final judgments under Rule 60(b)(3).  He does not specify the nature of the misrepresentations; however, it appears that he believes AT&T and SBC had some duty to disclose information related to the "MC / VISA antitrust, conspiracy, racketeering investigation."[9]  However, as this Court repeatedly recognized, the only issue in these proceedings was whether entry of the final judgments was in the public interest.  The alleged failure of AT&T and SBC to introduce evidence regarding matters wholly unrelated to these proceedings cannot form the basis for fraud or misrepresentation as contemplated by Rule 60(b)(3).

Lovern's only argument regarding the application of Rule 60(b)(5) to this case is that "it simply speaks for itself."[10]  Lovern has offered no coherent argument as to why Rule 60(b)(5) is

---

[7] Lovern Mem at 3.

[8] *Id.* at 13.

[9] *Id.* at 3.

[10] *Id.*

applicable here.[11]

Finally, Lovern argues as to Rule 60(b)(6) that "this court has enormous flexibility to determine if this new evidence requires a review of the approved merger, which at the time had a whole different meaning than now."[12] But the Supreme Court has "required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the re-opening of a final judgment."[13] No such extraordinary circumstances exist here. First, as demonstrated above, Lovern has presented no "new evidence." Second, as this Court has recognized, the mergers themselves are not at issue in these proceedings.[14] It would be wholly inappropriate for the Court to re-open these proceedings to review aspects of the mergers that are unrelated to the allegations contained in the complaints or the remedies required by the final judgments.

---

[11] Rule 60(b)(5) provides that the Court may relieve a party from judgment if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). It is unclear from Lovern's motion which, if any, of these circumstances he believes to be applicable here.

[12] *Id.* at 3-4.

[13] *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States,* 340 U.S. 193, 199 (1950)); *see also Laster v. District of Columbia,* 439 F. Supp. 2d 93, 98 (2006) ("Using this final catchall reason sparingly, courts apply [Rule 60(b)(6)] only in 'extraordinary circumstances.'") (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 393 (1993)).

[14] *United States v. SBC Communications, Inc.*, 489 F. Supp. 2d 1, 3 (D.D.C. 2007) ("This Court, however, is not tasked with deciding whether these mergers as a whole run afoul of the antitrust laws, nor whether they are altogether in the public interest, nor whether they should be approved by other branches of the federal government.").

**Conclusion**

Because Lovern's claims are not related to the issues of law and fact in these Tunney Act proceedings, he does not meet Rule 24's standards for intervention. Furthermore, because his proposed Rule 60(b) motion does not meet any of the standards set forth in Rule 60(b), he is not entitled to relief from the final judgments. Accordingly, the Court should deny Lovern's motion to intervene for purposes of filing a Rule 60(b) motion.

Respectfully submitted,

_____/s/_____
Claude F. Scott, Jr. (D.C. Bar No. 414906)
Jared A. Hughes

Trial Attorneys

Telecommunications and Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530
(202) 514-5621
Attorneys for the United States

Dated: March 25, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that on the 25th day of March, 2008, I caused a copy of the foregoing United States' Opposition to Motion by Amici Curiae Michael Lovern, Sr., for Leave to Intervene for Purposes of Filing a Rule 60(b) Motion, along with a proposed Order, to be mailed, by U.S. mail, postage prepaid, to the movant listed below:

Michael Lovern, Sr.
163 Mitchells Chance Rd., #121
Edgewater, Maryland 21037

                                          /s/
                                     Jared A. Hughes
                                     Attorney, Telecom & Media
                                     Antitrust Division
                                     U.S. Department of Justice
                                     City Center Building
                                     1401 H Street, N.W., Suite 8000
                                     Washington, D.C. 20530