IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 3 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:05CV02102 (EGS) |
| SBC Communications, Inc. and AT&T Corp., | ) | **MICHAEL LOVERN, SR.** **(AMICUS CURIAE),** **MOTION FOR LEAVE TO INTERVENE FOR PURPOSES of Rule 60(b) Motion** |
| Defendants. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 1:05CV02103 (EGS) |
| Verizon Communications Inc. and MCI, Inc., | ) | |
| Defendants. | ) | |

### RESPONSE BY AMICI CURAIE, MICHAEL LOVERN, SR., TO THE UNITED STATES GOVERNMENT'S MOTION IN OPPOSITION TO'S MOTION FOR LEAVE TO INTERVENE FOR PURPOSES TO FILE A RULE 60(b) MOTION

Michael Lovern, Sr. (Lovern) respectfully, and timely, files this Response to the U.S. Government's Motion in Opposition to **Motion By Amici Curiae, Michael Lovern, Sr. For Leave to Intervene For Purposes of Filing a Rule 60(b) Motion.**

The Government (DOJ) states in their motion *that "[t]he only question facing this Court...is whether the divestures agreed upon by the merging parties and the Department of Justice are 'in the public interest.'"* This is not a totally accurate statement, and, DOJ's statement that Lovern *"does not meet the Rule 24 Standard"* is simply not true. DOJ and AT&T do not get to decide what is in the Public's best interest, the court does.

Based on a <u>change in circumstances,</u> [1] which did not ripen until after the Court's Order in this case became final, the size of the new AT&T today in conjunction with the new liability they are facing is not in the "public's best interest," as the new AT&T provides dial tone service to about 60% of the U.S. Market. Lovern filed this Motion as a "Friend of the Court," not because the merger negatively affects him.

This Court has explained that as a prerequisite to intervention in a Tunney Act case, the movant "must first establish that participation by the intervenor would <u>aid the court</u> in making its public interest determination." United States v. LTV Corp., 746 F.2d 51, 54 (D.C. Cir. 1984). [Lovern Mem. At 18]. Lovern is the foremost expert on the "interchange fee" (IF) in the entire credit card industry [Lovern lead a 16 year investigation], and, he is the only person in the world who can prove the IF conspiracy, something DOJ attempted, but failed to do for lack of evidence. No U.S. Court has ever adjudicated the claims or liability explained in Lovern's Motion.

---

[1] Memorandum of Points and Authorities in Support of Motion by Amici Curiae Michael Lovern, Sr. for Leave to Intervene for Purposes of Filing a Rule 60(b) Motion at 18 ("Lovern Mem.").

DOJ 's disingenuous statement on page 2 – sub 4 of their Motion in Opposition,

**"The sole basis stated by Lovern for why the mergers will impact his potential lawsuits is the effect of the remedy he will seek on shareholders of 'new AT&T' and the public. Lovern Mem. at 4.'"**

If you will simply read Lovern Mem., page 4, you will see that DOJ's quoted statement is pure fabrication. The Old AT&T / SBC Communications, Inc. (SBC Communications, Inc. hereinafter referred to as "SBC") merger is not going to negatively impact the lawsuits against AT&T, Mastercard, Visa et al, associated with the IF (Upcoming IF lawsuits hereinafter referred to as "MC / Visa Conspiracy"), it's going to negatively impact the **Public**. The parties at risk as a result of the Old AT&T / SBC merger is the public-at-large, and not just New AT&T Customers but all U.S. Consumers. The Merger unequivocally helps the MC / Visa Conspiracy Plaintiffs as it makes available deeper pockets for victims to recover from. DOJ attempted to make this pending Motion all about Lovern, when in fact it's all about the "Public's Interest." Considering the "joint & several" liability in the MC / Visa Conspiracy far exceeds the assets of the total sum of all defendants, the merger makes available more assets for recovery, hence, the merger helps the upcoming lawsuits.

The next misrepresentation DOJ makes to the Court pertains to their incredible statement that Lovern should have introduced the new evidence before the court now, prior to this Motion. [DOJ Motion in Opposition ("DOJ MIO") pages 3 & 4].

**1. The evidence presented in this Motion was not even evidence until this Court's Order became final May 29, 2007, therefore it is "New Evidence," in this merger proceeding.**

**2. <u>Lovern was never a Party</u>** to the original case as he attempted to intervene on personal legal issues entirely different in substance and the Court <u>denied</u> his request to intervene. How can a non-party introduce non existent evidence in the original proceeding? This is quite a stretch for DOJ, and it's also a sign of desperation as they have full knowledge of the illegal conduct associated with the IF and how Victims have been defrauded. They took a formal position, post judgment in this case, that they had no knowledge of the liability facing the New AT&T, <u>HOWEVER</u>, they know full well that the allegations about the IF liability are true, which is why they don't even suggest it's not real. Their statement on page 3, DOJ MIO, last paragraph, that AT&T <u>allegedly</u> owned a bank that issued MasterCard & Visa is absurd. It's an undeniable matter of record AT&T owned a bank that issued the credit cards for seven years, and, when J. Michael Armstrong became CEO of AT&T he sold it to Citibank, which is how Armstrong ended up a Director and Chairman of Citigroup's Audit Committee. AT&T still receives *"fruit from the poison tree"* today directly associated with AT&T Universal MC / Visa Cards, and in violation of numerous laws as outlined in the pending Motion. Citigroup is one the main co-conspirators in the MC / Visa Conspiracy. The statute of limitations has not even begun to run.

DOJ's representations on page 4 [DOJ MIO} that Lovern's position that AT&T and SBC engaged in misrepresentation and misconduct, and said conduct should be ignored in his attempt to vacate the merger because he [Lovern] *"...does not specify the nature of the misrepresentations,"* is once again disingenuous. Lovern told this Court [Lovern Mem. pg. 19] that AT&T and SBC failed to disclose the MC / Visa Conspiracy liability in question as required by 17 CFR 229.303, as defined by the U.S. Supreme Court. AT&T and SBC both had legal obligations to disclose the alleged liability in SEC filings as it is well known to Management at both Companies. Unlike 103, 303 <u>does not</u> require any lawsuit to have been filed, only knowledge of the allegations by Management, an undisputed issue in this case.

Under 303, Management "is required to disclose any trends, demands, commitments, events or <u>uncertainties</u>, known to management" [SEC]. It is impossible for

(4)

AT&T and SBC Management to say <u>with certainty</u> that the MC / Visa Conspiracy liability will not effect the financial condition of the respective companies.

Information is material if *"...a reasonable investor might have considered it important in the making of [investment] decision."* <u>Affiliated Ute Citizens of Utah v. United States</u>, 406 U.S. 128, 153-54; Cook v. Avien 573 F. 2d 685, 693. In the case of <u>Roeder v. Alpha Industries. Inc.</u> 814 F. 2d 22, 25, the court said;

> **"...we conclude that reasonable investors might have considered defendants' alleged illegal conduct to be important information they would want to have before they made investment decisions."**
>
> **"Investors may prefer to steer away from an enterprise that circumvents fair competitive bidding and opens itself to accusations of misconduct. Furthermore, regardless of financial motives, investors may not want to associate themselves with such an enterprise."**
>
> **"The securities laws do not operate under the assumption that material information need not be disclosed if management has reason to suppress it. Investors may want to know about illegal activity for the same reason management will be reluctant to reveal it: it threatens to damage the corporation severely. Excepting from the disclosure rules information management has reason to hide would eviscerate the protection for investors embodied in the securities laws."** *Roeder Id.*

Most important court quote, *"Information is material if a reasonable investor might have considered [it] important in the making of [the investment] decision."* **Roeder citing — Affiliated Ute Citizens of Utah, supra. [Supreme Court].**

AT&T and SBC Management had a legal obligation to disclose the alleged liability in their SEC filings as it was fully known to them, admitted by DOJ the Companies knew, however, this Court had no knowledge as both AT&T and SBC elected to <u>hide it</u> from this Court, the SEC and the General Public. It was not Lovern's

(5)

responsibility to inform this Court, it was AT&T and SBC's responsibility to disclose, either directly, or part and parcel to their SEC filings, which could have been used by DOJ in their representation of the Public, and the Public's Best Interest.

Another misstatement by DOJ is their contention that Lovern fails to present any substantive argument as to how Rule 60(b)(5) is applicable here. They must not have read Lovern's Mem. pg.'s 16 & 17.

Lovern Mem. at page 16:

> "The relevant standard for modifying decrees was articulated by the United States Supreme Court in *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992), and subsequently applied by the D.C. Circuit in *Pigford v. Veneman*, 292 F.3d 918, 925 (D.C. Cir. 2002). This Court described the relevant multi-factor standard during the Tunney Act proceeding as follows:
>
>> [A] district court may modify a decree pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. . . . As the D.C. Circuit recounted the present state of the law, 'a significant change in circumstances [may] warrant[] revision of [a] decree,' . . . though any such revision must be "suitably tailored to the changed circumstance[s] . . . .
>
> *New York v. Microsoft Corp.*, 231 F. Supp. 2d 203, 257-58 (D.D.C. 2002) (citing *Rufo* and *Pigford*) (citations omitted; alterations in original)."

If DOJ thinks the New AT&T [created by DOJ and this Court], which controls about 60% of the dial tone market in the U.S., is in the best interest of the public considering the New AT&T can be easily put into bankruptcy via the MC / Visa Conspiracy joint & several liability, that is ludicrous, although it does set up the **"right of action"** by damaged SBC and Bellsouth Shareholders / Customers to file lawsuits against DOJ lawyers / employees under 42 U.S.C., § 1986, in conjunction with 1985(3).

(6)

The DOJ MIO is clearly an overt act in furtherance of a conspiracy, a conspiracy that a federal judge has already stated in a published opinion, <u>exists</u>. Once again, more pockets / assets to recover from. DOJ clearly has the ability to "aid" current and upcoming victims in the "prevention" of the "deprivation" of federally protected rights associated with the IF controversy. The DOJ MIO in this case, and this Response, act as formal evidence and notice to all DOJ employees connected to this travesty of justice in conjunction with 42 U.S.C. - 1986.

In closing, DOJ's statement [DOJ MIO pg. 5] that Rule 60(b)(6) is not in play as no "extraordinary circumstances" exist to re-open this case is simply not true. If **$75-115 Trillion** in undisputed joint & several liability that will bankrupt the New AT&T is not "extraordinary," then nothing is extraordinary. I doubt the higher courts will agree that it is not extraordinary, and, should we get there, the MC / Visa Conspiracy litigation will be in full swing in the lower courts.

The Motion filed by Lovern is not about him, it's about the public and their best interest. Allowing this merger to remain in tact helps the MC / Visa Conspiracy Plaintiffs [Lovern included], but it severely damages the "Public-at Large," and most all Consumers, those who get their dial tone service from the New AT&T, or, those trying to terminate calls to a New AT&T Customer.

If this Court wants to assist what is an undisputed travesty of justice, so be it. The record will speak for itself, the damages will be eventually adjudicated, and the telecommunications industry will never be the same. It is not the responsibility of a

(7)

"Friend of the Court" to protect Society from injustice. That responsibility belongs to the Government and the Courts. Knowing, qualified U.S. Citizens can only offer to help prevent injustice. Regardless of this Courts decision in this matter, it won't be the end of this controversy as once again Congress failed to address the non-disclosure of the IF in its recent legislation released this month, and mammoth litigation is imminent. The New AT&T is on the defendant list along with Verizon [Verizon Visa Card] and the Government, nor Defendants, can stop the litigation. Lovern has fulfilled his duty to inform this court of important **new evidence** and **extraordinary circumstances**. The burden and responsibility to protect the public now lies with the Court.

## CONCLUSION

For all the reasons stated above, DOJ's Motion in Opposition and request for Lovern's Motion to Intervene under Rule 60(b), and to re-open / vacate the Court's Final Order in the merger of SBC Communications, Inc. and the Old AT&T, should be denied; and, Lovern's Motion to Intervene should be granted and the court should set hearings to argue the matters before the court.

Respectfully submitted,

Michael Lovern, Sr.
163 Mitchells Chance Rd., #121,
Edgewater, MD 21037
(443)-995-0001
mlsatt@myway.com

(8)

# CERTIFICATE OF SERVICE

I hereby certify that, on this 31st day of March, 2008, copies of the foregoing **RESPONSE BY AMICI CURAIE TO THE UNITED STATES GOVERNMENT'S MOTION IN OPPOSITION TO MICHAEL LOVERN, SR.'S MOTION FOR LEAVE TO INTERVENE FOR PURPOSES TO FILE A RULE 60(b) MOTION,** was sent by U.S. Mail, or e-mail, to counsel of record as follows:

Charles F. Scott (D.C. Bar No. 414906)
Matthew C. Hammond, Jared A. Hughes
Trial Attorneys
Telecom & Media Section
Antitrust Division
U.S. Department of Justice
1401 H Street, N.W., Suite 8000
Washington, D.C. 20530 - (202) 514-5621

Attorneys for the United States


FOR DEFENDANTS - SBC COMMUNICATIONS, INC. & AT&T

Michael Payne
175 E. Houston
San Antonio, Texas 78205-2233
210-351-3500

FOR DEFENDANT VERIZON COMMUNICATIONS, INC. / MCI

John Thorne
Verizon Communications Inc.
1515 North Courthouse Road
Arlington, Virginia 22201

Michael Lovern, Sr.
163 Mitchells Chance Rd., #121,
Edgewater, MD 21037
(443)-995-0001
mlsatt@myway.com

March 31, 2008

(9)